Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
147 West 35th Street
Suite 1008
New York, NY 10001
Tel: 201-873-7675
Attorney for Plaintiff, Jerry K. Wong,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------------------------------X
JERRY K. WONG,
on behalf of himself and all others similarly
situated

                Plaintiffs,

    v.

PHELAN, HALLINAN & DIAMOND, PC;
and GREEN TREE SERVICING, LLC

                Defendants.
--------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Plaintiff, by and through his counsel, The Law Offices of Gus Michael Farinella, PC, as and for his complaint against the Defendants, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated alleges as follows:

**INTRODUCTION**

1. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendants Phelan, Hallinan & Diamond, PC ("PHELAN" or "Defendant") and Green Tree Servicing, LLC ("GREEN TREE") in connection with their attempts to collect alleged debts from the Plaintiff and others.

1

2. Plaintiff alleges that Phelan, Hallinan & Diamond, PC and Green Tree Servicing, LLC's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f, 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

5. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." <u>Graziano v. Harrison</u>, 950 F.2d 107, 111, fn5 (3d Cir. 1991)

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k.

7. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District;
    b. Defendants do business within this District

## PARTIES

8. Plaintiff, Jerry K. Wong, is an individual natural person who resides in the City of Clifton, County of Passaic, State of New Jersey.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

10. Defendant PHELAN at all times relevant hereto, is and was a professional corporation regularly engaged in the business of collecting debts within this state with its principal place of business is located at 400 Fellowship Road Mt. Laurel, NJ 08054.

11. The principal purpose of PHELAN is the collection of debts using the mail and telephone.

12. PHELAN regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, including residential mortgage debts.

13. PHELAN is engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes for mortgage servicers and other entities.

14. PHELAN is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. Defendant, GREEN TREE, at all times relevant hereto is and was a limited liability company, with its principal business offices located at 345 St. Peter Street St. Paul, MN 55102.

16. GREEN TREE regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default.

17. GREEN TREE is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

18. GREEN TREE is vicariously liable for PHELAN's conduct. Debt collectors employing attorneys or other agents to carry out debt collection practices that violated the FDCPA are vicariously liable for their agents conduct. See Pollice v. Nat'l Tax Funding, LP 225 F.3d, 379, 405 (3rd Cir. 2000) ("We believe this is a fair result because an entity that is itself a "debt collector" - and hence subject to the FDCPA - should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.)

## FACTS

19. On or about April 2007, the Plaintiff allegedly incurred a debt (the "Debt" or "Mortgage Loan").

20. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal mortgage loan on the Plaintiff's personal residence.

21. The Mortgage Loan is a "debt" as defined by 15 U.S.C. §1692a(5).

22. The Mortgage Loan went into default in November 2012 by virtue of the Plaintiff failing to tender the required monthly payment. (Annexed and attached hereto as "**Exhibit A"** is a monthly billing statement from Bank of America dated November 29, 2012 and received by the Plaintiff which states in bold letters, "Our records indicate that your loan is in default")

23. Bank of America transferred servicing rights on the Mortgage Loan to GREEN TREE on April 1, 2013. (Annexed and attached hereto as "**Exhibit B"** is a letter dated March 9, 2013 from Bank of America stating that Bank of America was transferring servicing rights on the mortgage loan to GREEN TREE effective April 1, 2013)

24. GREEN TREE formally took over servicing of the Mortgage Loan on April 1, 2013, while the Mortgage Loan was in default, for the purpose of facilitating collection of such debt for another entity.

25. Pursuant to 15 U.S.C. §1692(a)(4), the definition of "creditor" is:

The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

26. Pursuant to 15 U.S.C. §1692(a)(4) a mortgage servicer or trustee who receives an assignment of debt while the debt is in default for the purposes of collection for another is not, as a matter of law, a creditor under the FDCPA.

27. At all times relevant to this Complaint, GREEN TREE <u>was not</u> a "creditor" as defined by the FDCPA as it pertains to its relationship with the Plaintiff because GREEN TREE began servicing the Mortgage Loan after the Debt was already in default.

28. At all times relevant to this Complaint, GREEN TREE was a "debt collector" as defined by the FDCPA as it pertains to its relationship with the Plaintiff because GREEN TREE began servicing the Mortgage Loan after the Debt was already in default.

29. Debt collectors and creditors are mutually exclusive with respect to the collection of a particular debt.

30. Shortly after November 27, 2013, Plaintiff received in the mail the document attached as **Exhibit C** from the Defendant.

31. **Exhibit C** is a standard form document.

32. Documents in the form represented by **Exhibit C** are regularly sent by the Defendant to collect delinquent mortgage debts.

33. **Exhibit C** seeks to collect the Mortgage Loan. **Exhibit C** demands payment, was sent by a debt collector to a debtor, and the purpose and context of the letter attached as **Exhibit C** was to induce payment.

34. The letter attached as **Exhibit C** is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

35. **Exhibit C** was the initial collection "communication" with the consumer as "communication" is defined by the FDCPA.

36. **Exhibit C** states that "Your creditor is GREEN TREE SERVICING, LLC."

37. Green Tree Servicing, LLC is not the creditor to whom the debt is owed. Green Tree Servicing, LLC is only the servicing agent and a debt collector. A servicing agent is not the "creditor to whom the debt is owed".

