# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JERRY K. WONG, on behalf of himself and
all others similarly situated,

          Plaintiff,

    v.

PHELAN HALLINAN & DIAMOND, PC,
and GREEN TREE SERVING, LLC,

          Defendants.

Case No. 2:14-cv-03252-ES-JAD

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
## PHELAN HALLINAN & DIAMOND, PC TO DISMISS COMPLAINT WITH
## PREJUDICE PURSUANT TO FRCP 12(b)(6)

---

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ....................................................................................... 1

I.     FACTS ............................................................................................................... 2

II.    LEGAL REASONING AND ARGUMENTS.................................................... 4

       A.    As a Matter of Law, the Complaint Fails to State a Cognizable Claim under the FDCPA and Must be Dismissed with Prejudice. .................................... 4

           1.    Standard of Review. ........................................................................ 4

           2.    Plaintiff Lacks Standing to Sue under the FDCPA.......................... 5

           3.    The Complaint Fails to State A Claim for Relief Under FDCPA §§ 1692e and 1692g(a)(2). .......................................................... 6

                a.    This Court Has Rejected Plaintiff's Unthinking Literal Interpretation of the FDCPA as Requiring the Meaningless Naming of a Creditor with whom Plaintiff Never Dealt, instead of Naming the Current Creditor/Loan Servicer Who Was Authorized to Collect the Debt and Who was Plaintiff's Contact. ........................................................ 7

                b.    The Validation Letter Materially, if Not Fully, Satisfies the Requirements of the FDCPA. ........................................ 9

           4.    The Complaint is Frivolous and Embodies the Pernicious Practices of Attorneys Who Seek Financial Gain for Themselves under the Guise of Protecting Consumers. ............................................. 12

           5.    Because Plaintiff's Complaint Must Be Dismissed, the Class Allegations Fail. ....................................................................... 14

III.   CONCLUSION............................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Allen v. LaSalle Bank, N.A., et al.,
  No. 08-2240, 2012 WL 1898612 (D.N.J. May 23, 2012)........................................13

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)........................................................................................4

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007)........................................................................................4

Bentley v. Great Lakes Collection Bureau,
  6 F.3d. 60 (2d Cir. 1993)..................................................................................9

Brown v. Card Service Center,
  464 F.3d 450 (3d. Cir. 2006)........................................................................9, 10

Chaudhry v. Gallerizzo,
  174 F.3d 394 (4th Cir. 1999)..............................................................................6

DeVito v. Zucker, Goldberg & Ackerman, LLC,
  908 F. Supp. 2d 564 (D.N.J. 2012) .....................................................................8

Donatelli v. Warmbrodt,
  2011 U.S. Dist. LEXIS 69207 (W.D.Pa.) ..............................................................6

Donohue v. Quick Collect, Inc.,
  592 F.3d 1027 (9th Cir. 2010) .........................................................................10

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009)..............................................................................5

Gabriele v. American Home Mortg. Servicing, Inc.,
  503 F. App'x 89 (2d Cir. 2012) .........................................................................9

Giles v. Phelan, Hallinan & Schmieg, LLP,
  2013 WL 2444036 (D.N.J. June 4, 2013) .............................................................14

Green v. Green Mountain Coffee Roasters, Inc.,
  279 F.R.D. 275 (D.N.J. 2011)..........................................................................14

Hahn v. Triumph P'ships LLC,
  557 F.3d 755 (7th Cir. 2009) (Easterbrook, C.J.) .................................................10

ii

Jacobson v. Healthcare Fin. Services., Inc.,
    434 F. Supp. 133 (E.D.N.Y. 2006) ........................................................................12

Jensen v. Pressler & Pressler, LLP,
    No. 13-01712, 2014 WL 1745042 (D.N.J. Apr. 29, 2014)......................................10

Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,
    559 U.S. 573 (2010) (Kennedy, J.) (dissenting) ....................................................12

Matter of Rhone-Poulenc Rorer Inc.,
    51 F.3d 1293 (7th Cir. 1995) ................................................................................13

Miller v. Javitch, Block & Rathbone,
    561 F.3d 588 (6th Cir. 2009) ..........................................................................10, 12

Miller v. Payco–General American Credits, Inc.,
    943 F.2d 482 (4th Cir. 1991) ..................................................................................6

Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
    259 F.3d 154 (3d Cir. 2001)..................................................................................13

Nicholls v. Portfolio Recovery Associates, LLC,
    No. 09-5714, 2010 WL 1257738 (D.N.J. Mar. 29, 2010) ......................................10

Rogozinski v. NCO Fin. Sys., Inc.,
    No. 11-2594, 2012 WL 5287896 (E.D. Pa. Oct. 25, 2012) ....................................10

Santiago v. Warminster Twp.,
    629 F.3d 121 (3d Cir. 2010)....................................................................................5

Warren v Sessoms & Rogers, P.A.,
    676 F.3d 365 (4th Cir. 2012) ..................................................................................9

Wilson v. Quadramed Corp.,
    225 F.3d 350 (3d Cir. 2000)....................................................................................6

STATE CASES

Bank of America v. Weintraub,
    No. A-5044-11TI (App. Div. July 14, 2014) ........................................................11

Bank of N.Y. v. Raftogianis,
    418 N.J. Super. 323 (Ch. Div. 2010) ......................................................................9

FEDERAL STATUTES

Fair Debt Collection Practices Act,
   15 U.S.C. § 1692 et seq.................................................................................................. passim

15 U.S.C. § 1692a(5) ...............................................................................................................3,5

FDCPA § 1692(e) ......................................................................................................................6

FDCPA § 1692g(a)(2)............................................................................................................6, 8

RULES

FRCP 8(a)(2).............................................................................................................................4

FRCP 12(b)(6) ....................................................................................................................2, 4, 5

## PRELIMINARY STATEMENT

This transparent attempt by plaintiff Jerry Wong ("Plaintiff") to portray himself as an aggrieved consumer under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA") must be rejected as contrary to the law of this Circuit and the holdings of this Court and others, as well as abusive of the intents and purposes of the FDCPA.  The Complaint asserts nothing more than a single claim based solely on the type of thoughtless technical interpretation of the FDCPA at which Courts look askance as being of no benefit to consumers or to the furtherance of the goals of the FDCPA.  Neither the Court nor the FDCPA should be allowed to become a vehicle for advancing the selfish interests of a recidivist plaintiff, masquerading as an injured consumer, and his opportunistic counsel.

