Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike
Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Jerry K. Wong,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------X
JERRY K. WONG,
on behalf of himself and all others similarly
situated

                                       Civil Action No. 2:14-cv-03252-ES-JAD

                Plaintiffs,

    v.

PHELAN, HALLINAN & DIAMOND, PC;
and GREEN TREE SERVICING, LLC

               Defendants.
----------------------------------------------------X

**PLAINTIFF'S RESPONDING BRIEF**
**OPPOSING DEFENDANT'S MOTION FOR DISMISSAL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………..3

PROCEDURAL HISTORY....................................................................................7

INTRODUCTION ................................................................................................7

LEGAL ARGUMENTS.........................................................................................8


POINT I:      LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT
              TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE …..8

POINT II:

              A.  THE FAIR DEBT COLLECTION PRACTICES ACT……….….…10

              B. THE PLAINTIFF HAS STANDING TO SUE UNDER THE
                 FDCPA…………………………………………………………..11

              C. THE COMPLAINT SUFFICIENTLY ALLEGES THAT GREEN
                 TREE SERVICING, LLC IS A "DEBT COLLECTOR" AND
                 FANNIE MAE IS THE "CREDITOR"……………………………....14

              D. THE FDCPA REQUIRES DISCLOSURE OF THE OWNER OF THE
                 DEBT, NOT AN AGENTEMPLOYED BY THE OWNER AND AS
                 SUCH PLAINTIFF HAS STATED A CLAIM THAT THE
                 DEFENDANT VIOLATED 15 U.S.C. §§1692e and 1692g(a)(2)…...16

              E. THE ALLEGED VIOLATION IS MATERIAL……………………...28

POINT III:    PHELAN'S ARGUMENTS THAT THE PLAINTIFF IS NOT AN
              ADEQUATE PLAINTIFF OR AN ADEQUATE CLASS
              REPRESENTATIVE IS WITHOUT MERIT…………………………...32


CONCLUSION…………………………………………………………………….34

# TABLE OF AUTHORITIES

## CASES

Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) ……………………………………………………...…34

Ashcroft v. Iqbal, 556 U.S. 662, 173 L. Ed. 2d 868 (2009)………………………………...8, 9, 22

Baker v. G.C. Services Corp., 677 F.2d 775 (9th Cir. 1982)……………………………………10

Bailey v. Security Nat'l Servicing Corp., 154 F.3d 384 (7th Cir.1998)…………………………15

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)…...8

Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2nd Cir. 1993)………………………….11

Blarek v. Encore Receivable Mgmt., Inc., 2007 U.S. Dist. LEXIS 22549 (E.D. Wis. Mar. 27, 2007)……………………………………………………………………………...…24

Bloom v. I.C. System, Inc., 972 F.2d 1067 (9th Cir.1992)………………………………………13

Bourff v. Rubin Lublin, LLC, 674 F. 3d 1238 (11th Cir.2012)………….17, 18, 19, 20, 23, 25, 30

Brown v. Card Service Center, 464 F. 3d 450 (3rd Cir. 2006)………………………………11, 31

Burgess v. U.S., 553 U.S. 124 (2008)……………………………………………………………14

Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993)…………………………………...10, 11, 31

Creighton v. Emporia Credit Service, Inc., 981 F.Supp. 411 (E.D.Va. 1997)………………30, 31

DeVito v Zucker, Goldberg & Ackerman, LLC 908 F. Supp. 2d 564 (D.N.J. 2012)………..26, 27

Dutton v. Wolhar, 809 F.Supp. 1130 (D. Del. 1992)……………………………………………31

FTC v. Check Investors, Inc., 502 F. 3d 159 (3rd Cir. 2007)…...……………………...12, 15

Graziano v. Harrison, 950 F.2d 107 (3rd Cir. 1991)………………………………………11, 31

Havens Realty Corp. v. Coleman, 455 U.S.  363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982)……..34

Hepsen v. J. C. Christensen and Associates, Inc., 2009 U.S. Dist. LEXIS 92717 (M.D.Fla., Sept. 22, 2009), aff'd 383 Fed. Appx. 877, 2010 U.S. App. LEXIS 12587 (11th Cir. June 17, 2010)…………………………………………………………………..24, 25, 29

Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985)…………………………………30

Johnson v. Anhorn, 334 F.Supp.2d 802, 809 (E.D. Pa. 2004)…………………………………...32

Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672 (7th Cir. 1997)…………………………20

Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998)……………………………………………………10

Krug v. Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J.)……………..33

Kulwicki v. Dawson, 969 F.2d 1454 (3d Cir. 1992)………………………………………………9

Lee v. Forster & Garbus LLP, 12-cv-420, 2013 WL 776740, *2 (E.D.N.Y., March 1, 2013)..
……………………………………………………………………………………..28, 29, 30

Lord Abbett Mut. Funds Fee Litigi., 553 F.3d 248 (3d Cir. 2009)....……………………………14

Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997)……………………………………10

Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232 (2d Cir. 1998)…………………………31

Malleus v. George, 641 F.3d 560 (3d Cir. 2011)…………………………………………………9

Mark v. J. C. Christensen & Assoc., Inc., 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn.
Aug. 4, 2009)……………………………………………………………………………………29

Massey v. On-Site Manager, Inc., 285 F.R.D. 239 (E.D.N.Y. 2012)……………………………29

Mayer v. Belichick, 605 F.3d 223 (3d Cir. 2010)…………………………………………………9

McCartney v. First City Bank, 970 F.2d 45 (5th Cir. 1992)………………………………………10

Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, 214 F. 3d 872 (7th Cir. 2000)……………13

Miller v. Wolpoff & Abramson, L.L.P, 321 F.3d 292 (2d Cir. 2003)……………………...……10

Morgan v. Credit Adjustment Board, Inc., 999 F.Supp. 803 (E.D. Va. 1998)…………………..10

Murray v. GMAC Mortgage Corporation, 434 F.3d 948 (7th Cir. 2006)…………………33, 34

Park v. Shapiro & Swertfeger, LLP, 2013 U.S. Dist. LEXIS 23086 (N.D.Ga., Jan. 9,
2013)……………………………………………………………………………………23 ,32

Perry v. Stewart Title Co., 756 F.2d 1197 (5th Cir.1985)………………………………………15

Pittman v. J.J. Mac Intyre Co., 969 F. Supp. 609 (D.Nev. 1997)………………………………11

Pollice v. National Tax Funding, LP, 225 F. 3d 379 (3rd Cir. 2000)……………….12, 13, 14, 15

Receivables Purchasing Co., Inc., 2010 U.S. Dist. LEXIS, at *2……………………………..32

Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir. 1996)…………………………………11, 29, 31

Schlosser v. Fairbanks Capital Corp.  323 F. 3d 534 (7th Cir. 2003)……………………………15

Sciortino v. Barrett Daffin Frappie Levin & Brock, LLP, 2013 U.S. Dist. LEXIS 186720 (N.D. Ga. 2013)…………………………………………………………………………………..21, 22

