FLASTER GREENBERG, PC
By: Kenneth S. Goodkind, Esq.
Id. No. 030631978
1810 Chapel Avenue West
Cherry Hill, NJ 08002
Telephone: 856-661-2273
Facsimile: 856-661-1919
E-mail: ken.goodkind@flastergreenberg.com
Attorneys for moving defendant Phelan Hallinan & Diamond, PC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JERRY K. WONG, on behalf of himself and all others similarly situated,

Plaintiff,

v.

PHELAN HALLINAN & DIAMOND, PC, and GREEN TREE SERVING, LLC,

Defendants

Case No. 2:14-cv-03252-ES-JAD

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF PHELAN HALLINAN & DIAMOND, PC TO DISMISS COMPLAINT WITH PREJUDICE PURSUANT TO FRCP 12(b)(6)**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

INTRODUCTION ..... 1

I. The Validation Letter Properly Identified Green Tree Servicing, LLC as the Current Creditor and Therefore Complies with FDCPA §1692g(a)(2) ..... 2

II. The Technical Violation, if Any, of the FDCPA in the Validation Letter is Immaterial and Thus Not Actionable under the FDCPA ..... 6

CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Bourff v. Rubin Lublin, LLC,
674 F.3d 1238 (11th Cir. 2012) ....................4

Campuzano-Burgos v. Midland Credit Management, Inc.,
550 F.3d 294 (3d Cir. 2008)....................5

Davis v. Lyons, Doughty & Velduis, P.A.,
855 F.Supp. 2d 279 (D. Del. 2012)....................4, 5

DeVito v. Zucker, Goldberg & Ackerman, LLC,
908 F. Supp. 2d 564 (D.N.J. 2012) ....................8

Donohue v. Quick Collect, Inc.,
592 F.3d 1027 (9th Cir. 2010) ....................7

F.T.C. v. Check Investors, Inc.,
502 F.3d 159 (3d Cir. 2007)....................3, 4

Gabriele v. American Home Mortg. Servicing, Inc.,
503 F. App'x 89 (2d Cir. 2012) ....................7

Good v. Nationwide Credit, Inc.,
2014 WL 5422103 (E.D.Pa. October 27, 2014) ....................7

Hahn v. Triumph Partnerships, LLC,
557 F.3d 755 (7th Cir. 2009) ....................7

In re Rockefeller Ctr. Properties, Inc. Securities Litig.,
184 F.3d 280 (3d Cir. 1999)....................9

Jenson v. Pressler & Pressler, L.P.,
2014 WL 1745042 (D.N.J. April 29, 2014)....................7

Kaymark v. Bank of America, N.A.,
11 F.Supp. 3d 496, 515 (W.D.Pa. 2014)....................6

Miller v. Javitch, Block & Rathbone,
561 F.3d 588 (6th Cir. 2009) ....................7

Pollice v. National Tax Funding, L.P.,
225 F.3d 379 (3d Cir. 2000)....................2, 3

Sparkman v. Zwicker & Associates, P.C.,
374 F.Supp. 2d 293 (E.D.N.Y. 2005) ....................................................................4, 5

Warren v. Sessoms & Rogers, P.A.,
676 F.3d 365 (4th Cir. 2012) ...............................................................................6, 7

Wilson v. Quadramed Corp.,
225 F.3d 350 (3d Cir. 2000).....................................................................................5

**FEDERAL STATUTES**

15 U.S.C. § 1692 *et seq*. .......................................................................................... passim

15 U.S.C. § 1692g(a)(2)...........................................................................................2, 8

15 U.S.C. § 1692g(a)(5)..............................................................................................2

## INTRODUCTION

Plaintiff Jerry Wong ("Plaintiff") essentially concedes that defendant Phelan Hallinan & Diamond, PC ("PHD") persuasively argues in its brief in support of its Motion to Dismiss the Complaint with Prejudice that this Court should follow the unmistakable trend in recent decisions in this District which hold that only material violations of the Fair Debt Collection Practices Act, (the "FDCPA") 15 U.S.C. §1692 *et seq.* are actionable. That is clear because Plaintiff's Brief in Opposition ("PB") entirely fails to discuss, much less distinguish, these decisions of District Courts in the Third Circuit.

