<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY K. WONG, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHELAN HALLINAN & DIAMOND, PC, and GREEN TREE SERVICING, LLC,<br><br>Defendants. | Civil Action No. 14-3252 (ES)<br><br>OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on Defendant Phelan Hallinan & Diamond, PC's motion to dismiss Plaintiff Jerry K. Wong's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 18). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court denies Phelan's motion to dismiss.

**I.      Factual Background and Procedural History**

On or about April 2007, Plaintiff incurred a debt, namely a personal mortgage loan on Plaintiff's personal residence. (D.E. No. 1, Class Action Complaint ("Compl.") ¶¶ 19-20). Plaintiff's mortgage loan went into default in November 2012 after Plaintiff failed to tender the required monthly payment. (*Id.* ¶ 22; D.E. No. 1, Ex. A (Bank of America monthly billing statement)). By letter dated March 9, 2013, Bank of America notified Plaintiff that it would be transferring servicing rights on the mortgage loan to Green Tree Servicing, LLC ("Green Tree"), effective April 1, 2013. (Compl. ¶ 23; D.E. No. 1, Ex. B). Accordingly, on April 1, 2013, Green

Tree formally began servicing the defaulted mortgage loan "for the purpose of facilitating collection of such debt for another entity." (Compl. ¶ 24).

Shortly after November 27, 2013, Plaintiff received an initial communication letter from Phelan Hallinan & Diamond, PC ("Phelan"). (*Id.* ¶ 30; *see also* D.E. No. 1, Ex. C). According to Plaintiff, Phelan is a professional corporation "engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes for mortgage servicers and other entities." (Compl. ¶¶ 10, 13). Plaintiff alleges that Phelan sent the initial communication letter at Green Tree's request. (*Id.* ¶ 40). The letter identifies Phelan as "a debt collector attempting to collect a debt," lists the amount of Plaintiff's debt as of November 12, 2013, and displays Green Tree's name and an account number in the subject line. (D.E. No. 1, Ex. C). The letter further states that "Your creditor is GREEN TREE SERVICING, LLC." (*Id.*; Compl. ¶ 36). Plaintiff alleges that, contrary to the letter's representations, Green Tree is a debt collector as opposed to a creditor. (Compl. ¶¶ 27-28). Plaintiff alleges that, upon information and belief, the creditor of his mortgage loan is Federal National Mortgage Association, commonly known as Fannie Mae ("FNMA" or "Fannie Mae"). (*Id.* ¶ 38).

On May 21, 2014, Plaintiff initiated a putative class action by filing the instant Class Action Complaint (the "Complaint") against Phelan and Green Tree (collectively, "Defendants"). (D.E. No. 1). Plaintiff asserts that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* in two ways: (1) by falsely stating in the initial communication letter that Green Tree was the creditor to whom the debt at issue was owed, in violation of 15 U.S.C. § 1692e and (2) by failing to name the current creditor to whom Plaintiff's debt was owed, in violation of 15 U.S.C. § 1692g(a)(2). (Compl. at 7-8).

## II. Legal Standards

### A. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, a district court deciding a motion to dismiss generally does not consider materials beyond the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). An "exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to

dismiss] into one for summary judgment." *In re Burlington Coat Factory*, 114 F.3d at 1426 (alteration in the original and internal quotation marks omitted). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

### B. FDCPA Background

Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress expressly stated that the purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors" and "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Relevant to the instant matter, the FDCPA requires that, within five days of the initial communication with a consumer in connection with the collection of a debt, debt collectors must provide the consumer with written notice containing certain information about the debt. 15 U.S.C. § 1692g. Among the information that must be provided is "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The statute only requires the disclosure of the name of the current creditor. This is evidenced by the fact that the statute requires debt collectors to furnish "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692(a)(5). The FDCPA also prohibits the use of "any

4

false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Because the FDCPA is a remedial statute, its language is construed broadly. *See Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006); *Stroh v. Director, OWCP*, 810 F.2d 61, 63 (3d Cir. 1987). For this reason, the Third Circuit has held that "certain communications from lenders to debtors should be analyzed from the perspective of the 'least sophisticated debtor.'" *Brown*, 464 F.3d at 453 (citing *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)). This standard "requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Id.* at 454 (internal quotation marks omitted); *see also Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (explaining that the least sophisticated debtor standard "is lower than the standard of a reasonable debtor"). The least sophisticated consumer standard "protects naive consumers" while also preventing "liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson*, 225 F.3d at 354-55 (internal quotation marks omitted).

