FLASTER GREENBERG, PC
By:      Kenneth S. Goodkind, Esq (ID. No. 030631978)
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Telephone: 856-661-2273
Facsimile: 856-661-1919
E-mail: ken.goodkind@flastergreenberg.com
Attorneys for Defendant Phelan Hallinan Diamond & Jones, PC
f/k/a Phelan Hallinan & Diamond, PC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY K. WONG, on behalf of himself and all others similarly situated<br><br>                              Plaintiff<br><br>     v.<br><br>PHELAN HALLINAN & DIAMOND, PC and GREEN TREE SERVING, LLC<br><br>                              Defendants | Case No. 2:14-cv-03252-ES |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT PHELAN HALLINAN DIAMOND & JONES, PC  FOR RECONSIDERATION OF JUNE 25, 2015 ORDER BASED ON JUNE 30, 2015 THIRD CIRCUIT OPINION <u>FINDING ONLY MATERIAL FDCPA VIOLATIONS ARE ACTIONABLE</u>**

**PRELIMINARY STATEMENT**

Pursuant to Local Civil Rule.7.1(i), defendant Phelan Hallinan Diamond & Jones, PC (incorrectly referred to by Plaintiff as Phelan, Hallinan & Diamond, P.C.;"PHD") moves for reconsideration of the Court's Opinion and Order dated June 25, 2015 (ECF No. 27; the "Order"), which denied PHD's Motion to Dismiss the Complaint based on the June 30, 2015 controlling Opinion of the Third Circuit in *Jensen v. Pressler & Pressler*, as well as additional authority from this Court and sister District Courts.  In *Jensen*, the Third Circuit ruled that materiality has always been required as part of the least sophisticated debtor standard in order to state an actionable violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA").

I.     **PROCEDURAL HISTORY AND MATERIAL FACTS**

The Complaint (ECF No. 1) consists of only a single violation of the FDCPA, alleging that PHD incorrectly identified Plaintiff's creditor in a Validation Letter. The Complaint fails because even if the creditor was not properly identified, there could not have been any adverse effect at all on Plaintiff and his ability to identify the debt in issue as his own and to make a decision to exercise his rights under the FDCPA.  PHD incorporates by reference the facts recited in its prior Brief submitted in support of its FRCP 12(b)(6) Motion to Dismiss (ECF No. 18-1) and its Reply  Brief (ECF No. 26), and respectfully refers the Court to same.

Additionally, on June 24, 2015 while the Motion to Dismiss was still pending, counsel for PHD advised the Court by phone that while dealing with a related issue in another case, it found authority within the District that further supports PHD's argument that the creditor was properly named and would submit same to the Court in supplementation of the Brief on that Motion. However, on June 26, 2015, nearly simultaneously with the entry of the Order on the docket, counsel for PHD submitted a supplemental Letter Brief  addressing this additional

authority and its applicability to the Motion to Dismiss (ECF No, 28), which PHD also incorporates herein.

## II.     LEGAL ARGUMENTS AND REASONING

### A.     STANDARD OF REVIEW

A motion for reconsideration is governed by Local Civil Rule 7.1(i). *United States v. Compaction Sys. Corp.,* 88 F.Supp.2d 339, 345 (D.N.J. 1999). The Court can grant reconsideration where the moving party satisfies one of three requirements: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court previously ruled, or (3) a clear and manifest error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *Burns v. Slippery Rock Univ. of Pennsylvania*, 2007 WL 2463402, at *1 (W.D. Pa. August 28, 2007)). Because PHD relies upon intervening changes and clarifications of controlling law, granting PHD's Motion for Reconsideration is necessary and appropriate.

### B.     RECONSIDERATION IS WARRANTED TO DISMISS THE FDCPA CLAIM, AND THUS THE COMPLAINT, BASED ON AN INTERVENING THIRD CIRCUIT OPINION WHICH CLARIFIED AND MODIFIED CONTROLLING FDCPA LEGAL PRINCIPLES

On June 30, 2015, the Third Circuit held in *Jensen v. Pressler & Pressler,* No. 14-2808, 2015 WL 3953754 (3d Cir. June 30, 2015)[1] that only "material" claims are actionable under the FDCPA. Indeed, PHD's opening Brief (ECF No. 18-1 at p. 10) cited to the District Court decision in *Jensen,* which was affirmed by the Third Circuit, resulting in the "materiality" issue now having been resolved by the Circuit.

---

[1] A copy of *Jensen* is provided with this Brief at Exhibit A.