38. Upon information and belief, with respect to the Mortgage Loan, the "creditor to whom the debt is owed" is Federal National Mortgage Association, commonly known as Fannie Mae ("FNMA" or "Fannie Mae").

39. The identification of the "creditor to whom the debt is owed" is readily available to PHELAN and GREEN TREE.

40. **Exhibit C** was sent by PHELAN at the direction and request of GREEN TREE.

41. Because the Defendant's dunning notice, attached as **Exhibit C** stated that Green Tree Servicing, LLC was the creditor to which Plaintiff's debt is owed, Defendant used a false, deceptive or misleading representation or means in connection with the collection of a debt.

42. In addition to falsely representing that Green Tree Servicing, LLC was the creditor in the letter attached as **Exhibit C**, the letter did not contain the name of the creditor to whom the debt at issue in the letter was owed.

43. Indeed, in neither the initial communication with the Plaintiff concerning the debt at issue attached as **Exhibit C,** nor in any written communication with the Plaintiff that was sent by the Defendant to the Plaintiff within five days of the initial communication with the Plaintiff was information provided by the Defendant to the Plaintiff that contained the name of the creditor to whom the debt at issue was owed.

## CLAIM FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692, et seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. In sending the letter attached as **Exhibit C,** PHELAN and GREEN TREE violated 15 U.S.C. §§1692, 1692e, and §1692g(a)(2).

46. Section 15 U.S.C. §1692e provides:

   **1692e False or misleading representations**

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. PHELAN and GREEN TREE violated §1692e of the FDCPA because the letter attached as **Exhibit C**, as well as letters sent to the putative class members, falsely stated that Green Tree Loan Servicing, LLC was the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed when, in fact, Green Tree Servicing, LLC was not the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed. As such the Defendants used a false, deceptive or misleading representation or means in the collection of a debt in violation of the FDCPA.  see Bourff v. Rubin Lublin, LLC, 674 F.3d 1238 (11th Cir. 2012).

48. Section 15 USC **§**1692g provides**:**

   **§1692g.         Validation of debts**

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (2) the name of the creditor to whom the debt is owed;

49. PHELAN and GREEN TREE violated §1692g(a)(2) of the FDCPA because the letter attached as **Exhibit C**, as well as letters sent to the putative class members, does not name the creditor to whom the Plaintiff's debt and the debts of the putative class members was owed. The current "creditor to whom the debt is owed" is not Green Tree Servicing, LLC as stated in **Exhibit C.** Green Tree does not meet the definition of "creditor" in 15 U.S.C. §1692(a(4) of the FDCPA. Green Tree Servicing, LLC is only the servicing agent and a debt collector. A servicing agent is not the "creditor to whom the debt is owed." Disclosure of a servicing agent or another debt collector instead of the owner of the debt is not sufficient to satisfy the legal requirement of 15 U.S.C. §1692g(a)(2). As such the Defendants violated 15 U.S.C. §1692g(a)(2).

50. In neither the Defendant's initial communication letter that was sent to the Plaintiff attached as **Exhibit C**, nor in any written communication sent within five days after the Defendant's initial communication to the Plaintiff was information provided by the Defendant to the Plaintiff that contained the name of the true creditor to whom the debt at issue was owed. Similarly, neither the Defendant's initial communication letter that was sent to the putative class members nor in any written communication sent within five days after the Defendant's initial communication with the putative class members was information provided by the Defendant to the putative class members that contained the true name of the creditor to whom the debt at issue was owed.

51. PHELAN and GREEN TREE are liable to the Plaintiff pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

52. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

53. The class consists (a) of all natural persons with a New Jersey address (b) who were sent a document from Phelan, Hallinan & Diamond, PC in the form represented by **Exhibit C** (c) which listed Green Tree Servicing, LLC as the current creditor when it was not the current creditor (d) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

54. Upon information and belief the identities of all class members are readily ascertainable from the records of PHELAN and GREEN TREE.

55. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of PHELAN and GREEN TREE and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

56. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether **Exhibit C** violates the FDCPA.

57. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

58. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer litigation matters and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

59. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23(b)(3) of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity**: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical. On information and belief, there are at least 40 members of the class.

    (b) **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the letter attached as **Exhibit C** violates the FDCPA, specifically 15 U.S.C. **§**1692e and 15 U.S.C. §1692g(a)(2).

    (c) **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer litigation. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e) **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

60. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. A class action is superior for the fair and efficient adjudication of this matter, in that:
    a. Individual actions are not economically feasible;
    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

2. An award of statutory damages for Jerry K. Wong and the Plaintiff Class pursuant to 15 U.S.C. §1692k;

3. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

4. Such other and further relief as the Court deems proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: New York, New York
       May 21, 2014

                                  **The Law Offices of Gus Michael Farinella, PC**

                                  /s/ Ryan Gentile
                              By:_____
                              Ryan Gentile (RG0835)
                              Attorney for Plaintiff
                              147 West 35th Street
                              Suite 1008
                              New York, NY 10001
                              Tel: (201) 873-7675
                              Fax: (212) 675-4367
                              rlg@lawgmf.com