The Complaint is based entirely upon an immaterial aspect of a FDCPA Validation Letter (Compl. Ex. C) sent to Plaintiff more than six years after he obtained a mortgage loan, and long after he defaulted on that loan and ceased residing at the subject mortgaged property (the "Property"). Plaintiff's claim is limited to an assertion that the Validation Letter named the current creditor and loan servicer, co-defendant Green Tree Servicing, LLC (""Green Tree") instead of naming the original loan investor/owner, the Federal National Mortgage Association ("FNMA").  The Complaint totally ignores the fact that the Validation Letter offered to provide Plaintiff with the name of the original creditor upon request.

Plaintiff does not – and cannot -- even attempt to take issue with the propriety of the Validation Letter in meeting the requirements of the FDCPA in every other respect. Nor does Plaintiff contend he was in any way harmed, misled or deceived by anything in the Validation Letter, including his immaterial naming issue.

The Complaint totally loses sight of the purpose of validation letters, which is to reduce the incidence of debt collectors contacting the wrong borrower or attempting to collect debts that have already been paid, by providing certain information that allows the consumer to verify that the communication concerns his or her unpaid debt.  Specifically, as the FDCPA intended, the Validation Letter effectively conveyed to Plaintiff the information that enabled him to identify his loan, i.e., the name of his current creditor and servicer, Green Tree, which is also the party he had dealt with and would have dealt with had Plaintiff disputed the debt. (See Compl. Ex. B). Although the Validation Letter afforded Plaintiff a clear opportunity to (a) identify the debt as his, (b) request the name of the original creditor if that was a concern, (c) dispute the debt if appropriate, and (d) assert his other FDCPA rights, he did not dispute the debt or seek the name of his original creditor.  Rather, using the same counsel who represents Plaintiff in similar lawsuits, he and his counsel are attempting to spin their straw man of a claim into a pile of gold for themselves through an opportunistic class action.

The Complaint is legally deficient, serves no legitimate purposes, advances none of the goals and purposes of the FDCPA, and is being pursued in bad faith, to burden Phelan Hallinan & Diamond, PC ("PHD") with needless litigation expenses and to place PHD under intense pressure to settle just to avoid even the small probability of class certification. The following reasoning demonstrates why the Complaint should be dismissed with prejudice under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.    FACTS

By way of background provided to facilitate the Court's understanding of this matter, PHD is a New Jersey professional corporation whose practice of law is limited to New Jersey state and federal courts.  PHD specializes in representing mortgage lenders, servicers (including

co-defendant Green Tree) and other clients in matters relating to defaults by borrowers like Plaintiff, including loss mitigation, foreclosure and bankruptcy.

Plaintiff obtained a mortgage loan (the "Mortgage") in 2007 (Compl. ¶19).  In 2012 Plaintiff was declared in default for failure to make monthly payments (Compl. ¶22).  The Property is in Woodbridge, New Jersey (Compl., Exhibits A, B, and C) and the Complaint does not assert when Plaintiff last used the Property for personal, household or family purposes, as required in order for his claim to fall within the ambit of  the FDCPA. See 15 U.S.C. §1692(a)(5).  Clearly any such qualifying use ceased before the filing of the Complaint, which states that Plaintiff resides elsewhere, in Clifton, New Jersey (Compl. ¶8). Rather than addressing that anomaly, the Complaint (¶ 20) instead regurgitates the FDCPA and attempting to embellish it with inexplicable factual assertions by alleging that the subject transaction is one "in which the money, property, insurance or services … are primarily for personal, family or household purposes, namely fees emanating from a personal mortgage loan the Plaintiff's personal residence."   Not only does the Complaint admit that the Property is not Plaintiff's residence, and not only is the use of "money, property, insurance or services" meaningless beyond demonstrating a parroting of the FDCPA, but there is no reference anywhere else in the Complaint to any "fees emanating from a personal mortgage loan" that would permit the conclusion that the FDCPA is applicable.

Green Tree began servicing the Mortgage on April 1, 2013. (Compl. ¶24).  Green Tree retained PHD as its counsel to institute foreclosure proceedings against Plaintiff based on his admitted defaults (Compl. ¶ 20, Validation Letter). Pursuant to the FDCPA, PHD sent the Validation Letter to Plaintiff on November 27, 2013 (Validation Letter). The Validation Letter states that PHD was attempting to collect a debt on behalf of Plaintiff's current creditor, Green

Tree, and shows Plaintiff's Green Tree name and account number in capital letters on the "re" line above the salutation.

The Validation Letter thus was effective to clearly and unmistakably enable Plaintiff to identify the debt as his own loan obligation and to take further action such as disputing the debt, if appropriate, or seeking the name of his original creditor. Id. The Complaint contains no averment that Plaintiff attempted to dispute the debt or sought to determine the name of the original Mortgage investor/owner (and in fact he did not). The sole gravamen of the Complaint, inadequately stated in formulaic terms, ignores the reality that the Validation Letter materially and substantially, if not completely, conforms to the FDCPA, and simply asserts a violation of the FDCPA because Green Tree is identified as the creditor (Compl. ¶36). Notably, the Complaint ignores the fact that the Validation Letter allows him to stop PHD's collection efforts if he questioned whether Green Tree was his creditor and requested PHD to provide the name and address of his original creditor, FNMA.

## II.    LEGAL REASONING AND ARGUMENTS

### A.    As a Matter of Law, the Complaint Fails to State a Cognizable Claim under the FDCPA and Must be Dismissed with Prejudice.