Shoup v. McCurdy & Candler, LLC, 465 Fed. Appx. 882, 2012 U.S. App. LEXIS 6443 (11th Cir. March 30, 2012)………………………………………………………………………23, 25

Sleek v. Transworld Sys., 236 F.3d 1072 (9th Cir. 2001)……………………………………13

Sparkman v. Zwicker & Associates, P.C., 374 F.Supp.2d 293 (E.D.N.Y. 2005)……………23, 24

Stenberg v. Carhart, 530 U.S. 914 (2000)………………………………………………...…14

Suquilanda v. Cohen & Slamowitz, LLP, No. 10 Civ. 5868 (PKC), 2011 WL 4344044 (S.D.N.Y., Sept. 8, 2011)………………………………………………………………25, 26

U.S. v. National Financial Services, Inc., 98 F.3d 131 (4th Cir. 1996)…………………………31

Wadlington v. Credit Acceptance Corp., 76 F.3d 103 (6th Cir.1996)…………………………..15

Wallace v. Washington Mutual Bank, 683 F.3d 323 (6th Cir. 2012)……………………………30

Warren v. Sessoms & Rogers, P.A., 676 F.3d 365 (4th Cir. 2012)……………………………...29

Wheeler v. Codilis & Assocs., P.C., 2013 U.S. Dist. LEXIS 175848 (N.D Ill. 2013)….20, 21, 28

Whitaker v. Ameritech Corp., 129 F.3d 952 (7th Cir.1997)……………………………………15

Wilson v. Quardramed Corp., 225 F.3d 350 (3rd Cir. 2000)……………………………..11, 31

Wong v.Green Tree Servicing, LLC, 2014 U.S. Dist. LEXIS 124530(D.N.J.Sept. 5, 2014)……9

**STATUTES**

15 U.S.C. §1692………………………………………………………………………………7

15 U.S.C. §1692a(4)……………………………………………………...14,16, 22, 25, 27

15 U.S.C. §1692a(5)………………………………………………………………………12, 13

15 U.S.C. §1692a(6)(F)………………………………………………………………………15

15 U.S.C. §1692d……………………………………………………………………………..10

15 U.S.C. §1692e………………………………………..7, 10, 16, 18, 19, 20, 22, 24, 28, 29, 30, 31

15 U.S.C. §1692e(10)……………………………………………………………24, 25, 26, 31

15 U.S.C. §1692f………………………………………………………………….10, 29

15 U.S.C. §1692g…………………………………………………...………7, 10, 20, 25, 28, 29

15 U.S.C. §1692g(a)(2)…………………………8, 16, 17, 18, 20, 21, 22, 22, 23, 24, 26, 27, 28, 29, 32

15 U.S.C. §1692g(a)(5)………………………………………………………………17, 25

15 U.S.C. §1692k(a)(2)(A) ……………………………………………………………...10

## RULES

Fed.R.Civ.P. 12(b)(6)…………………………………………………………7, 8, 9, 33

## AUTHORITIES

7AA Wright, Miller & Kane, Federal Practice and Procedure § 1785.3 5-2…………………33

5-23 Moore's Federal Practice - Civil § 23.81……………………………………………...33

## PROCEDURAL HISTORY

Plaintiff, Jerry K. Wong, filed the Complaint on May 21, 2014 [CM/ECF#1]. On July 16, 2014, Defendant, Green Tree Servicing, LLC ("Green Tree") answered the Complaint [CM/ECF#7]. On September 30, 2014 Phelan, Hallinan & Diamond, PC ("Phelan") filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6). [CM/ECF#18]. Plaintiff now opposes Phelan, Hallinan & Diamond, PC's motion to dismiss.

## I.  INTRODUCTION

Plaintiff has brought this putative class action lawsuit individually and on behalf of a class to obtain redress for the Defendant Phelan, Hallinan & Diamond, PC's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  Plaintiff alleges in his Complaint that Phelan violated 15 U.S.C. §1692e by sending him an initial collection letter which contained a false, deceptive or misleading representation or means in the collection of a debt. The false statement in the letter occurs when Phelan states that Green Tree Servicing, LLC is the creditor to whom the Plaintiff's debt was owed. However, Green Tree Servicing, LLC is not a creditor under any sense of the word and certainly is not a creditor as that term is defined by the FDCPA.

Green Tree Servicing, LLC is merely the servicer on behalf of the actual creditor, Federal National Mortgage Association, commonly known as Fannie Mae ("FNMA" or "Fannie Mae"). The "creditor to whom the debt is owed" is not Green Tree Servicing, LLC because Green Tree Servicing, LLC is only the servicing agent for the true creditor. (Compl. ¶37)  The true "creditor to whom the debt is owed" is Fannie Mae. (Compl. ¶38) Additionally, since Phelan

never disclosed the "creditor" they violated §1692g(a)(2) that requires the identity of the creditor be disclosed within five (5) days of the initial communication with the consumer. Furthermore, since Phelan has sent the same form letter to hundreds of individual consumers the Plaintiff brings this case seeking class action status.

Phelan filed a motion to dismiss and based the motion on the false claim that the Plaintiff's complaint stated Phelan had to name the original creditor in the letter. However, Plaintiff's complaint doesn't state that. The Complaint argues Phelan must name the actual creditor, that Fannie Mae is the actual creditor, and Green Tree is merely an agent for Fannie Mae. Phelan's motion does not cite a single case that deals with the exact issue before this Court. Rather than cite cases or argue the law on this issue, the motion to dismiss starts and ends with personal attacks against Plaintiff and Plaintiff's counsel. As shown below, case law dealing with the exact issue before this Court uniformly holds that naming an agent or servicer for a mortgage holder or other creditor, instead of the creditor is a violation of the FDCPA.

II. **ARGUMENT**

**POINT I**

**LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556  U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

See Wong v. Green Tree Servicing, LLC, 2014 U.S. Dist. LEXIS 124530(D.N.J.Sept. 5, 2014).

Because when each allegation in the complaint is accepted as true and all reasonable inferences are drawn in favor of the Plaintiff, there certainly exist facts that are sufficient to show that the Plaintiff has a plausible claim for relief under the Fair Debt Collection Practices Act. As such, Plaintiff's Complaint has successfully pleaded causes of action for which relief is offered.

# POINT II

## A. THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."15 U.S.C. §1692e. The Act is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998); Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The Act also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g. Statutory damages are recoverable for violations, whether or not the Plaintiff proves actual damages. Miller v. Wolpoff & Abramson, L.L.P, 321 F.3d 292, 307 (2d Cir. 2003); Baker, 677 F.2d at 780-781.

A single violation of the Act triggers statutory liability and remedies. Morgan v. Credit Adjustment Board, Inc., 999 F.Supp. 803 (E.D. Va. 1998); Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993). A violation can result in liability for up to $1,000 in statutory damages., 15 U.S.C. Section 1692k(a)(2)(A) Statutory damages available even in absence of actual damages – Baker v. G.C. Services, Corp., 677 F.2d 775 (9th Cir. 1982); Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998).