Instead, PB serves only to misdirect this Court into believing that formulaic allegations of supposed misrepresentations contained in a validation letter (the "Validation Letter") sent to Plaintiff by PHD could plausibly give rise to liability under the FDCPA. PB offers only superficial, incomplete and convoluted snapshots from cases *outside* of this Circuit -- by "cutting and pasting" out of context seemingly supportive judicial comments which completely disregard the rulings in those cases that a fuller review and analysis reveals.[1] Because the Validation Letter comports with the FDCPA's requirements and did not materially (or otherwise) mislead Plaintiff, Plaintiff's Complaint must be dismissed in its entirety with prejudice.

[1] Examples of Plaintiff's near-complete reliance on cases *outside* of this Circuit to support its substantive arguments abound. E.g., as discussed herein, Plaintiff's standing argument (PB at 10) does not cite any cases from this Circuit (other than for the least sophisticated debtor standard); nor does his attempt to distinguish Green Tree's status (Id. at 14). Plaintiff's argument as to the FDCPA's requirements (Id. at 16) relies almost entirely on a short opinion from the Eleventh Circuit never cited in this Circuit. It is not until PB p. 26 that Plaintiff again cites to a case in this Circuit. Most significantly, Plaintiff's attempt to argue around the materiality requirement (Id. at 28) relies entirely on cases outside of this Circuit (except for the least sophisticated consumer standard, which PHD's moving brief already embraced).

## I. The Validation Letter Properly Identified Green Tree Servicing, LLC as the Current Creditor and Therefore Complies with FDCPA §1692g(a)(2)

Plaintiff's Complaint is limited to a single alleged violation in what he concedes is an otherwise FDCPA compliant Validation Letter. Plaintiff's claim is identifying co-defendant Green Tree Servicing, LLC ("Green Tree"), the servicer of Plaintiff's mortgage loan (the "Debt"), as the creditor to whom the Debt is owed is a false, deceptive, or misleading representation. FDCPA §1692g(a)(2) provides that a validation letter is to contain the name of the creditor to whom the debt is owed. Plaintiff contends that naming Green Tree as the creditor in the Validation Letter is a violation of the FDCPA -- even though the Validation Letter accomplished what the FDCPA intends such letters do: clearly providing information, including Plaintiff's loan number, servicing information and instructions for disputing the Debt, indisputably sufficient to allow Plaintiff to confirm that the Debt was his.

Moreover, even if Plaintiff had any doubt that the Debt was his because of the identity of the creditor, the Validation Letter -- as required by FDCPA § 1692g(a)(5) -- told him that further information identifying Plaintiff's original creditor would be provided upon written request. Plaintiff never made such a request, confirming that he did not need further information to confirm the Debt was his.

Plaintiff argues that Green Tree is a debt collector only, and not a creditor, under the FDCPA because it took over servicing rights after Plaintiff defaulted on the Debt. The authorities relied on in PB do not support this argument. For example, Plaintiff, without analysis, claims that Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000) directly supports his

assertion.[2] However, Pollice, does not stand for the proposition asserted by Plaintiff. There, the Third Circuit considered the potential vicarious liability of a debt collector who retained a third-party to collect delinquent municipal utility bills on its behalf when that third party engaged in FDCPA violations. Pollice did not address whether a loan servicer was properly named as a creditor under the FDCPA.