### III. Analysis

#### A. Standing

Phelan argues that the Complaint fails to allege facts demonstrating that Plaintiff has standing to sue under the FDCPA. (D.E. No. 18-1, Memorandum of Law in Support of Motion of Phelan Hallinan & Diamond, PC to Dismiss Complaint With Prejudice Pursuant to FRCP 12(b)(6) ("Def. Mov. Br.") at 5-6). In particular, Phelan argues that the loan described in the

Complaint does not constitute a "debt" within the meaning of the FDCPA and that, therefore, Plaintiff cannot sue under this statute. (*Id.*).

The FDCPA defines the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "By its terms then, the FDCPA applies to only consumer debt for personal, family or household purposes and *not to commercial debt*." *Affinity Fed. Credit Union v. Allstar Contracting, LLC*, No. 11-2423, 2011 WL 6020588, at *2 (D.N.J. Dec. 1, 2011).

Phelan argues that the mortgage loan in question cannot qualify as a "debt" under the FDCPA because "the Mortgage is secured by Property in Woodbridge, New Jersey, but Plaintiff resides far away from there, in Clifton, New Jersey." (Def. Mov. Br. at 5). Phelan asserts that "[i]n all events, a loan related to the Property, which is used for purposes other than Plaintiff's personal, family or household uses, such as the commercial, investment or other use that Plaintiff makes of the Property (by process of elimination based on the Complaint), falls outside of the scope of the FDCPA." (*Id.* at 5-6).

In response to the motion to dismiss, Plaintiff acknowledges that he currently lives in Clifton, New Jersey due to an ongoing separation with his spouse. (D.E. No. 21, Plaintiff's Responding Brief Opposing Defendant's Motion for Dismissal ("Pl. Opp. Br.") at 12). However, he contends that the fact that he moved out of his home years after obtaining the mortgage loan at issue does not alter the status of the loan as a "debt" within the meaning of the FDCPA. (*Id.*). The Court agrees.

The Third Circuit has "held that a transaction's status as a 'debt' under the FDCPA must be determined at the time that the obligation first arose." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 168 (3d Cir. 2007); *see also Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000) (holding homeowners' water and sewer obligations constituted "debts" based on their status when they "first arose"). Moreover, courts that have assessed whether a debt is primarily for personal, family, or household purposes, as opposed to business purposes, have recognized that the relevant time period for determining the nature of the debt is when the debt first arises, not when collection activities begin. *See, e.g.*, *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 293 (6th Cir. 2012); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark L.L.C.*, 214 F.3d 872, 874 (7th Cir. 2000); *Smith v. Progressive Fin. Servs., Inc.*, No. 12-1704, 2013 WL 3995004, at *8 (D. Or. Aug. 1, 2013).

The plain language of the FDCPA favors this interpretation, as the statute defines "debt" as "any obligation or alleged obligation of a consumer to pay money *arising out of a transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5) (emphasis added).

In relatively analogous situations, courts have held that a plaintiff had standing to sue because the obligation at issue arose out of the purchase of a home for personal use. *Haddad*, 698 F.3d at 294; *Miller*, 214 F.3d at 875. In *Miller*, for example, the Seventh Circuit held that a plaintiff who bought a home, took out a mortgage, and lived in his home for three years had standing to sue even though he was renting his property to strangers and making a business use of the property by the time he received a dunning letter from one of the defendants. *Miller*, 214 F.3d at 874. The Seventh Circuit held that the FDCPA was applicable, since the transaction out of which the obligation to repay arose was the purchase of a house for personal use. *Id.* at 875. Likewise, the

Sixth Circuit in *Haddad* held that a plaintiff had standing to sue under the FDCPA because "[e]ven though [he] no longer resides at the property, the record is clear that he purchased the condominium for personal usage." *Haddad*, 698 F.3d at 294.