2

In holding that only material violations of the FDCPA are actionable, the Third Circuit found that requiring materiality is a corollary to and "subsumed within the well-established 'least sophisticated debtor' standard that governs FDCPA claims." *Id*. at *1, 3.  The materiality standard is thus applicable to all FDCPA claims, including claims under FDCPA §1692e, regardless of whether they are characterized as false, deceptive, or misleading.  2015 WL 3953754 at *6.  "A debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material." *Id*.  Since the Third Circuit indicated that materiality is just a different way of phrasing the least sophisticated debtor standard, *id*., *Jensen* is applicable to this case.[2]

The Third Circuit explained that a statement could not be material if it would not mislead an unsophisticated consumer, and thus does not violate the FDCPA even if it is false in some technical sense. *Id*. at *5-6. The Third Circuit embraced the holdings in other Circuits which recognize that the FDCPA was designed to give debtors reliable information so that they can make informed decisions about how to address debts, and that "by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). [Citation omitted]." *Id*. at *5.  In other words, a "statement is only

---

[2] Indeed, even predating *Jensen*, Courts in this District have consistently found that there is no violation of the FDCPA if the consumer receives enough information to understand his rights, and thus is not misleading to the least sophisticated consumer debtor.  *See, e.g., Guevara v. Client Servs., Inc.*, No. CIV.A. 11-3736 SRC, 2011 WL 5082251, at *3 (D.N.J. Oct. 26, 2011) (dismissing complaint where defendant "included the[] required statements [under the FDCPA] in its letter to Plaintiff, and Plaintiff does not allege that he was unable to contact Defendant regarding the debt. Thus, the Court cannot find that Defendant's initial communication to Plaintiff would have been misleading to the least sophisticated customer."); *see also Sosa v. Client Servs., Inc.*, No. CIV. 11-03021 WHW, 2011 WL 5599937, at *4 (D.N.J. Nov. 16, 2011) (dismissing claim that initial notice letter was misleading based on allegations  it did not include explanation of  debt collector's relationship to  debt); *Frias v. MRS Associates, Inc.*, No. CIV. 11-2816 WHW, 2011 WL 5599984, at *4 (D.N.J. Nov. 16, 2011) (same).  Copies of these decisions are provided with this Brief as Exhibits B, C, and D, respectively.

actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes." *Id.* at *5.

It is therefore clear that the alleged misrepresentation by PHD and/or co-defendant Green Tree Servicing, LLC ("Green Tree") is simply not material. The gravamen of the claim here, the naming of the original lender/creditor (ECF No. 1 at ¶ 49), who is also the servicer with whom Plaintiff dealt, Green Tree, instead of the subsequent mortgage investor/owner, Federal National Mortgage Association ("FNMA"), in the communication at issue could not have misled, confused or deceived the least sophisticated debtor and, accordingly, is simply not material. That communication, a November 27, 2013 Validation Letter (ECF No. 1-4, Exhibit C to Complaint), provided Plaintiff with all of the information necessary for him to identify and confirm that the subject mortgage debt was his and to take further action to dispute the debt with the Green Tree, the party whom Plaintiff knew was authorized to address such matters. The Complaint ignores the facts that the Validation Letter allowed Plaintiff to stop PHD's collection efforts if he questioned whether Green Tree was his creditor and requested PHD to provide the name and address of his original creditor and that Plaintiff made no such request.

Under the law which the Third Circuit has now clarified, naming Green Tree as the creditor could not possibly have affected the least sophisticated debtor's "ability to make intelligent decisions." *Jensen*, 2015 WL 3953754 at *6, (citing to Ninth Circuit's decision in *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027 (9th Cir. 2010). Indeed, the Complaint confirms that Plaintiff knew that Green Tree was his servicer, and accordingly, Plaintiff could not have been confused, deceived or misled, as indicated by the absence of any allegation that Plaintiff questioned PHD (or Green Tree or FNMA) about whether the loan was his (or about anything

else), even though the Validation Letter provided him with clear information as to how to raise questions.

### C. THE COMPLAINT ALSO FAILS BECAUSE IT DOES NOT ALLEGE THAT GREEN TREE IS A "DEBT COLLECTOR" RATHER THAN A "CREDITOR" AS DEFINED IN THE FDCPA

While *Jensen* is dispositive for purposes of dismissing the Complaint based on the immateriality of the alleged violation, there is a related but independent reason to grant PHD's Motion to Dismiss. That is because, based on the authority provided herein and in PHD's supplemental Letter Brief (ECF No. 28), the Complaint does not allege facts that establish that Green Tree is a "debt collector," rather than a "creditor." The Order acknowledges that the Complaint claims that Green Tree is a "debt collector" (ECF No. 27; Order at 8-10), and that Green Tree "regularly begins to collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another after they have gone into default." *Id.* at 10 (citing Complaint ¶ 16). This, however, is an insufficient, conclusory allegation because those alleged facts are inadequate to establish that Green Tree is a "debt collector" rather than a "creditor" as those terms are defined in the FDCPA, because it omits a necessary element as to the purposes for which Green Tree was designated as mortgage servicer.