#### 1.    Standard of Review.

FRCP 12(b)(6) requires dismissal where, as here, a complaint lacks factual allegations sufficient to establish a proper and plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662 (2009). The "short and plain statement of the claim" requirement of FRCP 8(a)(2) is not satisfied by a complaint that amounts to an "unadorned, the defendant-unlawfully-harmed-me accusation." Id. A complaint must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

For purposes of the FRCP 12(b)(6) analysis "the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing Iqbal, ).  "Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (citing Iqbal, at 1950).  The "plausibility" analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 211 (citing Iqbal, at 1949).  A claim is sufficiently plausible only if "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citing Iqbal, at 1949). The Complaint wholly fails to pass these tests, improperly epitomizing "a formulaic recitation of a cause of action's elements," devoid of supporting facts.

### 2.    Plaintiff Lacks Standing to Sue under the FDCPA.

As an initial, dispositive matter, the Complaint fails to allege facts demonstrating that Plaintiff has standing to sue under the FDCPA.  The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).  As noted, the Mortgage is secured by Property in Woodbridge, New Jersey, but Plaintiff resides far away from there, in Clifton, New Jersey.  No further facts are averred as to the Property being used for Plaintiff's personal, family or household purposes; the Complaint at best only regurgitates the above words of the FDCPA to attempt to claim a personal use relating to mortgage "fees."  In all events, a loan related to the Property, which  is used for purposes other than Plaintiff's personal, family or household uses, such as the

commercial, investment or other use that Plaintiff makes of the Property (by process of elimination based on the Complaint), falls outside of the scope of the FDCPA, and thus Plaintiff lacks standing under the FDCPA.

> **3.    The Complaint Fails to State A Claim for Relief Under FDCPA §§ 1692e and 1692g(a)(2).**

FDCPA §1692(e) bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." FDCPA §1692g(a)(2) provides that a validation letter is to contain the name of the creditor to whom the debt is owed. These are the only two FDCPA provisions cited in Count I of the Complaint.

The well established purposes of Congress in enacting the FDCPA were "to eliminate abusive debt collection practices which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'" Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citing Miller v. Payco–General American Credits, Inc., 943 F.2d 482, 483–84 (4th Cir. 1991) (quoting FDCPA §§1692a and 1692e)). Moreover, of particular relevance here, the debt validation provisions of §1692g serve the purpose of assuring that *consumers would receive effective, adequate notice of their rights under the FDCPA.* Id. at 484 (citing Senate Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702)(emphasis added), Wilson at 354.

The Validation Letter fulfills Congress' intended purposes because it effectively conveyed to Plaintiff in a clear and conspicuous manner the debt identification information which allowed him to confirm that the subject debt was his obligation, adequately informed him of his rights, and allowed him to proceed to avail himself of those rights.    Donatelli v. Warmbrodt, 2011 U.S. Dist. LEXIS 69207 at 37 (W.D.Pa.), citing Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) (FDCPA debt verification intended only to "eliminate problem of

debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." (Internal citations omitted.)  Naming Green Tree as the creditor had no material adverse effect on Plaintiff. If anything, naming Green Tree, the current creditor and loan servicer, and providing Plaintiff with his Green Tree account number made it clearer to Plaintiff that the Validation Letter referred to his loan than, as the Complaint suggests, providing the name of the original investor/owner of the loan, FNMA, would have, because Plaintiff dealt with Green Tree, not FNMA.

> **a.      This Court Has Rejected Plaintiff's Unthinking Literal Interpretation of the FDCPA as Requiring the Meaningless Naming of a Creditor with whom Plaintiff Never Dealt, instead of Naming the Current Creditor/Loan Servicer Who Was Authorized to Collect the Debt and Who was Plaintiff's Contact.**

The Complaint fails to state a claim because it requires the Court to myopically and mechanically conclude that §1692g can only be satisfied if the creditor identified in a validation letter is the party that originally owned the debt.  That view has been rejected by this Court as effectively elevating form over substance, inapposite to the purposes of the FDCPA and not in accordance with precedent.  Moreover, Plaintiff's analysis actually ignores the language of §1692(a), which provides that a validation notice (or other initial communication) contain … "(2) the name of the creditor to whom the debtor is owed … and (5) a statement that, upon the consumer's written request … the name and address of the original creditor, if different from the current creditor."  Plainly, the FDCPA does not require that the name of the original creditor be stated in the Validation Letter because the current creditor, Green Tree, is named. The Complaint fails if for no other reason than it incorrectly asserts that the Validation Letter was required to name FNMA, the original creditor.

This Court's recent decision in <u>DeVito v. Zucker, Goldberg & Ackerman, LLC</u>, 908 F. Supp. 2d 564, 569-570 (D.N.J. 2012) is squarely on point. In <u>DeVito</u>, the initial communication to the borrower for FDCPA §1692g(a)(2) purposes was a Notice of Intention to Foreclose ("NOI") a mortgage debt which failed to name any party as a creditor. <u>Id.</u> Despite this, the plaintiff was able to name the creditor in her response to the NOI which disputed the amount owed. This Court denied plaintiff DeVito's motion based on her claim that strict interpretation of the FDCPA required finding a violation based solely on the omission of the creditor's name from the NOI. Specifically, this Court found in <u>DeVito</u> that the FDCPA does not contain language which creates strict liability and moreover, that there were no cases where "a court strictly applied §1692g(a)(2)." <u>Id.</u>

Rather than mechanically applying the literal words of the FDCPA as the plaintiff urged, <u>DeVito</u> held that claims under §1692g(a)(2) are analyzed under the well recognized "least sophisticated debtor standard." <u>Id.</u> (also acknowledged in Compl. ¶ 5). In <u>DeVito</u>, this Court could not determine from the pleadings whether or not such a creditor may have been confused or misled by an NOI which provided unique loan identification information, but which did not name a creditor because "a least sophisticated debtor may not be so savvy as to glean the creditor name from the loan number." <u>Id.</u> at 570.