The FDCPA is a strict liability statute, where degree of the defendant's culpability is relevant only in computing damages, not in determining liability – Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir. 1996); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2nd Cir. 1993); Pittman v. J.J. Mac Intyre Co., 969 F. Supp. 609 (D.Nev. 1997). A Plaintiff therefore need suffer no actual injury whatsoever to recover. *Id.*

The FDCPA is a remedial statute and its language should be construed broadly. Brown v. Car Service Center, 464 F.3d 452, 453 (3rd Cir. 2006). Whether a communication violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." Brown 464 F.3d at 453;Wilson v. Quardramed Corp., 225 F.3d 350, 354 (3rd Cir. 2000); Graziano v. Harrison, 950 F.2d 107, 111 (3rd Cir. 1991). The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. Brown, 464 F.3d at 453 (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

This lower standard of the least sophisticated debtor, requires more than a simple examining of the communication's particular language to determine if it would deceive or mislead a reasonable debtor, because a communication that would not deceive or mislead a reasonable debtor may still deceive or mislead the least sophisticated debtor. Brown, 464 F. 3d at 453-54; Wilson, 225 F.3d at 354.

## B. THE PLAINTIFF HAS STANDING TO SUE UNDER THE FDCPA

The Defendant is wrong to claim that Plaintiff cannot sue under the FDCPA because the mortgage he owes does not fall under the definition of "debt" as defined by the FDCPA.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). *See* Pollice v. National Tax Funding, LP**,** 225 F. 3d 379 (3rd Cir. 2000). The use of the words "arising out of a transaction" clearly indicates that the nature of the debt for FDCPA purposes is dependent on the reason the debt was incurred initially.

Paragraph 20 of the Complaint states: "The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes namely fees emanating from a personal mortgage loan on the Plaintiff's personal residence". The complaint clearly states that when the loan was taken out it was used to purchase the Plaintiff's personal residence (i.e., the home he lived in with his family). The Plaintiff's family currently lives in the residence.

Defendant is correct that currently the Plaintiff lives in Clifton, New Jersey. The reason that Plaintiff currently lives in Clifton is because of an ongoing separation with his spouse. However, the fact that the Plaintiff moved out years after obtaining the mortgage loan that is the subject of this case, because of marital issues doesn't change the status of the mortgage loan as a "debt" as defined by the FDCPA. The Third Circuit has held that the original purpose of the loan determines whether an obligation is a "debt" under the FDCPA. In FTC v. Check Investors, Inc**.,** 502 F. 3d 159 (3rd Cir. 2007) the Third Circuit court of appeals stated:

> we have held that a transaction's status as a "debt" under the FDCPA must be determined at the time that the obligation first arose. *See* Pollice v. National Tax Funding, L.P.*,* 225 F.3d 379, 400 (3d Cir.2000). In *Pollice,* we held that water and sewer obligations

constituted a "debt" based on their status when they first arose, and they remained a "debt" after assignment to a collection agency. (emphasis added)

*see also* <u>Sleek v. Transworld Sys</u>., 236 F.3d 1072 (9th Cir. 2001) (The use of the goods or services purchased or money lent is determinative of whether an obligation is a "debt" within the coverage of the FDCPA)

 Even if hypothetically the Plaintiff had moved out of the house and rented the property to someone else for business purposes the mortgage loan would still be a "debt" under the FDCPA because if the purpose for which the credit, goods or services were acquired changes, **the original purpose is determinative**. <u>see Miller v. McCalla, Raymer, Padrick, Cobb, Nichols</u>, 214 F. 3d 872 (7th Cir. 2000) (debt for house purchased as buyer's residence and then rented when buyer moved originally consumer debt; subsequent use of collateral would not alter applicability of FDCPA) and <u>Bloom v. I.C. System, Inc.</u>, 972 F.2d 1067, 1068-69 (9th Cir.1992), (the relevant time is when the loan is made, not when collection is attempted).

Therefore, it is respectfully submitted that the Plaintiff's complaint sufficiently alleges facts to convey standing to sue under the FDCPA because the complaint sufficiently alleges that the underlying mortgage loan debt is a "debt" as defined by 15 U.S.C. § 1692a(5). The complaint correctly avers that the mortgage loan debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes because the purpose of the mortgage loan was to purchase a home that was the Plaintiff's personal residence and the complaint sufficiently pleads this fact.

Therefore it is respectfully submitted that the Plaintiff has standing to sue under the FDCPA.

## C. THE COMPLAINT SUFFICIENTLY ALLEGES THAT GREEN TREE SERVICING, LLC IS A "DEBT COLLECTOR" AND FANNIE MAE IS THE "CREDITOR"

Green Tree is not a "creditor" as defined by the FDCPA as it pertains to its relationship with the Plaintiff because they began servicing the mortgage loan after the debt was already in default. The mortgage loan went into default in November 2012 and Green Tree began servicing the loan on April 1, 2013. (Compl. ¶22 & 24) Green Tree is therefore a "debt collector" as defined by the FDCPA as it pertains to its relationship with the Plaintiff because they began servicing the mortgage loan after the debt was already in default. See Pollice v. National Tax Funding, LP, 225 F. 3d 379 (3rd Cir. 2000).

This Court should analyze the FDCPA by beginning with the language of the statute itself, Lord Abbett Mut. Funds Fee Litigi., 553 F.3d 248 (3d Cir. 2009). Congress defined "creditor" within the FDCPA as:

> "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.15 U.S.C. § 1692a(4).

> The term specifically does not include "any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.*

> "When a statute includes an explicit definition, a court must follow that definition, even if

it varies from that term's ordinary meaning." Stenberg v. Carhart, 530 U.S. 914, 942 (2000). *See also*, Burgess v. U.S., 553 U.S. 124, 129 (2008) ("Statutory definitions control the meaning of statutory words . . . in the usual case."). Courts must use the FDCPA's definition to determine whether Green Tree is a "creditor" within the meaning of the FDCPA. *See* Sternberg, 530 U.S. at 942.

14

More importantly the Third Circuit has already held that one cannot be both a "creditor" and a "debt collector" with regard to a specific debt. In, <u>FTC v. Check Investors, Inc.</u>, 502 F. 3d 159 (3rd Cir. 2007) the Court stated:

<u>"as to a specific debt, one cannot be both a "creditor" and a "debt collector</u>," as defined in the FDCPA, because those terms are mutually exclusive. As the court explained in Schlosser, "[i]f the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector." Id. Thus, in determining if one is a "creditor" or a "debt collector," courts have focused on the status of the debt at the time it was acquired. 15 U.S.C. §1692a controls that inquiry. That provision provides in relevant part: (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,  debts owed or due or asserted to be owed or due another. . . . The term does not include — (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person. . . .15 U.S.C. § 1692a(6)(F)(iii). (emphasis added)

In Pollice, we relied on this provision of the FDCPA to hold that one attempting to collect a debt is a "debt collector" under the FDCPA if the debt in question was in default when acquired. Conversely, we concluded that § 1692a means that an entity is a creditor if the debt it is attempting to collect was not in default when it was acquired. <u>225 F.3d at 403-04</u>. Other courts agree. See <u>Schlosser, 323 F.3d</u> at 536;  <u>Bailey v. Security Nat'l Servicing Corp.</u>, 154 F.3d 384, 387 (7th Cir.1998); <u>Whitaker v. Ameritech Corp.</u>, 129 F.3d 952, 958 (7th Cir.1997); <u>Wadlington v. Credit  Acceptance Corp.</u>, 76 F.3d 103, 106-07 (6th Cir.1996); <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir.1985).