Similarly, F.T.C. v. Check Investors, Inc., 502 F.3d 159 (3d Cir. 2007), also substantially relied upon in PB, is factually distinct from this matter. In Check Investors, a corporation formed to collect on bad checks purchased the checks themselves, rather than offering its services to financial institutions as a third party debt collector, in a conscious effort to evade the FDCPA's strictures. After buying bad checks, Check Investors engaged in a wide range of outrageous behaviors and abusive debt collection practices of the types contemplated by Congress in enacting the FDCPA: threats of criminal liability, threats to interfere with child custody, harassment of family members and repetitive calling. Id. at 164. The FTC argued that Check Investors was a debt collector, even though it owned the debts, and as such was required to comply with the FDCPA. Id. at 167.

The Third Circuit, in holding that Check Investors was a debt collector under the FDCPA, emphasized the purpose for which the debts were purchased -- solely for collecting on bad checks and reaping exorbitant fees. There was no likelihood of an "ongoing relationship"

---

[2] PB concedes, as PHD noted in its moving brief, that Plaintiff does not reside in the property securing the Debt, which raises the issue whether the Debt falls under the FDCPA because it is no longer a debt for an eligible purpose. PB further mischaracterizes Pollice in suggesting it supports Plaintiff's contention that as long as the original purpose of a debt comports with the FDCPA he is entitled to the FDCPA's protections *ad infinitum,* even when the purpose shifts to an ineligible commercial or other non-residential purpose. However, Plaintiff conveniently ignores that the debt in Pollice, residential public utility bills, never changed in character throughout the circumstances of that case. Pollice focuses its attention on the transfer of the debt and does not address the consequences of the alteration of the debt's nature or purpose. Pollice at 400.

between Check Investors and a debtor once payment was made--"the only relationship would be collection." Id. at 174. Unlike the parties in Check Investors, there was nothing here (aside from Plaintiff's own choices) preventing him from seeking to cure his default or modify the Debt and thereby continue the servicing relationship with Green Tree. Accordingly, Plaintiff's reliance on Check Investors is misplaced.

Importantly, Plaintiff further ignores a recent decision within this Circuit holding that a servicer or secondary creditor is a properly named creditor in a validation letter or other initial communication subject to the FDCPA.[3] See Davis v. Lyons, Doughty & Velduis, P.A., 855 F.Supp. 2d 279 (D. Del. 2012), where the District Court denied a plaintiff's assertion that a validation letter was misleading where, as here, it identified the party on whose behalf the law firm was seeking to collect a debt as the creditor. As with the Validation Letter here, the Davis defendant law firm sent a letter to the plaintiff stating it was a debt collector collecting a debt on behalf of its client, Midland Funding, LLC. Plaintiff alleged numerous FDCPA violations, arguing that because Midland Funding was not the original creditor and because the letter stated: **"this office represents Midland Funding LLC in connection with your account,"** the letter was deceptive and failed to properly identify the creditor -- i.e., it was not clear that Midland Funding was the creditor. Id. at 284.

In rejecting the plaintiff's argument and upholding the defendant's identification of the creditor as proper, the Davis court distinguished Sparkman v. Zwicker & Associates, P.C., 374 F.Supp. 2d 293, 300–01 (E.D.N.Y. 2005). In Sparkman, relied on by both the Davis plaintiff and

[3] In effect admitting that Plaintiff cannot find support for his position in this Circuit, PB excerpts almost the entirety of a two page per curium Eleventh Circuit case, Bourff v. Rubin Lublin, LLC, 674 F.3d 1238 (11th Cir. 2012), citing it seven times. However, Bourff is not in line with the jurisprudence in this Circuit (and in fact has never been cited in this Circuit), and stands in contrast to the growing trend throughout the country holding that immaterial technical violations of the FDCPA are not actionable, as discussed more fully *infra* starting on p. 10.

Plaintiff Wong, a validation letter contained language suggesting that a party who actually owned the debt was instead representing an unidentified third party in collecting a debt. The Davis court found:

> Plaintiff cites [Sparkman] as support for finding Defendant did not properly identify the current creditor. In Sparkman, the debt collector referred to the current creditor —Bureaus—as 'an agent of the current owner of your account.' This created the false perception that Bureaus, the current creditor, was actually an agent of a separate, undisclosed creditor.