In this case, Plaintiff alleges that he incurred a debt in the form of a mortgage loan in April 2007 and that this "Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal mortgage loan on the Plaintiff's personal residence." (Compl. ¶ 20). The Complaint indicates that Plaintiff currently resides in Clifton, New Jersey, but this is of no moment. Based on the allegations in the Complaint, the mortgage loan at issue constitutes a debt because Plaintiff's obligation to pay arose from the original transaction, namely the purchase of a personal residence. The character of this debt is not changed by the fact that Plaintiff now resides elsewhere. Accordingly, the Court holds that the FDCPA applies to the mortgage loan in this case.

### B. Green Tree's Status as a Debt Collector

The parties dispute whether Green Tree is a debt collector or a current creditor. Plaintiff's Complaint alleges that Green Tree is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and that FNMA is the current creditor, but Phelan's submissions consistently refer to Green Tree as Plaintiff's current creditor. Because Plaintiff's FDCPA claims are premised on the fact that Green Tree is a debt collector and FNMA is the current creditor, the Court must address whether Plaintiff has sufficiently alleged that Green Tree is a debt collector.

Plaintiff alleges that Green Tree "regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default." (Compl. ¶ 16). Plaintiff further alleges that Green Tree "began servicing the Mortgage

8

Loan after the debt was already in default." (*Id.* ¶ 27). This allegation is supported by the March 9, 2013 letter from Bank of America notifying Plaintiff that it would be transferring servicing rights on the mortgage loan to Green Tree, effective April 1, 2013. (D.E. No. 1, Ex. B). The mortgage loan was already in default at that time, as Plaintiff defaulted on the loan in November 2012. (Compl. ¶ 22; D.E. No. 1, Ex. A).

The FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). This "term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." *Id.* The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F).

"[A]s to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." *FTC v. Check Investors, Inc.*, 502 F.3d at 173. "[O]ne attempting to collect a debt is a 'debt collector' under the FDCPA if the debt in question was in default when acquired," and "[c]onversely . . . an entity is a creditor if the debt it is attempting to collect was not in default when it was acquired." *Id.* (citing *Pollice*, 225 F.3d at 403-04.)

At the motion to dismiss stage, the Court must accept Plaintiff's factual allegations as true and make all inferences in Plaintiff's favor. The Court concludes that Plaintiff has pled facts indicating that Green Tree is a debt collector, rather than a current creditor, as Plaintiff alleges that Green Tree "regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default." (*See* Compl. ¶ 16). This allegation concerning Green Tree's status mirrors the definition of "debt collector" set forth in 15 U.S.C. § 1692a(6). Taking Plaintiff's allegations as true, which the Court must at this juncture, Green Tree is a debt collector within the meaning of the FDCPA as opposed to Plaintiff's current creditor.

### C. Plaintiff's §§ 1692e and 1692g(a)(2) Claims

Phelan argues that Plaintiff has failed to state a claim for relief under 15 U.S.C. §§ 1692e and 1692g(a)(2). However, Phelan misconstrues the nature of Plaintiff's FDCPA claims. Phelan asserts that the "Complaint fails to state a claim because it requires the Court to myopically and mechanically conclude that § 1692g can only be satisfied if the creditor identified in a validation letter is the party that originally owned the debt." (Def. Mov. Br. at 7). Phelan contends that "the FDCPA does not require that the name of the original creditor be stated in the Validation Letter because the current creditor, Green Tree, is named." (*Id.*). Yet Plaintiff's Complaint does not assert FDCPA violations based on a failure to identify the original creditor. Rather, as noted above, the Complaint alleges that Green Tree is a debt collector, not a creditor. (Compl. ¶¶ 16-17). Furthermore, the Complaint alleges that Defendants violated the FDCPA by falsely stating in the initial communication letter that Green Tree was the creditor to whom Plaintiff's debt was owed and by failing to disclose the name of the current creditor. (*Id.* at 7-8). The Court does not address Phelan's contention that a debt collector is not required under the FDCPA to disclose the name of

10

the original creditor. Nor does the Court entertain Phelan's assertion that, at most, the collection letter's failure to list the name of Plaintiff's original creditor amounts to an immaterial violation of the FDCPA. Phelan's arguments in this regard are based on an erroneous interpretation of the Complaint and have no bearing on the Complaint's actual allegations.