As confirmed by Judge Kugler in *Bijeau-Seitz v. Atl. Coast Mortgage Servs., Inc.*, No. CIV. 12-6372 RBK/AMD, 2013 WL 3285979 (D.N.J. June 28, 2013), Green Tree meets the definition of a creditor, and thus was properly identified by Phelan. The reason that the Complaint fails is because, as Judge Kugler found, the Complaint does not (and cannot) allege facts showing that the assignment to Green Tree of servicing rights was "*solely* for the purpose of facilitating collection of such debt for another" as required under FDCPA § 1692a(4) in order to exclude a party like Green Tree from the "creditor" definition. Since the Complaint fails to

5

satisfy this threshold requirement for stating a FDCPA claim, it should be dismissed for that reason as well. *Bijeau-Seitz,* 2013 WL 3285979 at *7.

The Complaint's Exhibits confirm that Green Tree's servicing of the mortgage was not solely to facilitate collection, but was for additional purposes as well. *See* Exhibit B to the Complaint (ECF No. 1-3): "As your new servicer, Green Tree will handle your loan servicing, including billing, payment processing, and customer support." *See also* Exhibit A to the Complaint (ECF No. 1-2), which confirms that the servicer also conducts property inspections. When, as is the case here, a servicer acquires a debt after default but does not do so for the "sole" purpose of collecting the debt, the servicer is a "creditor" and not a "debt collector". Green Tree was thus properly identified as a creditor in Phelan's letter.

As the Complaint alleges, the FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4)). Excluded from this definition is any party who "receives an assignment or transfer of a debt in default *solely for the purpose of facilitating collection of such debt for another*." *Id.* (Emphases added.) The Complaint fails to plead a cognizable FDCPA claim because it does not allege facts which could exclude Green Tree from the "creditor" definition. *Bijeau-Seitz*, 2013 WL 3285979 at *7.

Indeed, even outside the Third Circuit, in interpreting the FDCPA's requirements for pleading that a party is a "creditor", this same conclusion has been specifically explained:

> Significantly, the FDCPA states that the term "creditor" "does not include any person to the extent that he receives an assignment or transfer of a debt in default *solely for the purpose of facilitating collection of such debt for another.*" 15 U.S.C. § 1692a(4) (emphasis added). As such, this Court is not convinced that simply showing a debt was in default when assigned is sufficient. Rather, the purpose of the assignment is important. In this case, defendant alleges that the debt was in default when assigned but has not alleged that the debt was assigned "solely for the purpose of facilitating the collection of such debt for another.

6

*Bank of New York Mellon Trust Co. N.A. v. Henderson*, No. CV 14-747, 2015 WL 3484990, at *3 n.8 (D.D.C. May 28, 2015) (granting summary judgment and motion to dismiss); *see also Marcotte v. Bank of Am.,* No. CIV.A. H-14-2773, 2015 WL 2184369, at *12 (S.D. Tex. May 11, 2015) (dismissing FDCPA claim because "Bank of America did not transfer the Marcottes' debt to Barclays' solely for the purpose of facilitating collection of such debt' for Bank of America."); *Henson v. Santander Consumer USA, Inc.,* RDB–12–3519, 2014 WL 1806915, at *5 (D. Md. May 6, 2014) (granting motion to dismiss where, although complaint alleged defendant purchased debts after default, it did not properly allege that defendant was debt collector because "there [was] no indication that [defendant] acquired the debt 'solely for the purpose of collection' as opposed to servicing").

In sum, the allegations of the Complaint are insufficient as a matter of law because while the Complaint asserts that the mortgage was assigned to Green Tree as servicer after default for the purpose of facilitating debt collection, it does not allege "that such assignment was **solely for the purpose** of facilitating collection of such debt for another." *See Bijeau-Seitz*, 2013 WL 3285979, at *7 (emphases added), dismissing the FDCPA claim for this very reason.

The Complaint cannot be amended to cure this fatal deficiency any more that it can make a claim that the alleged violation was material, because it is indisputable that Green Tree was assigned servicing rights for multiple purposes. As noted in Phelan's prior briefs, the identification of Green Tree as the creditor was not only legally proper, but was more meaningful to plaintiff Wong than was naming any other creditor since his dealings were with Green Tree.

### III. CONCLUSION

The recent decision of the Third Circuit in *Jensen* confirming the materiality requirement, as well as the other cited authorities related to the issues presented herein, make it clear that no purpose could be served by a further factual inquiry into whether Green Tree was properly named as a "creditor" or whether Plaintiff could have been affected by the naming of Green Tree. Because Plaintiff cannot show, as a matter of law, that the information provided to him was material to his ability to respond to the foreclosure or to otherwise protect his FDCPA rights, or that Green Tree is a "debt collector" under the FDCPA, PHD respectfully submits that the Court should grant PHD's Motion for Reconsideration and dismiss this litigation with prejudice.

        Respectfully submitted,

        **FLASTER/GREENBERG P.C.**
        By:  Kenneth S. Goodkind, Esquire
        ken.goodkind@flastergreenberg.com
        Attorneys for Movant/Defendant
        Phelan Hallinan Diamond & Jones, PC

Dated: July 10, 2015

        By: */s/ Kenneth S. Goodkind*
            Kenneth S. Goodkind, Esquire