No such obstacle to dismissal exists here because the Validation Letter names Green Tree, the creditor Plaintiff associated with his loan. Neither Plaintiff nor any least sophisticated debtor needs to glean anything from the Validation Letter to identify the creditor dealing with the debt and any dispute thereof: the Validation Letter unmistakably and clearly identifies Green Tree. As such, the Validation Letter would not mislead or deceive even a least sophisticated

debtor nor in any way impede Plaintiff in understanding and exercising his rights under the FDCPA. Id.

In fact, naming the current creditor and servicer is far more important and valuable to a consumer than naming the original loan owner/investor, since it is the servicer who of course deals with the borrower and who is routinely authorized to commence foreclosure proceedings as the plaintiff. See e.g., Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 362 (Ch. Div. 2010). Thus, Green Tree as the servicer is authorized to collect the debt and exercise any rights appurtenant to the status of a creditor and is effectively the creditor for all purposes relevant to the consumer's exercise of FDCPA rights.

### b.   The Validation Letter Materially, if Not Fully, Satisfies the Requirements of the FDCPA.

Federal courts, both Circuit and District Courts alike, throughout the country increasingly recognize that only claims for material violations of the FDCPA are actionable. See e.g., Kaymark, 2014 WL 1316120 at *17 (W.D. Pa. March 31, 2014) and Gabriele v. American Home Mortg. Servicing, Inc., 503 F. App'x 89, 94 (2d Cir. 2012) (dismissing FDCPA claim for false, deceptive, or misleading practices where communications "were not misleading or deceptive as to the nature or legal status of [plaintiff's] debt, nor would they have prevented the least sophisticated consumer from responding to or disputing the action.').[1] See also Warren v Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) ("courts have generally held that violations grounded in 'false representations' must rest on *material* misrepresentations");

---

[1] The Complaint (at ¶ 4) misleadingly cites a Second Circuit case, Bentley v. Great Lakes Collection Bureau, 6 F.3d. 60 (2d Cir. 1993) to claim that the FDCPA is a strict liability statute. Bentley has never been cited in this Circuit for that proposition, although it was cited in Brown v. Card Service Center, 464 F.3d 450 (3d. Cir. 2006) for employing the least sophisticated debtor standard). Plaintiff's citation to Bentley is misleadingly because it fails to recognize the adoption by the Second Circuit of the materiality requirement in Gabriele, which mentions Bentley, but not with respect to strict liability. Thus, the Second Circuit first requires the finding of a material violation of the FDCPA before considering imposing liability.

Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) ("false but non-*material* representations are not likely to mislead the least sophisticated consumer and therefore are not actionable"); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009) ("*materiality* is an ordinary element of any federal claim based on a false or misleading statement," including the FDCPA); Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009) (Easterbrook, C.J.) ("statement cannot mislead unless it is *material*") (All italic emphases added in the foregoing citations.)

District Courts in this Circuit are overwhelmingly requiring materiality, endorsing the underlying reasoning which they find entirely consistent with the language of the FDCPA and the law of the Circuit. As noted by this Court, the materiality requirement is a corollary to the established Third Circuit line of cases holding that "bizarre or idiosyncratic" interpretations of a debt collector's communications do not give rise to FDCPA liability. See Jensen v. Pressler & Pressler, LLP, No. 13-01712, 2014 WL 1745042 at *5 (D.N.J. Apr. 29, 2014) (noting consistency between materiality requirement and Third Circuit precedent and holding clerical error in naming wrong Court Clerk in communication was not actionable under FDCPA) (citing Brown, *supra*, 464 F.3d at 454).

See also Nicholls v. Portfolio Recovery Associates, LLC, No. 09-5714, 2010 WL 1257738 at *3-4 (D.N.J. Mar. 29, 2010) (dismissing complaint for failure to state FDCPA claim and holding "*immaterial* false or misleading statement is not actionable under §1692e") (italic emphasis in original); Kaymark, 2014 WL 1316120 at *17) ("[t]his emerging *materiality* analysis in FDCPA cases . . . is compelling"; communications were not material because plaintiff "did not alter his position or rely in any way" on alleged misrepresentations about fees and costs due) (italic emphasis added);   Rogozinski v. NCO Fin. Sys., Inc., No. 11-2594, 2012 WL

5287896 at *6 (E.D. Pa. Oct. 25, 2012) ("[a]n im*material* statement which is false in some technical sense will not mislead the unsophisticated consumer and does not violate the FDCPA") (italic emphasis added).

New Jersey state courts have likewise employed a materiality requirement when analyzing consumer rights in contexts similar to the FDCPA and the context of this matter, foreclosure. For example, the Appellate Division recently held that although an NOI was technically defective because it omitted the name of the creditor, the foreclosure action would not be dismissed with prejudice because the omission had "negligible impact upon defendants' information about the status of the loan and their opportunity to cure the default." Bank of America v. Weintraub, No. A-5044-11TI (App. Div. July 14, 2014) (copy attached hereto as Exhibit 1).

Here, the Validation Letter provided all of the information that Plaintiff needed to identify his loan and to exercise his FDCPA rights.  Plaintiff does not – and cannot – even allege he was misled or deceived by the Validation Letter.  The reality is that he was fully informed of his rights, and if he had chosen to cure his default or to dispute his debt (assuming there was a basis for doing so) or to seek the name of his original creditor, the Validation Letter effectively provided him with  information that allowed him to identify the loan as his.