As per the Third Circuit Court of Appeals ruling in <u>FTC v. Check Investors, Inc</u>, Green Tree Servicing, LLC is a "debt collector" and not a "creditor" as those terms are mutually exclusive. The complaint correctly alleges that Green Tree is a debt collector as that term is defined by the FDCPA because they were assigned the servicing rights after the loan went into default for the purpose of facilitating collection of such debt for another entity, later identified in the Complaint as Fannie Mae.

The complaint and plain language of 15 U.S.C. §1692a(4) show that Green Tree is not a "creditor" as falsely stated in the dunning letter as it never offered or extended credit creating a debt and Green Tree is not the entity to whom the mortgage debt is owed. Plaintiff alleged that Green Tree is not a creditor with respect to the mortgage loan debt. Plaintiff specifically alleged that Green Tree was a servicer for the actual creditor who is Federal National Mortgage Association, commonly known as Fannie Mae. (Compl. ¶38). Plaintiff further alleged that Green Tree was acting in this instance "for the purpose of facilitating collection of Plaintiff's debt for another entity." (Compl. ¶24). Of course, for purposes of a motion to dismiss, these factual allegations must be taken as true, and they show that Green Tree is not a "creditor" within the meaning of §1692a(4) as they are merely a servicer for Fannie Mae who is the creditor to whom the Plaintiff's debt is currently owed to.

## D. THE FDCPA REQUIRES DISCLOSURE OF THE OWNER OF THE DEBT, NOT AN AGENT EMPLOYED BY THE OWNER AND AS SUCH PLAINTIFF HAS STATED A CLAIM THAT THE DEFENDANT VIOLATED 15 U.S.C. §§1692e and 1692g(a)(2)

The Plaintiff alleges that the Defendant's letter violated two separate Sections of the FDCPA, specifically §§1692e and 1692g(a)(2). The pertinent violative section of the letter is "your creditor is GREEN TREE SERVICING, LLC"- an affirmative false statement.

15 U.S.C. §1692e prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

The use of "or" in §1692e means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading. A false representation in connection

16

with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed. *See* <u>Bourff v. Rubin Lublin, LLC</u>, 674 F. 3d 1238 (11th Cir.2012).

15 U.S.C. §1692g(a)(2) requires disclosure of the "name of the creditor to whom the debt is owed." Section 1692g provides:

**§1692g. Validation of debts**

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such   verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty- day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .

The "current creditor" referred to in §1692g(a)(5) is obviously the same party as "the creditor to whom the debt is owed" in §1692g(a)(2).

Our case involves Phelan's attempt to comply with 1692g(a)(2) by making the false statement that Green Tree is your creditor. The Plaintiff's argument is that a servicing agent is

not the "creditor to whom the debt is owed" or "current creditor" and naming them as such violates the FDCPA. Courts dealing with this issue before this Court have sometimes decided the issue only referencing §1692e, while others have only referenced §1692g(a)(2) and some have referenced both. What is consistent with the cases dealing with the issue before this Court is that naming a servicer as the "creditor to whom the debt is owed" violates the FDCPA. A servicing agent is not the "creditor to whom the debt is owed" or "current creditor." Consistent with the plain language of §1692g(a)(2), decisions from Circuit and District Courts consistently require disclosure of the actual owner of the debt and not a servicing agent.

The case of Bourff v. Rubin Lublin, LLC, 674 F. 3d 1238 (11th Cir.2012) involved facts that are identical to the present case before this Court. In Bourff a creditor who owned a mortgage and note hired BAC Home Loan Servicing, LP to service the loan. BAC Home Loan Servicing, LP retained the defendant law firm, Rubin Lublin, to collect the loan after the borrower fell behind. Rubin Lublin sent a notice to Bourff that identified the servicer, BAC Home Loan Servicing, LP as "the creditor on the above-referenced loan."

The Plaintiff claimed that the notice sent by Rubin Lublin violated the FDCPA by falsely representing that BAC was the "creditor" on the loan, despite entities in BAC's position being specifically excluded from the definition of "creditor" by the language of the FDCPA. In holding that the letter identifying BAC Home Loan Servicing, LP as the "creditor" violated 15 U.S.C. §1692e and 15 U.S.C. §1692g(a)(2) of the FDCPA the 11th Circuit Court of Appeals stated:

> The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt collector" must "send the consumer a written notice containing"— along with other information—"the name of the creditor to whom the debt is owed[.]"
> 15 U.S.C. § 1692g(a)(2). In addition, the Act prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the

18

collection of any debt." 15 U.S.C. § 1692e. The use of "or" in §1692e means that, to violate the FDCPA, a representation by a "debt collector" must merely be false, or deceptive, or misleading. <u>A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.</u>(emphasis added)

Plaintiff claims that Rubin Lublin violated the prohibition on "false, deceptive, or misleading representation[s]" by falsely stating in its collection notice that BAC was the "creditor" on Bourff's loan. **The identity of the "creditor" in these notices is a serious matter.** (emphasis added)

Plaintiff's complaint alleges that he defaulted on the loan in April 2009 by failing to tender the required monthly payment. The complaint further alleges that BAC "received an assignment of the security deed and debt on June 19, 2009 ..., while the Plaintiff's loan was in default, for the purpose of facilitating collection of such debt for another, presently unknown, entity." **Accepting Plaintiff's allegations as true and construing them in the light most favorable to the Plaintiff, the statement on the May 2009 notice that BAC was Plaintiff's "creditor" was a false representation and was made by a "debt collector" as defined in § 1692a of the FDCPA**. (emphasis added)

In the instant case the Plaintiff's allegations mirror the allegations in the <u>Bourff</u> case. The Complaint alleges that the Plaintiff defaulted on the loan in November 2012 by virtue of the Plaintiff failing to tender the required monthly payment (Compl. ¶22).  The Complaint further alleges that Bank of America transferred servicing rights on the loan to Green Tree on April 1, 2013, while the loan was in default (Compl. ¶23). The Complaint further alleges while the Mortgage Loan was in default, Green Tree took over the loan for the purpose of facilitating collection of such debt for another entity, later identified as Fannie Mae (Compl. ¶24 & 34). Therefore, like the <u>Bourff</u>, case accepting Plaintiff's allegations as true and construing them in the light most favorable to the Plaintiff, the statement on the November 27, 2013 notice that Green Tree Servicing, LLC was Plaintiff's "creditor" was a false representation made by a debt collector, Phelan's letter violated the FDCPA as a matter of law, and Plaintiff's Complaint states a claim upon which relief may be granted under the FDCPA.