Davis at 284. Just as Sparkman failed to buttress the plaintiff's argument in Davis, it similarly fails to do so here. There is nothing in the Validation Letter indicating that Green Tree was anything other than the proper party for Plaintiff to contact to dispute or settle his Debt.

Underpinning all of the aforementioned cases is the well-settled principle that although alleged FDCPA violations are viewed by courts under the "least sophisticated" consumer standard, consumers adopting "bizarre or idiosyncratic interpretations of collection notices" are not afforded FDCPA protections. Wilson v. Quadramed Corp., 225 F.3d 350, 345-55 (3d Cir. 2000). As such, "the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety." Campuzano-Burgos v. Midland Credit Management, Inc., 550 F.3d 294, 299 (3d Cir. 2008) (citing Fed. Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 510 (6th Cir. 2007)). The Third Circuit has clearly instructed:

> Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'

Campuzano-Burgos, at 299.

As a result, Plaintiff's allegation that the Validation Letter -- which clearly identified Green Tree, Plaintiff's account number, and the balance, and told Plaintiff how to dispute the Debt or request further information -- violated the FDCPA's requirement that certain creditor information be included amounts to nothing more than an attempt to ignore judicial precedents in this Circuit. Plaintiff asks this Court to ignore the purposes of the FDCPA and allow his being "willfully blind" to serve as an excuse that rewards him and his counsel for adopting a fanciful and unreasonable interpretation of the Validation Letter.

## II. The Technical Violation, if Any, of the FDCPA in the Validation Letter is Immaterial and Thus Not Actionable under the FDCPA

Regardless of whether or not Green Tree was properly named as the creditor in the Validation letter, any deficiency was immaterial and does not subject PHD to liability under the FDCPA. Although Plaintiff outrageously suggests to this Court that "if Congress determines that an item of information is material, a court cannot decide otherwise" (PB, p. 29), this baldly incorrect proclamation, and Plaintiff's reliance on improperly credited cases from *outside* this jurisdiction, cannot be allowed to stand.[4]

Plaintiff cavalierly ignores the cases within the Third Circuit that have found the "**emerging materiality analysis in FDCPA cases** arising from communications made during state court litigation **compelling**." Kaymark v. Bank of America, N.A., 11 F.Supp. 3d 496, 515 (W.D.Pa. 2014) (emphasis added). Similarly this Court has decided that it "is persuaded [by] the reasoning that a '**statement cannot mislead unless it is material, so a false but non-material**

[4] For example, Plaintiff cites to Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) as holding that in circumstances like those here, any technical violation triggers FDCPA liability. Instead, Warren involved harassing phone calls made to a debtor by a law firm collecting a debt which did not identify itself as such in any manner, instead indicating only that the caller was from a law firm. Id. Therefore, Warren does not bolster the Plaintiff's argument because the facts here do not involve a flagrant and fundamental omission like the Warren defendant's failure to identify itself as a debt collector.

**statement is not actionable**.'" Jenson v. Pressler & Pressler, L.P., 2014 WL 1745042 at *3-4 (D.N.J. April 29, 2014) (citing Hahn v. Triumph Partnerships, LLC, 557 F.3d 755, 758 (7th Cir. 2009)) (emphasis added). In line with the trends in other Circuits, more courts within the Third Circuit have followed this Court's lead in adopting the materiality requirement for evaluating claims based on hyper-technical violations of the FDCPA. Good v. Nationwide Credit, Inc., 2014 WL 5422103 at *5 (E.D.Pa. October 27, 2014) ("**a statement cannot mislead unless it is material**") (emphasis added).