Turning to the Complaint's allegations, the Court concludes that Plaintiff has sufficiently stated a claim for relief under §§ 1692e and 1692g(a)(2). Courts have recognized that a clearly false representation of the creditor's name may qualify as a "false representation . . . to collect or attempt to collect any debt," in violation of § 1692e. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012); *Hepsen v. J.C. Christensen & Assocs., Inc.*, No. 07-1935, 2009 WL 3064865, at *5 (M.D. Fla. Sept. 22, 2009) (holding that the defendant's misidentification of the current creditor in the initial communication violated § 1692e(10)); *Blarek v. Encore Receivable Mgmt., Inc.*, No. 06-0420, 2007 WL 984096, at *15 (E.D. Wis. March 27, 2007) ("Imposing liability for stating the incorrect name of the creditor would not lead to patently absurd consequences or thwart the purposes of the FDCPA."). Moreover, in a case with closely analogous facts, the Eleventh Circuit held that a plaintiff sufficiently stated a claim under § 1692e, where the plaintiff alleged that a defendant law firm falsely stated in its collection notice that BAC Home Loan Servicing, LP was the creditor on the loan when, in fact, BAC did not qualify as a creditor under the FDCPA. *See Bourff v. Rubin Lublin*, 674 F.3d 1238, 1241 (11th Cir. 2012) (explaining that "[t]he identity of the 'creditor' in these notices is a serious matter"). In keeping with these decisions, the Court concludes that Plaintiff has sufficiently stated a claim for relief by alleging that Phelan misrepresented Green Tree as his current creditor.

As to Plaintiff's § 1692g(a)(2) claim, the statute explicitly requires debt collectors to disclose "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Courts

have recognized, and this Court agrees, that a debt collector's failure to identify the creditor's name in a communication with the consumer can amount to a violation of § 1692g(a)(2). In *Devito v. Zucker, Goldberg & Ackerman, LLC*, for example, a district court within this District denied a motion to dismiss where the plaintiff alleged that the defendant failed to identify the creditor to whom the debt was owed. *Devito*, 908 F. Supp. 2d 564, 570 (D.N.J. 2012). As the court explained, the Notice of Intention to Foreclose (NOI), on its face, "fails to provide the creditor's name, as required under § 1692g(a)(2)," and "[a]though the NOI provides unique identifying information regarding Plaintiff's loan, a least sophisticated debtor may not be so savvy as to glean the creditor name from only the loan number." *Id.* Accordingly, the court held that the plaintiff pled sufficient facts to defeat the defendant's motion to dismiss with respect to the § 1692g(a)(2) claim. *Id.* The *Devito* decision is consistent with how other federal courts have construed § 1692g(a)(2) claims for a debt collector's failure to identify the current creditor's name. *See, e.g.*, *Wheeler v. Codilis & Assocs., P.C.*, No. 13-3093, 2013 WL 6632125, at *5 (N.D. Ill. Dec. 16, 2013) (denying motion to dismiss § 1692g(a)(2) claim where plaintiffs alleged that defendant misidentified Bank of America as the current creditor and thus failed to accurately identify the creditor to whom the debt was owed); *Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-345, 2006 WL 1982499, at *1 (E.D. Wis. July 13, 2006) (denying motion to dismiss where plaintiff alleged that defendant's reference to the creditor as "Target" was inadequate under 15 U.S.C. § 1692g(a)(2), given that the creditor's full name was "Target National Bank"); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 301 (E.D.N.Y. 2005) (holding that defendant violated § 1692g(a)(2) because "[t]he least sophisticated consumer would not deduce from reading the Collection Letter that the name of the creditor seeking collection is The Bureaus"). In this case, Plaintiff alleges that Phelan completely

failed to include the name of the current creditor, FNMA, in the communication letter. The Court concludes that this allegation is sufficient to state a claim for relief under 15 U.S.C. § 1692g(a)(2).[1]

### IV. Conclusion

For the foregoing reasons, the Court denies Defendant's motion to dismiss the Complaint.

Accordingly, it is on this 25th day of June 2015,

**ORDERED** that Defendant's motion to dismiss, (D.E. No. 18), is DENIED.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] Phelan also seeks to dismiss Plaintiff's putative class allegations on the grounds that Plaintiff's individual claims fail. (Def. Mov. Br. at 19). Because the Court concludes that Plaintiff has standing and has sufficiently stated a claim for relief under §§ 1692e and 1692g(a)(2), the Court does not entertain this argument.