If, as Plaintiff contends, the Validation Letter should have identified FNMA as the creditor, and Plaintiff had attempted to contact FNMA, he would have been directed to Green Tree, the current creditor and servicer.  Indeed, the Complaint confirms that Plaintiff associated Green Tree with his loan (Compl. ¶24 and Ex. B).  Thus, if the Validation Letter had identified FNMA as the creditor, that would not have been helpful at all to Plaintiff in identifying the debt

as his Mortgage, making it more – not less – likely that he would have ignored the Validation

Letter and not realized that it concerned his debt and his rights under the FDCPA.[2]

4.   **The Complaint is Frivolous and Embodies the Pernicious Practices of Attorneys Who Seek Financial Gain for Themselves under the Guise of Protecting Consumers.**

Alarmingly, Plaintiff and his counsel, the law offices of Gus Michael Farinella, P.C., by

Ryan L. Gentile, Esq., appear to be part of the reprehensible trend of filers of frivolous FDCPA

litigation.[3]   The FDCPA was not enacted to reward crafty, opportunistic, *sophisticated*

consumers and their attorneys as a way to generate income through the filing of frivolous class

actions.    Indeed, the Supreme Court has judicially-recognized the cottage industry of lawyers

who file self-serving, frivolous Cases based on fabricated FDCPA violations for the purpose of

obtaining legal fees and pecuniary gains. See Jerman v. Carlisle, McNellie, Rini, Kramer &

Ulrich LPA, 559 U.S. 573, 617 (2010) (Kennedy, J.) (dissenting):

> Today's holding gives new impetus to this already troubling dynamic of allowing certain actors in the system to spin even good-faith, technical violations of federal law into lucrative litigation, if not for themselves, then for the attorneys who conceive of the suit.

See also Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009), quoting

Jacobson v. Healthcare Fin. Services., Inc., 434 F. Supp. 133, 139 (E.D.N.Y. 2006):

> Ironically, it appears that it is often the extremely sophisticated consumer who takes advantage of the civil liability scheme defined by [the FDCPA], not the individual who has been threatened or misled. The cottage industry that has emerged does not bring suits to remedy the 'widespread and serious national problem' of abuse that the Senate observed in adopting the legislation . . . [r]ather,

---

[2] Alternatively, if FNMA had been named, Plaintiff may not have had any idea why that was done and been confused by it.   That may be the case because Plaintiff only alleges that FNMA was involved with his Mortgage "Upon information and belief."  (Compl. ¶ 38).

[3] E.g., attorney Gentile recently brought in this Court - and then dismissed -- a purported FDCPA class action against a debt collector on behalf of a woman who alleged a violation because a validation letter did not state that interest continued to accrue on her unpaid $272.97 debt to Victoria's Secret. That case, Luna v. Victoria's Secret, No. 3:13-cv-05404, attached hereto as Exhibit 2, was dismissed with prejudice.

the inescapable inference is that the judicially developed standards have enabled a class of professional plaintiffs."

This Court has embraced the same concerns.  See  Allen v. LaSalle Bank, N.A., et al., No. 08-2240, 2012 WL 1898612 * 6 (D.N.J. May 23, 2012):

> The FDCPA was not passed in order to sprout a cottage industry for lawyers who self-interestedly battle over attorneys' fees in federal court.

Allen expressed "serious concerns" about a pattern of FDCPA litigation where plaintiff's attorneys represent a client in a foreclosure action and then "engineer[ ] a previously non-existent FDCPA violation . . . for the purpose of suing on it." Id. at *6.  That is precisely what Plaintiff and his counsel are attempting here:  since 2013, Plaintiff has filed no fewer than three additional FDCPA lawsuits in this Court[4] and at the very least, if he is not a professional plaintiff, he is certainly experienced in litigating under the FDCPA. This Court should not allow him to manipulate the law for profit, rather than to obtain redress for a wrong he never suffered.

Worse, in all of those cases, Plaintiff is represented by the same law firm.[5]  Plaintiff and his counsel should not be rewarded for having one of the biggest, if not the largest, cottages in an industry built on abuses which help no one but themselves.[6]

---

[4] See dockets in Wong v. Midland Funding, LLC, No. 2:14-cv-02144; Wong v. Client Services, Inc., No. 2:13-cv-06727; and Wong v. Green Tree Servicing, LLC, No. 2:13-cv-07887, attached hereto as Exhibit 3.

[5] See Exhibit 3.

[6]  The Third Circuit has also recognized the potential for abuse inherent in class action suits.  See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 167-168 (3d Cir. 2001)    ("granting certification may generate unwarranted pressure to settle nonmeritorious or marginal claims."). In Matter of Rhone-Poulenc Rorer Inc., 51 F.3d 1293, 1298-1299 (7th Cir. 1995), the Seventh Circuit further discussed the potential abuses of class action and the potential negative results of class certification in terms of a hypothetical situation involving a large potential class:

> [The Defendants] might, therefore, easily be facing $25 billion in potential liability (conceivably more), and with it bankruptcy. They may not wish to roll these dice. That is putting it mildly. They will be under intense pressure to settle.  If they settle, the class certification - the ruling that will have forced them to settle - will never be reviewed.

It would be an incredible and implausible coincidence if Plaintiff were truly aggrieved enough to merit bringing this, as well as his other litigations, with the same counsel. This Court should not be blind to these realities and should not permit the resources of the federal courts to be abused and misused to allow Plaintiff and his counsel to achieve selfish, self-serving goals that make a mockery of Congress' intentions in enacting the FDCPA.

> **5.    Because Plaintiff's Complaint Must Be Dismissed, the Class Allegations Fail.**

Because the law requires that Plaintiff's claim and his Complaint be dismissed with prejudice, the putative class allegations also fail. Giles v. Phelan, Hallinan & Schmieg, LLP, 2013 WL 2444036 (D.N.J. June 4, 2013) (citing Green v. Green Mountain Coffee Roasters, Inc., 279 F.R.D. 275, 280 (D.N.J. 2011)). A plaintiff must show that he has been personally injured and cannot rely on imagined injuries, if any, of unascertained potential plaintiffs to assert the interests of a potential class. Id. at fn. 8. Accordingly, Plaintiff's class allegations must be dismissed along with his individual claim.

---

Judge Friendly, who was not given to hyperbole, called settlements induced by a small probability of an immense judgment in a class action "blackmail settlements." Judicial concern about them is legitimate…

14

III.     **CONCLUSION**

This Court should not allow Plaintiff and his counsel to pervert the FDCPA's purpose of

protecting consumers by allowing them to gain financially from filing a formulaic, implausible

complaint. The law developed in this Circuit gives no quarter to tactics like those of Plaintiff and

his counsel. Accordingly, for the aforementioned reasons, PHD respectfully requests the Court

grant its Motion to Dismiss the Complaint with Prejudice and award PHD such other relief as is

just and proper.