In addition to <u>Bourff</u>, other decisions agree that a servicing agent is not the "creditor" and naming the servicing agent as the creditor violates 15 U.S.C. §1692e and 15 U.S.C. §1692g(a)(2) of the FDCPA.

The case of <u>Wheeler v. Codilis & Assocs., P.C.</u>, 2013 U.S. Dist. LEXIS 175848 (N.D Ill. 2013) also involved identical facts to case currently before this Court. In <u>Wheeler</u>, the Plaintiff alleged the Defendant violated 15 U.S.C. §1692g(a)(2) by failing to accurately identify the "creditor to whom the debt is owed" in an initial debt collection communication. The Plaintiff in Wheeler alleged that Defendant was attempting to collect a mortgage debt that Plaintiffs allegedly owed and sent a letter which identified Bank of America, N.A as "the creditor to whom the debt is owed." Plaintiffs alleged that Bank of America was not "the creditor to whom the debt is owed." Instead, <u>they alleged, Bank of America was the servicing agent on Plaintiffs' mortgage and that the current owner of the debt was Federal Home Loan Mortgage Corporation, commonly known as "Freddie Mac"</u>.

The Court in <u>Wheeler</u> held that the Plaintiff stated a claim under 15 U.S.C. 1692g(a)(2) stating:

> But that does not mean, as Defendant suggests, that "<u>Section 1692g(a)(2)</u> expresses a preference for the entity currently responsible for servicing and enforcing the note and mortgage." Id. Defendant has not pointed to any statutory provision or case law suggesting any such preference or otherwise supporting its contention that "the purpose of <u>Section 1692g</u> is best served by identifying the party with control over the administration and enforcement of the loan." **The text of §1692g(a)(2) plainly requires identification of "the creditor to whom the debt is owed," regardless of whether that particular information might in some instances be less useful to a debtor than identification of the loan servicer or other entity. "Where the statute's language is plain, the court's function is to enforce it according to its terms."** <u>Kariotis v. Navistar Int'l Transp. Corp., 131 F.3d 672, 680 (7th Cir. 1997)</u>. (emphasis added)

The <u>Wheeler</u> Court went on to hold in a clarification of the Court's Memorandum Opinion and Order denying the motion to dismiss that 1692g(a)(2) was violated if the required information, i.e., the correct identity of the "creditor to whom the debt is owed" was not communicated to the debtor.

In our case the Plaintiff alleges that the Defendant was attempting to collect a mortgage debt that Plaintiff allegedly owed and sent a letter which identified Green Tree Servicing, LLC as the creditor in an attempt to comply with the FDCPA's requirement to identify "the creditor to whom the debt is owed" when in reality Fannie Mae was the creditor. This allegation is nearly identical to the allegation the <u>Wheeler</u> case.  Based on the Plaintiff's complaint the correct identity of the creditor to whom the debt is owed was not communicated to the debtor. The correct identity of the creditor was Fannie Mae yet the initial communication letter stated that Green Tree Servicing, LLC was the creditor, this was untrue because Green Tree Servicing was only the servicing agent and not the actual creditor. As the <u>Wheeler</u> Court pointed out "The text of § 1692g(a)(2) plainly requires identification of "the creditor to whom the debt is owed," regardless of whether that particular information might in some instances be less useful to a debtor than identification of the loan servicer or other entity. "Where the statute's language is plain, the court's function is to enforce it according to its terms." As such the Plaintiff's complaint in the case before this Honorable Court clearly states a claim upon which relief may be granted.


The case of <u>Sciortino v. Barrett Daffin Frappie Levin & Brock, LLP</u>, 2013 U.S. Dist. LEXIS 186720 (N.D. Ga. 2013), also involved identical facts as the case before this Court. The Court in <u>Sciortino</u> held that identification of a servicing agent as the current creditor stated a

claim under the FDCPA. In <u>Sciortino</u> the Plaintiff defaulted on the Mortgage Note and a company called Nationstar Mortgage, LLC ("Nationstar") received an assignment of the servicing rights of Plaintiff's loan after the default. The Plaintiff alleged that Fannie Mae was the "creditor to whom the debt is owed" and Nationstar was the "servicer" of the loan. Plaintiff received a letter from a defendant law firm which identified Nationstar, rather than Fannie Mae, as the "'lender' . . . to whom the debt was owed."

Just as in the case before this court the Plaintiff in Sciortino claimed that Defendant's letter violated §1692g(a)(2) of the FDCPA by failing to disclose the identity of his actual creditor, Fannie Mae, and instead identified his loan servicer, Nationstar.

Also as in the case before this Court, the Plaintiff in Sciortino also alleged that Defendant's Letter violated §1692e, prohibiting the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." According to Plaintiff, Defendant falsely and improperly represented that Nationstar (rather than Fannie Mae) was the creditor on a debt for which it was demanding payment.

The Court in <u>Sciortino</u> denied the Defendant's motion to dismiss stating:

Based on the allegations and incorporated exhibits to Plaintiff's Complaint, which must be construed in the light most favorable to Plaintiff, the **Court finds plausible Plaintiff's specific allegations that Fannie Mae was the creditor of Plaintiff's debt and that Nationstar was solely acting as a servicer to facilitate the collection of a debt on Fannie Mae's behalf**. In making this assessment of plausibility on a case specific basis, the Court also uses its own judicial experience and common sense. See <u>Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)</u> ….. Standard mortgage servicing practices, as reflected in the large volume of foreclosure cases regularly filed in this Court, including cases involving Fannie Mae, reveal the commonality of transfers of property to mortgage servicing entities solely for the purpose of enabling the servicer's collection efforts on behalf of another, consistent with the exception clause contained in §1692a(4). Accordingly, based on the Court's review of the Complaint as well as its legal analysis of the provisions of the FDCPA, the Court finds that Plaintiff's Complaint

plausibly states claims for relief under the FDCPA and that Defendant's Motion to Dismiss (Doc. 7) should be DENIED. (emphasis added)

In Park v. Shapiro & Swertfeger, LLP, 2013 U.S. Dist. LEXIS 23086 (N.D.Ga., Jan. 9, 2013), the court held that in an identical fact pattern as the one before this Court that identification of a servicing agent as the current creditor stated a claim under the FDCPA.

In Park, the Plaintiff received a letter which stated that Wells Fargo was the "creditor". The Plaintiff argued that Fannie Mae was the actual creditor and that Wells Fargo received assignment "while the note was in default solely for the purpose of facilitating collection of such debt for Fannie Mae. The Plaintiff in Park alleged that Wells Fargo was only the "servicer" of the loan, and not the "creditor," and that it was a "false, deceptive or misleading representation to identify Wells Fargo as the creditor in the letters.