The materiality requirement in this Circuit is consistent with the development of the law across the country. See Gabriele v. American Home Mortg. Servicing, Inc., 503 F. App'x 89, 94 (2d Cir. 2012) (dismissing FDCPA claim for false, deceptive, or misleading practices where, as is the case here, communications "were not misleading or deceptive as to the nature or legal status of [plaintiff's] debt, nor would they have prevented the least sophisticated consumer from responding to or disputing the action."). See also Warren v Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) ("courts have generally held that violations grounded in 'false representations' must rest on **material misrepresentations**"); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) ("false but non-*material* representations are not likely to mislead the least sophisticated consumer and therefore are not actionable"); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009) ("**materiality** is an ordinary element of any federal claim based on a false or misleading statement," including the FDCPA); Hahn, 557 F.3d at 758 (7th Cir. 2009) (Easterbrook, C.J.) ("[a] **statement cannot mislead unless it is *material***"). (Italic and bold emphases added.)

Notably, PB completely ignores this weight of authority, does not recognize the cases within this Circuit adopting the materiality requirement and instead relies on a handful of cases

primarily from the Eleventh Circuit and the District of Georgia to bolster Plaintiff's narrow view. Even more significantly, Plaintiff never alleges that he was misled by the naming of Green Tree as the servicer of his Debt, nor even that any putative class member could be misled in similar circumstances. In fact, both the Complaint and its exhibits and PB instead indicate that Plaintiff was aware at all times that FNMA was the owner of his Debt. At the very least, the exhibits to the Complaint, including statements from the prior servicer, Bank of America, N.A., clearly evidence that Plaintiff knew or should have known that servicing of his Debt was transferred to Green Tree and that Green Tree was not the original investor/creditor. See Complaint, Ex. A and B. (The third bullet point on p. 3 of Exhibit B made it clear to Plaintiff that the investor is a different party than the servicer.)

Accordingly, Plaintiff could not have been misled by the Validation Letter — he knew who Green Tree was, he was able to clearly identify the Debt as his, and it was of no consequence to him that the original creditor/investor was not named. In light of the foregoing, it is nonsensical that Plaintiff seeks to rebut PHD's reliance on this Court's decision in DeVito v. Zucker, Goldberg & Ackerman, LLC, 908 F. Supp. 2d 564 (D.N.J. 2012) by arguing that the DeVito plaintiff is dissimilar from Wong because the DeVito court "had concrete evidence" that the identity of the current creditor was known. (PB at 26). Plaintiff misses the gravamen of DeVito, which is this Court's holding that alleged 15 U.S.C. §1692g(a)(2) violations are not assessed by imposing strict liability, but instead are analyzed under the least sophisticated debtor standard discussed above. Id. at 569.

Even if this Court concluded that the FDCPA technically required that FNMA, not Green Tree, be named as the creditor in the Validation Letter, failing to do so amounts at most to an immaterial violation of the FDCPA. It would be inequitable to indulge Plaintiff, whose

arguments epitomize the elevation of form over substance, and moreover, ignore the purposes served by the FDCPA and the prevailing opinions of Courts in the Third Circuit. Plaintiff was never harmed in any sense, nor was it intended that he be. His *di minimis* claims do not trigger FDCPA liability.[5]

**CONCLUSION**

For the reasons herein and in its moving brief, PHD respectfully requests the Court grant its Motion to Dismiss the Complaint with Prejudice and award PHD such other relief as is just and proper.

By: *Is/ Kenneth S. Goodkind*
Kenneth Goodkind, Esq.
**FLASTER/GREENBERG P.C.**
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002
*Attorneys for Defendant Phelan Hallinan & Diamond, PC*

Dated: November 26, 2014

[5] Finally, it is noted that Plaintiff oddly alleges that PHD improperly relies on extrinsic evidence in supporting its Motion to Dismiss. (PB at 27). PHD relied only on the Complaint and its exhibits. However, the Third Circuit clearly holds that Courts may consider certain materials outside of the pleadings, including documents integral to or explicitly relied upon in a complaint or undisputedly authentic documents specifically attached as an exhibit to a motion to dismiss without converting the motion to dismiss to a summary judgment motion. In re Rockefeller Ctr. Properties, Inc. Securities Litig., 184 F.3d 280, 287 (3d Cir. 1999). Accordingly, the premise of Plaintiff's argument is factually and legally incorrect.