> **FLASTER/GREENBERG P.C.**
> By:  Kenneth S. Goodkind, Esquire
> ken.goodkind@flastergreenberg.com
> Attorneys for Movant/Defendant
> Phelan Hallinan & Diamond, PC

> By: */s/ Kenneth S. Goodkind*_____
> Kenneth S. Goodkind, Esquire

Dated:  September 30, 2014

4359227 v1

# EXHIBIT 1

**BANK OF AMERICA, NATIONAL ASSOCIATION, Plaintiff-Respondent,**

**v.**

**MEIR WEINRAUB and AMY WEINRAUB, h/w, and each of their heirs, devises and personal representatives, and his, her, their or any of their successors in right, title and interest, Defendants-Appellants, and**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for GMAC MORTGAGE, LLC, Defendant.**

<u>No. A-5044-11T1.</u>

**Superior Court of New Jersey, Appellate Division.**

Argued October 17, 2013.

Decided July 14, 2014.

Joseph H. Neiman argued the cause for appellants.

Henry F. Reichner argued the cause for respondent (Reed Smith, LLP, attorneys; Mr. Reichner, of counsel; Alex G. Gross, on the brief).

Before Judges Waugh and Nugent.

# NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION

PER CURIAM.

This is a residential mortgage foreclosure action. During a bench trial, plaintiff Bank of America, National Association (BOA) was unable to have its sole witness authenticate a Notice of Intent to Foreclose (NOI), and therefore unable to have the document admitted into evidence. The court determined that BOA's failure to establish that it mailed a proper NOI was in turn a failure to establish that it had complied with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to-68. For that reason, the court dismissed the complaint without prejudice. Defendants Meir **Weinraub** and Amy **Weinraub** filed this appeal. Overlooking controlling precedent, defendants argue that the court should have dismissed the complaint with prejudice. We find their claim devoid of merit and therefore affirm.

The record on appeal discloses these facts. In June 2009 defendants defaulted on the $408,000 loan they had obtained in October 2006 from Approved Funding Corp. to buy their home. When they obtained the loan, defendants secured it by signing a note and mortgage, which Approved Funding properly recorded. The mortgage designated Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee, but solely as nominee for the lender, Approved Funding.[1]

Following closing on the loan and Approved Funding's recording of the note and mortgage, Approved Funding endorsed the note to Wells Fargo Bank, N.A, who in turn sold it to BOA in January 2007. Wells Fargo, however, continued to service the loan. After defendants defaulted on the loan in June 2009, Wells Fargo mailed them an NOI dated July 19, 2009. The NOI did not identify or reference BOA. Wells Fargo mailed a second NOI on February 21, 2010. That NOI did not identify or refer to BOA. Two months later, on April 5, 2010, MERS assigned the mortgage to BOA. BOA filed the mortgage foreclosure complaint the next day, April 6, 2010. Defendants filed an answer two months later.

Motion practice ensued. BOA moved for summary judgment; defendants cross-moved for dismissal. Although it does not appear that defendants disputed that they had defaulted on the loan, the court denied the motions. On an amended order denying BOA's motion, the court noted: "[BOA] has 10 days from the date of this order to re-serve a proper Notice of Intent

to Foreclose indicating the name of [BOA] and the servicer of the loan. All action will be stayed on this case for 35 days from the date of this order."

By the time the court entered the amended order, BOA's attorney had mailed to defendants, by certified mail, another NOI. The NOI identified BOA as the lender and Wells Fargo as the servicer.

Five months after mailing the revised NOI to defendants, BOA again moved for summary judgment and defendants cross-moved to dismiss the complaint. The court denied defendants' cross-motion. Although the order denying the cross-motion states that the reasons are "set forth on the record," the parties have not provided the transcript. In any event, a month after entering the order denying defendants' cross-motion, the court issued a second order granting BOA's motion. In an attachment to that order, the court explained: "This Court previously permitted re-service of the [NOI.] [BOA] re-served the NOI and it is in compliance with the Fair Foreclosure Act. Therefore, [BOA's] motion for Summary Judgment is granted."

The case did not end at that time, however, because the following month the court entered a third order vacating the second order. The third order stated: "Having heard oral argument ... and grant[ed] Summary Judgment to [BOA] due to an administrative error, the Court hereby VACATES the [order granting summary judgment to BOA]." The parties have not included in the appellate record any explanation of the administrative error.

At trial, a judge who had not heard the motions presided. The parties stipulated to the following facts: (1) defendants executed a note in the sum of $408,000; (2) defendants executed the corresponding mortgage; (3) the mortgage was recorded in the Passaic County Clerk's Office; (4) defendants failed to make the scheduled monthly installment payment on June 1, 2009, and the loan remained in default. Notwithstanding those stipulations, defendants asserted BOA did not have standing to foreclose, and had not complied with the notice provisions of the FFA.

Defendants did not testify. BOA called only one witness, Matthew Overton, a vice-president of loan documentation for the servicer, Wells Fargo. Overton was unable to authenticate the NOI that BOA's attorney had sent to defendants by certified mail. BOA did not present the testimony of the attorney who had mailed the NOI.

Following Overton's testimony, the court granted the parties' requests to submit written closing statements. After receiving them, the court entered the order dismissing BOA's foreclosure complaint without prejudice. In the accompanying written opinion, the court ruled that BOA had failed to establish that it mailed a curative NOI to defendants. BOA's only witness, Overton, was an employee of the servicer, Wells Fargo. Because either BOA or BOA's counsel wrote and mailed the NOI, Overton was not competent to testify that the NOI had been mailed to defendants. Overton's testimony merely established that the servicer received a copy of the NOI. Consequently, BOA "failed to prove that it complied at all with this `critical component' of the FFA. ..." The court concluded that dismissal without prejudice was warranted under those circumstances. Defendants appealed.