The Court in Park held that:

> **Given the requirement of Section 1692g(a)(2), and reading the allegations in the light most favorable to the Plaintiff, it is plausible that Defendant's references to Wells Fargo could have led at least an unsophisticated consumer into believing Wells Fargo was the creditor**…Plaintiff alleges that Wells Fargo, the loan servicer, "received an assignment of the Plaintiff's note and security deed on September 1, 2011 while the note was in default solely for purpose of facilitating collection of such debt for Fannie Mae."…..Assuming this factual allegation is true—which the Court must at this stage of the case—Plaintiff has sufficiently pleaded that Wells Fargo was not, in fact, Plaintiff's creditor for purposes of a debt collection notice. (emphasis added) See Shoup, 465 Fed. Appx. at 884 ("[t]he allegation that the loan servicer was not a 'creditor' was enough to state a plausible claim for relief under the FDCPA") (citing Bourff, 674 F.3d at 1241).

In Sparkman v. Zwicker & Associates, P.C., 374 F.Supp.2d 293 (E.D.N.Y. 2005), an initial demand letter sent by debt collector Zwicker stated that "This office has been retained by The Bureaus Inc., an agent of the current owner of your account, to assist it in the collection of

the funds you owe on the above-listed account." In granting summary judgment to the Plaintiff

the court held that the quoted statement violated 15 U.S.C. §1692g(a):

> Here, plaintiff claims that the Collection Letter, which was the only validation notice sent
> by defendant to plaintiff, failed to identify the name of the creditor to whom her debt is
> owed as required by 15 U.S.C. § 1692g(a)(2). The name of the creditor, "The Bureaus,
> Inc.," does appear in the subject line of the Collection Letter, but is not identified as a
> creditor, although Chase Visa/Mastercard is identified as the "original creditor." The
> body of the letter then describes The Bureaus as "an agent of the current owner of your
> account." This language suggests that the creditor is someone other than The Bureaus.
> The least sophisticated consumer would not  deduce from reading the Collection Letter
> that the name of the creditor seeking collection is The Bureaus. Accordingly, plaintiff is
> entitled to summary judgment on her claim that defendant violated 15 U.S.C.
> §1692g(a)(2).

The use of servicing agents to manage debts owned by others is not confined to the

mortgage industry. If the requirement of disclosing the "creditor to whom the debt is owed" and

"current creditor" was satisfied by identifying the servicing agent, the Sparkman disclosure

would have been sufficient. As it stands disclosing the servicing agent is not sufficient to satisfy

the requirements of 15 U.S.C. § 1692g(a)(2).

In Hepsen v. J. C. Christensen and Associates, Inc., 2009 U.S. Dist. LEXIS 92717

(M.D.Fla., Sept. 22, 2009), aff'd 383 Fed. Appx. 877, 2010 U.S. App. LEXIS 12587 (11th Cir.

June 17, 2010), the court held that naming a servicing agent as the "creditor to whom the debt is

owed" violated §1692e(10). In Hepsen, LVNV owned a debt and hired Resurgent Capital

Services as its servicing agent. Resurgent in turn hired collection agency JCC to collect the debt.

JCC identified Resurgent as the "creditor to whom the debt is owed" instead of LVNV. The

court held that doing so violated the FDCPA stating:

> A clearly false representation of the creditor's name may constitute a "false representation
> . . . to collect or attempt to collect any debt or to obtain information concerning a
> consumer" under section 1692e(10).  Blarek v. Encore Receivable Mgmt., Inc., No. 06-
> C-0420, 2007 U.S. Dist. LEXIS 22549, 2007 WL 984096, at *15 (E.D. Wis. Mar. 27,

2007). Imposing liability based on a statement incorrectly    identifying the name of a creditor comports with the purposes of the FDCPA. Id.

It is undisputed that Christensen identified Resurgent as the creditor in its dunning letter to Hepsen when, in fact, at the time of the October 27, 2006 letter to Hepsen, the current creditor was LVNV. This was a false representation. (emphasis added) A creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed," but such term does not include debt collectors. 15 U.S.C. §1692a(4). By using the name of its client in the demand letter, rather than LVNV as the creditor on Hepsen's account, Christensen violated §1692e(10).

Section 1692g(a)(5), which requires a debt collector to provide the name and address of the original creditor in response to a written request for such information does not excuse Christensen's misidentification of the current creditor in its initial communication. Accordingly, Christensen misidentified the current creditor in its demand letter to Hepsen.

In Shoup v. McCurdy & Candler, LLC, 465 Fed. Appx. 882, 2012 U.S. App. LEXIS

6443 (11th Cir. March 30, 2012), the Eleventh Circuit followed Bourff and held that identifying

a servicing agent as the current creditor violated the FDCPA. The 11th Circuit Court of Appeals

held in Shoup:

> Here, viewing the allegations in the complaint in the light most favorable to Shoup, she has alleged that MERS did not offer or extend credit to her and that she does not owe a debt to MERS. Because the FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed," 15 U.S.C. §1692a(4), Shoup has alleged that MERS is not a "creditor" under the FDCPA. Finally, because the complaint alleges that McCurdy & Candler's initial communication letter falsely identified MERS as her "creditor," the complaint states a plausible claim for relief under the FDCPA.

In Suquilanda v. Cohen & Slamowitz, LLP, No. 10 Civ. 5868 (PKC), 2011 WL 4344044

(S.D.N.Y., Sept. 8, 2011), the court held that naming a servicing agent as the creditor violated

both 15 U.S.C. §1692g and 15 U.S.C §1692e(10) of the FDCPA. MRC Receivables owned a

debt and hired Midland Credit Management ("MCM") to service it. "Pursuant to the terms of a

servicing agreement between MRC and MCM, MCM was responsible for managing and <u>servicing</u> the collection of the debts owned by MRC.

MCM hired Cohen & Slamowitz collect the debt. Cohen & Slamowitz sent an initial demand letter identifying MCM as the "current creditor" instead of MRS. The Plaintiff in <u>Suquilanda</u> alleged that defendants violated 15 U.S.C §1692e(10) by falsely listing "Midland Credit Management" as the creditor in a letter when it was just the servicer rather than "MRC Receivables Corporation" who was the actual creditor who held legal title to the debt. The court held that plaintiff's complaint that the letter falsely listed the servicer, that did not own her debt, as the creditor stated a claim for violation of §1692g(a) and that failing to correctly identify the creditor states a claim for relief under 15 U.S.C §1692e(10).

Phelan seeks support for its position from <u>DeVito v Zucker, Goldberg & Ackerman, LLC</u>, 908 F. Supp. 2d 564 (D.N.J. 2012). However that case does not support Phelan's position that the 15 U.S.C §1692g(a)(2) does not require identification of the creditor to whom the debt is owed and by extension allows Phelan to write in its initial dunning letter "your creditor is GREEN TREE SERVICING, LLC" when that is not true.