Defendants contend that BOA's complaint should have been dismissed with prejudice. They base their argument on their belief that, after a trial, only two results are possible: judgment in favor of the claimant, or dismissal with prejudice of the complaint. They cite no case to support their argument. Their argument is unsustainable under controlling precedent.

The FFA mandates that a residential mortgage lender who intends to commence a foreclosure action notify the residential mortgage debtor "of such intention at least 30 days in advance of such action." N.J.S.A. 2A:50-56(a). The NOI is a "statutory prerequisite[]" to filing a residential foreclosure complaint and a residential mortgage lender must plead specifically that it has complied with the statute. EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 143 (App. Div. 2008); N.J.S.A. 2A:50-56(f).

Our Supreme Court has explained that "[t]he [NOI] is a central component of the FFA, serving the important legislative objective of providing timely and clear notice to homeowners that immediate action is necessary to forestall foreclosure." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 470 (2012). For that reason, and because N.J.S.A. 2A:50-56(c)(11) requires explicitly that the NOI include the name and address of the lender, a lender who does not include such information in the NOI has not complied with the FFA. Id. at 475.

The FFA neither suggests nor mandates a remedy for a residential mortgage lender's failure to mail a proper NOI. We

have, however, held that dismissal of the complaint without prejudice is an appropriate remedy, even after the parties have presented their proofs at trial. Chaudhri, supra, 400 N.J. Super. at 139-40. There, we explained that "dismissal of a foreclosure action, without prejudice, has no effect on the underlying contractual obligations of the parties and `does not bar reinstitution of the same claims in a later action.'" Id. at 140 (quoting Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc., 105 N.J. 464, 472 (1987)).

Dismissal without prejudice is not the only remedy a trial court may impose for a residential mortgage lender's failure to comply with the NOI requirements of the FFA. Guillaume, supra, 209 N.J. at 479. Rather, when "determining an appropriate remedy for a violation of N.J.S.A. 2A:50-56(c)(11), trial courts should consider the express purpose of the provision: to provide notice that makes the debtor aware of the situation, and to enable the homeowner to attempt to cure the default." Ibid. (citation and internal quotation marks omitted). The trial court's analysis should include consideration of "the impact of the defect in the notice of intention upon the homeowner's information about the status of the loan, and on his or her opportunity to cure the default." Ibid.

Here, defendants neither cite nor discuss Chaudhri. Chaudhri is dispositive of this appeal. In their reply brief, defendants state that "[BOA] had their [sic] adjudication on the merits." Not so. To repeat what we said in Chaudhri, "dismissal of a foreclosure action, without prejudice, has no effect on the underlying contractual obligations of the parties and does not bar reinstitution of the same claims in a later action." Chaudhri, supra, 400 N.J. Super. at 140 (citation and internal quotation marks omitted). That is so because the elements of a prima facie right to foreclose are execution of a mortgage, recording, and non-payment of the mortgage. Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In the case before us, defendants stipulated to those elements.

The trial court acted well within its discretion when it dismissed BOA's complaint without prejudice. The trial court would also have acted well within its discretion had it fashioned a remedy short of a dismissal without prejudice. The express purpose of N.J.S.A. 2A:50-56(c)(11) — "to provide notice that makes the debtor aware of the situation, and to enable the homeowner to attempt to cure the default," Guillaume, supra, 209 N.J. at 479 (citation and internal quotation marks omitted) — had been satisfied in this case. Defendants did not dispute that they received three NOIs that served those purposes: two that identified Wells Fargo but not BOA, a third that identified BOA but could not be authenticated by a proper witness at trial. Those notices made defendants aware of the situation and afforded them ample opportunity to cure their default.

Moreover, the defect in the NOIs had negligible or no impact upon defendants' "information about the status of the loan, and on [their] opportunity to cure the default." Ibid. And defendants did not dispute that they received the third NOI, which BOA could not authenticate through its trial witness. That NOI was addressed to them, at their mortgaged home, and included two certified mail labels.

Because defendants offered no bona fide dispute either as to whether BOA mailed the third NOI or whether they received it, the court would also have acted well within its discretion if it had admitted the NOI into evidence under N.J.R.E. 101(a)(4) ("If there is no bona fide dispute between the parties as to a relevant fact, ... [i]n civil proceedings the judge may ... permit that fact to be proved by any relevant evidence, and exclusionary rules shall not apply, except Rule 403 or a valid claim of privilege."). In any event, defendants' argument is devoid of merit. The court did not err by dismissing the complaint without prejudice.

Affirmed.

[1] "MERS is a private corporation which administers a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans." Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 332 (Ch. Div. 2010).

Save trees - read court opinions online on Google Scholar.

# EXHIBIT 2

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Trenton)
## CIVIL DOCKET FOR CASE #: 3:13-cv-05404-MAS-DEA

LUNA v. ALLIED INTERSTATE, LLC. et al
Assigned to: Judge Michael A. Shipp
Referred to: Magistrate Judge Douglas E. Arpert
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 09/10/2013
Date Terminated: 11/08/2013
Jury Demand: None
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

### Plaintiff

**JUSTINA LUNA**
*on behalf of herself and all others*
*similarly situated*

represented by **RYAN LEYLAND GENTILE**
LAW OFFICES OF GUS MICHAEL
FARINELLA PC
110 Jericho Turnpike
Suite 100
Floral Park, NY 11001
201-873-7675
Email: rlg@lawgmf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**ALLIED INTERSTATE, LLC**