In <u>DeVito</u>, the Judge <u>denied</u> a motion to dismiss Plaintiff's §1692g(a)(2) claim by Defendant while also denying a cross motion for summary judgment by the Plaintiff for that claim. The cross motion for summary judgment was not denied on the merits it was only denied because the Judge found summary judgment premature at the motion to dismiss stage. That case had very unusual circumstances where there was concrete evidence in the form of a letter from Plaintiff himself that he knew that the name of the current creditor was Saxon. In our case, there is no evidence that Plaintiff knew the name of the current creditor.  Phelan argues that Devito is

"squarely on point"—except that the Court should extend the reasoning in DeVito and grant Phelan's motion to dismiss because "the Validation Letter names Green Tree, the creditor Plaintiff associated with his loan". This argument misses the point-- the entire crux of Plaintiff's 1692g(a)(2) claim is that Phelan is obligated to name the creditor to whom the debt is owed and naming the servicer of the loan as the creditor does not satisfy that requirement. To the extent that Phelan is arguing that Green Tree is the "creditor Plaintiff"- that just isn't true and Phelan has not provided support for that proposition. DeVito also didn't deal with the issue before this Court as the cases cited above by Plaintiff do and is not "squarely on point" as claim by Phelan.

On a motion to Dismiss a Court must take Plaintiff's factual allegations as true and make all inferences in the light most favorable to the claims alleged. In that regard, the Court is simply required to accept as true that (1) Green Tree Servicing, LLC "received an assignment of the Plaintiff's note and security deed on April 1, 2013 while the note was in default solely for purpose of facilitating collection of such debt for another entity." (2) Green Tree Servicing, LLC is merely the servicing agent on behalf of the actual creditor Fannie Mae.

The term creditor is explicitly defined at 15 U.S.C. §1692a(4) as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt is default solely for the purpose of facilitating collection of such debt for another." Fannie Mae is the owner of the loan and meets the statutory definition of "creditor". Green Tree is merely the servicer attempting to collect a debt on behalf of Fannie Mae.

The Court at this stage in the proceedings is not permitted to consider extraneous evidence. Thus, taking Plaintiff's factual allegations as to the purpose of the assignment as true,

and the above referenced cases, this Court should accept as true that Green Tree Servicing, LLC was not the Plaintiff's creditor for purposes of Defendant's debt collection notices and that Fannie Mae is the plaintiff's creditor. As the plethora of the above referenced cases show, both the plain language and obvious purpose of 1692g require disclosure of the owner, not the intermediate collection agent. The above cited cases all hold that the allegation that a loan servicer was not a "creditor" and the collection letter falsely named them as the "creditor" when in fact another entity entirely is the actual creditor is enough to state a plausible claim for relief under 15 U.S.C. §1692e and 15 U.S.C. §1692g(a)(2) of the FDCPA, and therefore this Court should deny the motion to dismiss.

## E. **THE ALLEGED VIOLATION IS MATERIAL**

As an initial matter, the "materiality" argument only could apply to the alleged Section 1692e violations. Section 1692g(a)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. *see* Lee v. Forster & Garbus LLP, 12-cv-420, 2013 WL 776740, *2 (E.D.N.Y., March 1, 2013), *supra* and below. *See also* Wheeler v. Codilis & Assocs., P.C. supra, (§1692g(a)(2) was violated if the required information, i.e., the correct identity of the "creditor to whom the debt is owed" was not communicated to the debtor)

The FDCPA specifically and affirmatively requires, for the consumer's protection, the name of the creditor be disclosed. 15 U.S.C. §1692g(a)(2). Congress made a determination that the consumer had a right to know to whom the debt was owed. That decision must be respected. By not naming the proper creditor, the consumer is misled and potentially severely prejudiced.

**"Imposing liability based on a statement incorrectly identifying the name of a creditor comports with the purposes of the FDCPA.**" *see* Hepsen, 2009 U.S. Dist. LEXIS 92717.

If Congress requires certain information be disclosed that requirement must be complied with fully, not technically or "close enough". *see* Russell v. Equifax ARS, 74 F. 3d 30 (2nd Cir. 1996) ("We recognize there are many cunning ways to circumvent §1692g under cover of technical compliance, but purported compliance with the form of the statute should not be given sanction at the expense of the substance of the Act."

**By requiring that the name of the creditor be disclosed, Congress made a determination that the information is material. If Congress determines that an item of information is material, a court cannot decide otherwise**. Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012); Mark v. J. C. Christensen & Assoc., Inc., 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009); Massey v. On-Site Manager, Inc., 285 F.R.D. 239 (E.D.N.Y. 2012).

The case of Lee v. Forster & Garbus LLP, provides guidance on this issue, in Lee the Court in strictly applied Section 1692g(a)(2) in regards to the "materiality" issue and further held that the correct identity of the "creditor" was material for purposes of Section 1692e. In rejecting the Defendant's argument that the properly identify of the creditor wasn't material the Lee court specifically stated:

> Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692g(a)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, **failing to identify the creditor here was not immaterial as a matter of law**. The entity to which a debtor owes money potentially

affects the debtor in the most basic ways, such as what the debtor should write after "pay to the order of" on the payment check to ensure that the debt is satisfied. (emphasis added) Accordingly, Defendants' materiality argument is without merit.

Furthermore, all of the above cited cases show that correct identification of the creditor is material, otherwise the results would have been different. Specifically, in Bourff v. Rubin Lublin, LLC, *supra*, the 11th Circuit Court of Appeals stated, "**The identity of the "creditor" in these notices is a serious matter**." (emphasis added). As noted above that case involved the same set of facts as the case before this Court. *See also* Wallace v. Washington Mutual Bank, 683 F.3d 323, 327-328 (6th Cir. 2012) (correct identification of the debt collector and the owner of the debt is material) *and* Lee v. Forster & Garbus LLP (failing to identify the creditor here was not immaterial as a matter of law).

In passing the FDCPA Congress specifically required a debt collector to identify to the consumer the identity of the "creditor" to whom the debt was owed. 15 U.S.C. Section 1692(g)(2). It cannot, as a matter of law, be that misrepresenting the name of the creditor constitutes a "harmless mistake" when that very information is required by the Act to be provided. As such it is a per se violation of Section 1692(e) and in particular it violates 1962(e)(10).*See* Bourff v. Rubin Lublin, LLC, *supra*, which held very simply and straightforward that a notice which names a servicer as the creditor is a violation of Section 1692(e) and a material one at that.

As to the prescription against false representations, any representation which is objectively false constitutes a per se violation of Section 1692e *see also* Creighton v. Emporia Credit Service, Inc., 981 F.Supp. 411 (E.D.Va. 1997). Even if not objectively false, any statement which is capable of deceiving or misleading violates Section 1692e – Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). Deception is tested under the standard of the "least

sophisticated consumer" <u>U.S. v. National Financial Services, Inc</u>., 98 F.3d 131 (4th Cir. 1996). This standard measures tending to deceive "consumers of below-average sophistication or intelligence" – <u>Clomon v. Jackson</u>, 988 F.2d 1314 (2nd Cir. 1993). Any "plausible" interpretation of a representation which is deceptive or false to the "least sophisticated consumer" violates the FDCPA – <u>Dutton v. Wolhar</u>, 809 F.Supp. 1130 (D. Del. 1992). A "message that is open to an inaccurate yet reasonable interpretation by the consumer...is...deceptive as a matter of law" – <u>Creighton v. Emporia Credit Service, Inc</u>., 981 F.Supp. 411, 416 (E.D. Va. 1997) <u>Russell v. Equifax A.R.S</u>., 74 F.3d 30 (2nd Cir. 1996); *accord*, <u>Maguire v. Citicorp Retail Services, Inc</u>., 147 F.3d 232 (2d Cir. 1998).