### Defendant

**CVF CONSUMER ACQUISITION
COMPANY**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/10/2013 | 1 | COMPLAINT against ALLIED INTERSTATE, LLC., CVF CONSUMER ACQUISITION COMPANY ( Filing and Admin fee $ 400 receipt number 5221222), filed by JUSTINA LUNA. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B)(kas, ) (Entered: 09/11/2013) |
| 09/11/2013 | 2 | SUMMONS ISSUED as to ALLIED INTERSTATE, LLC., CVF CONSUMER ACQUISITION COMPANY Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *KIM STILLMAN* (kas, ) (Entered: 09/11/2013) |
| 09/18/2013 | | CLERK'S QUALITY CONTROL MESSAGE - The Complaint 1 submitted by Ryan Leyland Gentile on 9/10/2013 appears to have address (phone number) information |

https://ecf.njd.uscourts.gov/cgi-bin/DktRpt.pl?763935365294063-L_1_0-1

| | | |
|---|---|---|
| | | that does not match the court's records for this case. Please refer to the court's website at www.njd.uscourts.gov for information and instructions on maintaining your account. (kas, ) (Entered: 09/18/2013) |
| 11/07/2013 | 3 | NOTICE of Voluntary Dismissal by JUSTINA LUNA (GENTILE, RYAN) (Entered: 11/07/2013) |
| 11/08/2013 | | ***Civil Case Terminated. (eaj) (Entered: 11/08/2013) |
| 11/12/2013 | 4 | ORDER of Dismissal. Signed by Judge Michael A. Shipp on 11/12/2013. (eaj) (Entered: 11/12/2013) |

EXHIBIT 3

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:13-cv-06727-SRC-CLW

WONG v. CLIENT SERVICES, INC.
Assigned to: Judge Stanley R. Chesler
Referred to: Magistrate Judge Cathy L. Waldor
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 11/05/2013
Date Terminated: 12/18/2013
Jury Demand: None
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**JERRY K. WONG**
*on behalf of himself and all others
similarly situated*

represented by **RYAN LEYLAND GENTILE**
LAW OFFICES OF GUS MICHAEL
FARINELLA PC
110 Jericho Turnpike
Suite 100
Floral Park, NY 11001
201-873-7675
Email: rlg@lawgmf.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CLIENT SERVICES, INC.**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/05/2013 | 1 | COMPLAINT against CLIENT SERVICES, INC. ( Filing and Admin fee $ 400 receipt number 5334745), filed by JERRY K. WONG. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Civil Cover Sheet)(ld, ) (Entered: 11/06/2013) |
| 11/06/2013 | 2 | SUMMONS ISSUED as to CLIENT SERVICES, INC. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *LEROY DUNBAR* (ld, ) (Entered: 11/06/2013) |
| 12/18/2013 | 3 | NOTICE of Voluntary Dismissal by JERRY K. WONG (GENTILE, RYAN) (Entered: 12/18/2013) |
| 12/18/2013 | | ***Civil Case Terminated. (jd, ) (Entered: 12/18/2013) |
| 12/20/2013 | 4 | ORDER dismissing case. Signed by Judge Stanley R. Chesler on 12/20/13. (sr, ) (Entered: 12/20/2013) |

RULE16

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:13-cv-07887-ES-JAD

WONG v. GREEN TREE SERVICING, LLC.
Assigned to: Judge Esther Salas
Referred to: Magistrate Judge Joseph A. Dickson
Cause: 15:1692 Fair Debt Collection Act

Date Filed: 12/30/2013
Jury Demand: None
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

**Plaintiff**

**JERRY K. WONG**
*on behalf of himself and all others*
*similarly situated*

represented by **RYAN LEYLAND GENTILE**
LAW OFFICES OF GUS MICHAEL
FARINELLA PC
110 Jericho Turnpike
Suite 100
Floral Park, NY 11001
201-873-7675
Email: rlg@lawgmf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GREEN TREE SERVICING, LLC.**

represented by **MARTIN C. BRYCE , JR.**
BALLARD, SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002
(856) 761-3400
Email: bryce@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/30/2013 | 1 | COMPLAINT against GREEN TREE SERVICING, LLC. ( Filing and Admin fee $ 400 receipt number 0312-5426611), filed by JERRY K. WONG. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B)(anr) (Entered: 12/31/2013) |
| 12/31/2013 | 2 | SUMMONS ISSUED as to GREEN TREE SERVICING, LLC. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. Issued By *Angelica Richardson* (anr) (Entered: 12/31/2013) |

CM/ECF LIVE - U.S. District Court for the District of New Jersey        https://ecf.njd.uscourts.gov/cgi-bin/DktRpt.pl?117657473756328-L_1_0-1

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
### CIVIL DOCKET FOR CASE #: 2:14-cv-02144-FSH-MAH

WONG v. MIDLAND FUNDING, LLC et al          Date Filed: 04/04/2014
Assigned to: Judge Faith S. Hochberg          Date Terminated: 06/25/2014
Referred to: Magistrate Judge Michael A. Hammer          Jury Demand: None
Cause: 15:1692 Fair Debt Collection Act          Nature of Suit: 480 Consumer Credit
                                                   Jurisdiction: Federal Question

**Plaintiff**

**JERRY K. WONG**                     represented by   **RYAN LEYLAND GENTILE**
                                                      LAW OFFICES OF GUS MICHAEL
                                                      FARINELLA PC
                                                      110 Jericho Turnpike
                                                      Suite 100
                                                      Floral Park, NY 11001
                                                      201-873-7675
                                                      Email: rlg@lawgmf.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MIDLAND FUNDING, LLC**              represented by   **LATI WELLS SPENCE**
                                                      MARSHALL DENNEHEY WARNER
                                                      COLEMAN & GOGGIN PC
                                                      2000 MARKET STREET
                                                      SUITE 2300
                                                      PHILADELPHIA, PA 19103
                                                      215-575-2596
                                                      Email: lwspence@mdwcg.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **ANDREW MICHAEL SCHWARTZ**
                                                      MARSHALL, DENNEHEY, WARNER,
                                                      COLEMAN & GOGGIN, PC
                                                      2000 MARKET STREET
                                                      24TH FLOOR
                                                      PHILADELPHIA, PA 19103
                                                      (215) 575-2765
                                                      Fax: (215) 575-0856
                                                      Email: AMschwartz@mdwcg.com