The misrepresentation of Green Tree as a "creditor" not only is false, but that representation and others within the dunning letter mislead consumers in New Jersey. The standard for deciding whether a debt collector's communication violates the "deceptive" or "misleading" prongs of §1692e is a "least sophisticated consumer" test. <u>Brown</u> 464 F.3d at 453;<u>Wilson v. Quardramed Corp</u>., 225 F.3d 350, 354 (3rd Cir. 2000); <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3rd Cir. 1991. By misrepresenting that Green Tree is the "creditor" to whom the debt is owed, when that is not true, as Green Tree not the holder of the promissory note and is not entitled to the mortgage payments securing such note, Phelan Hallinan & Diamond, PC violated § 1692e.

Even if Plaintiff must prove that a "false" statement also constitutes a "deceptive" or "misleading" (despite the fact that such an interpretation contravenes the clear language of the statute), the reasonable inferences from the facts of dunning letter reveal that there is a violation of 15 U.S.C. §1692e(10). It is respectfully submitted that even a highly sophisticated consumer,

31

let alone a least sophisticated consumer, could be mislead or deceived by a letter stating that one company is the creditor when in reality a completely different entity is the actual owner of the debt. The cases cited above have all held this to be the case. *See* specifically <u>Park v. Shapiro & Swertfeger</u> **(Given the requirement of Section 1692g(a)(2), and reading the allegations in the light most favorable to the Plaintiff, it is plausible that Defendant's references to Wells Fargo could have led at least an unsophisticated consumer into believing Wells Fargo was the creditor)**

**POINT III**

**PHELAN'S ARGUMENTS THAT THE PLAINTIFF IS NOT AN ADEQUATE PLAINTIFF OR AN ADEQUATE CLASS REPRESENTATIVE IS WITHOUT MERIT**

In an unusual request, Phelan asks the Court to essentially strike the class allegations prior to any discovery being taken. Case law and authorities regarding this issue holds that any objections to Plaintiff as a class representative are premature at this juncture where no discovery has begun and a motion for class certification has yet to be filed.

A motion to strike a class allegation will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issue." <u>Receivables Purchasing Co., Inc</u>., 2010 U.S. Dist. LEXIS, at *2. "[O]nly allegations that are so unrelated to plaintiffs' claims as to be unworthy of any consideration should be stricken." <u>Johnson v. Anhorn</u>, 334 F.Supp.2d 802, 809 (E.D. Pa. 2004)

In this case the class allegations are related to the controversy, will not prejudice the parties, and will not confuse the issue. See <u>Receivables Purchasing Co., Inc</u>., supra, 2010 U.S. Dist. LEXIS, at *2. Specifically, the class allegations that other individuals were sent the form

collection letter which did not identify the correct creditor is directly related to the controversy which Plaintiff takes issue with.

In <u>Krug v. Focus Receivables Mgmt., LLC</u>, 2010 U.S. Dist. LEXIS 45850 (D.N.J.) Defendant argued that the class allegations should be stricken because there were over two million class members who would be eligible to receive a share of the settlement and they would not receive a large enough amount of money to make a class action worth it. The Court disagreed, "Plaintiffs should be afforded at least an opportunity to seek discovery of facts relevant to Focus's de minimus argument before the Court rules on the issue, and the Court would prefer to decide the issue on a more fully developed record. *See generally* <u>7AA Wright, Miller & Kane, Federal Practice and Procedure § 1785.3</u> ("As a practical matter, the court's [certification] determination usually should be predicated on more than the complaint itself affords."); <u>5-23 Moore's Federal Practice - Civil § 23.81</u> ("time for discovery on certification issues will be appropriate in many cases.")."

The Court can make one sweeping determination that the letter violates the FDCPA based on it being read from the perspective of the least sophisticated consumer and thus plaintiff and all class members will be entitled to statutory damages

Plaintiff is being accused by Phelan of being a professional plaintiff and certainly experienced in litigating under the FDCPA. Phelan argues that should preclude Plaintiff from bringing anymore FDCPA lawsuits.

Plaintiff is an adequate plaintiff and an adequate class representative according to the seminal case on this issue of <u>Murray v. GMAC Mortgage Corporation</u>, 434 F.3d 948,954 (7th Cir. 2006), in which Judge Easterbrook stated:

The district judge regarded 'Murray, her spouse, and their children [as] . ..professional plaintiffs. GMAC claims that Murray, her spouse, and their children are participants in more than fifty assorted suits seeking compensation for technical violations of the FCRA [Fair Credit Reporting Act] which are all being handled by the same law firm. Murray does not deny this fact in her reply. This is . . . an indication that Murray and her counsel are merely seeking the 'quick buck' from a class settlement and are not truly interested in vindicating any of the rights of the proposed class members.' Murray tells us that she has filed 'only' nine suits; her husband and four children filed the rest. Still, the Murrays are in this big time. What the district judge did not explain, though, is why 'professional' is a dirty word. It implies experience, if not expertise. The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by fifty different persons may sue only a subset of the offenders. Neither does GMAC. Murray did not accept compensation to put herself in the way of injury—though 'testers,' who do this in housing and employment litigation, usually are praised rather than vilified. See *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 374–75, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982); *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) Murray just opened the mail as it arrived. She did not invite any of the offers or entrap any potential creditor into accessing her credit history... . . .Her decision to sue everyone who accessed [her] credit history without her consent, rather than just a few, does not injure any other potential [class member]. Nothing about the frequency of Murray's litigation implies that she is less suited to represent others than is a person who received and sued but on a single offer. Repeat litigants may be better able to monitor the conduct of counsel, who as a practical matter are the class's real champions.

Wherefore, it is respectfully submitted that Defendant's objection to Plaintiff as class representative are without merit and inappropriate for a motion to dismiss, where no discovery has begun.

## CONCLUSION

For the foregoing reasons, Plaintiff, Jerry K.Wong, respectfully requests that the Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) filed by Defendant, Phelan Hallinan & Diamond, PC. be denied.

Dated:  Floral Park, New York

   November 3, 2014

                                        **The Law Offices of Gus Michael Farinella, PC**

                                        /s/ Ryan Gentile
                              By:_____
                                     Ryan Gentile (RG0835)
                                     Attorney for Plaintiff
                                     110 Jericho Turnpike
                                     Suite 100
                                     Floral Park, NY 11001
                                     Tel: (201) 873-7675
                                     Fax: (212) 675-4367
                                     rlg@lawgmf.com