Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike
Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Jerry K. Wong,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
JERRY K. WONG,
on behalf of himself and all others similarly
situated

                                        Civil Action No. 2:14-cv-03252-ES-JAD

            Plaintiffs,

                                        **MOTION DATE**: AUGUST 17, 2015

   v.

PHELAN, HALLINAN & DIAMOND, PC;
and GREEN TREE SERVICING, LLC

            Defendants.
---------------------------------------------------------X

**PLAINTIFF'S RESPONDING BRIEF IN OPPOSITION TO DEFENDANT PHELAN, HALLINAN & DIAMOND, PC'S MOTION FOR RECONSIDERATION**

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………..…………………………………………..3

INTRODUCTION……………………………………………………………………...5

STATEMENT OF FACTS AND PROCEDURAL HISTORY…………………………..5

LEGAL ARGUMENTS..................................................................................................5

    POINT I: STANDARD ON A MOTION FOR RECONSIDERATION………….5

    POINT II: THIS COURT CORRECTLY HELD THAT GREEN TREE
    IS NOT THE PLAINTIFF'S CREDITOR………….………………………7

        A.  Green Tree does not meet the statutory definition of creditor………...7

        B.  Defendant's new arguments to include Green Tree within the
           definition of creditor fail as a matter of law………..……………...…..8

    POINT III: THIS COURT DID NOT ERR IN HOLDING THAT
    GREEN TREE IS A DEBT COLLECTOR…………………………………...12

    POINT IV: THIS COURT CORRECTLY HELD THAT PLAINTIFF
    STATED A CLAIM FOR RELIEF UNDER 15 U.S.C. §1692e………………...12

        A.  The issue of materiality was previously analyzed by the Court……..12

        B.  The Third Circuit's holding in Jensen only applies to claims under
           15  U.S.C. §1692e…………………………………………………13

        C.  The alleged violation is material…………………………………..14

        D.  Defendant's Exhibits B, C, and D are factually distinguishable
           and actually show that this Court's previous decision was correct….16

    POINT V:  THIS COURT CORRECTLY HELD THAT PLAINTIFF
        STATED A CLAIM FOR RELIEF UNDER 15 U.S.C. §1692g…...18

CONCLUSION………………………………………………………………………..19

## TABLE OF AUTHORITIES

## CASES

Bijeau-Seitz v. Atl. Coast Mortgage Servs., Inc., No. Civ 12-6372 RBK/AMD, 2013 WL 3285979 (D.N.J. June 28, 2013)……………………………………………11

Bourff v. Rubin Lublin, LLC, 674 F.3d 1238 (11th Cir. 2012)……………………..........14

DeVito v. Zucker, Goldberg & Ackerman, LLC, 908 F. Supp. 2d 564 (D.N.J. 2012)…..19

Friedman v. Bank of Am., N.A., No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012)…………………………………………………………………...5. 6

Frias vs MRS Associates, Inc., No. CIV. 11-2816 WHW WL 5599984 (D.N.J. Nov. 16, 2011)………………………………………………………………...17

F.T.C. v. Check Investors, Inc., 502 F.3d 159 (3d Cir. 2007)……………………….11, 12

Guevara v Client Servs., Inc., No. CIV 11-3736 SRC, 2011 WL 5082251 (D.N.J. Oct. 26, 2011)………………………………………………………………17

Jensen v. Pressler & Pressler and Midland Funding, LLC, 14-2808, 2015 WL 3953754, —F.3d— (3rd Cir., June 30, 2015)……………………………………..12, 13, 14, 15

Lee v. Forster & Garbus LLP, 12-cv-420, 2013 WL 776740, *2 (E.D.N.Y., March 1, 2013)…………………………………………………………………………………..15

Mason v. Sebelius, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012)……...6

Mark v. J. C. Christensen & Assoc., Inc., 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009)……………………………………………………….…16

NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513 (D.N.J. 1996)…….…...6, 9

P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349 (D.N.J. 2001)...6

Pollice v. National Tax Funding, LP, 225 F. 3d 379 (3rd Cir. 2000)……………………12

Prall v. Bocchini, Civ. No. 10-1228 JBS, 2012 WL 5465161, at *3 (D.N.J. Nov. 7, 2012)……………………………………………………………………………………9

Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826 (D.N.J. 1992)………6, 8, 9

Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-345, 2006 WL 1982499, at *1 (E.D. Wis. July 13, 2006)...............................................................................................19

Sparkman v Zwicker & Assocs., P.C., 374 F. Supp 2d 293 (E.D.N.Y. 2005)…………..19

Sosa v. Client Servs., Inc., No. CIV. 11-03021 WHW, 2011 WL 5599937 (D.N.J. Nov. 16, 2011)……………………………………………………………………………..17, 18

Sun Chemical Corporation v. Fike Corporation, No. 13–4069(ES), 2015 WL 3935031, at *2 (D.N.J. June 25, 2015)……………………………………………………………5, 6

Wallace v. Washington Mutual Bank, 683 F.3d 323 (6th Cir. 2012)…………...….14, 15

Warren v. Sessoms & Rogers, P.A., 676 F.3d 365 (4th Cir. 2012)……………………...16

Wheeler v Codilis & Assocs., P.C., 2012 U.S. Dist. LEXIS 175848 (N.D. Ill. 2013)…..19

Wiest v. Lynch, 710 F.3d 121 (3d Cir. 2013)……………………………………………..6

## STATUTES

15 U.S.C. §1692 *et seq*………..……………………………………………………………..5

15 U.S.C. §1692a(4)…………………………………………………………………..7, 8, 10

15 U.S.C. §1692e…………………………………………………...12, 13, 14, 15, 16, 17, 18

15 U.S.C. §1692e(10)……………………………………………………………………18

15 U.S.C. §1692g……………………………………………………….……………18, 19

15 U.S.C. §1692g(a)……………………………….……………………………………......17

15 U.S.C. §1692g(a)(2)…………………………………………….………..16, 17, 18, 19

## RULES

Fed. R. Civ. P. Rule 12(b)(6)………………………………………………………...5

## INTRODUCTION

Plaintiff, Jerry K. Wong, through his counsel, Ryan Gentile, Esq. submits this memorandum of law in opposition to Defendant Phelan, Hallinan & Diamond PC's ("PHD" or "Defendant") motion for reconsideration of this Court's June 25, 2015 Opinion & Order (ECF No. 27). In support hereof, Plaintiff avers the following.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On November 27, 2013, PHD sent Plaintiff a collection letter. On May 22, 2014 Plaintiff filed suit alleging that the collection letter violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA") by falsely stating that Green Tree Servicing, LLC ("Green Tree") was the creditor to whom the debt was owed. On September 30, 2014 PHD filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6). On June 25, 2015 this Court filed an Opinion & Order denying PHD's motion to dismiss. PHD filed a motion for reconsideration of that decision and Plaintiff now files this brief in opposition to Defendant's motion.

## LEGAL ARGUMENTS
## POINT I
## STANDARD ON A MOTION FOR RECONSIDERATION

As this Court has previously held, reconsideration of a decision is an "extraordinary remedy," which should be granted "very sparingly." Sun

Chemical Corporation v. Fike Corporation, No. 13–4069(ES), 2015 WL 3935031, at *2 (D.N.J. June 25, 2015) (quoting Friedman v. Bank of Am., N.A., No. 09-2214, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012)

To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." Mason v. Sebelius, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 31, 2012) (quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered by the original motion may be the subject of a motion for reconsideration. Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); see also NL Indus. v. Commercial Union Ins. Co. 935 F. Supp. 513, 517 (D.N.J. 1996) ("motions for reconsideration are an inappropriate avenue for relitigating matters which could have been adequately presented the first time.")

6

## POINT II
## THIS COURT CORRECTLY HELD THAT GREEN TREE IS NOT THE PLAINTIFF'S CREDITOR

    a.    <u>Green Tree does not meet the statutory definition of creditor</u>

The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. 15 U.S.C. §1692a(4). Under this definition, a creditor can be any person (1) who offers credit creating a debt, (2) who extends credit creating a debt, or (3) <u>to whom a debt is owed</u>, unless the person acquired a defaulted debt solely for the purpose of collecting it for another.

The Complaint alleged that the Plaintiff's mortgage loan was originated in April of 2007 and Green Tree began servicing the mortgage loan on April 1, 2013, six years after the mortgage debt was created. The complaint further alleges that Green Tree services the loan for Fannie Mae who owns the debt and is the entity to whom the debt is owed. When accepting the allegations of the complaint as true Green Tree fails to meet the definition of "creditor" under 15 U.S.C. §1692a(4). Green Tree fails to meet the definition of creditor under the first test because Green Tree is not the person who offered credit creating the debt. Green Tree fails to meet the

7

definition of creditor under the second test because Green Tree is not the person who extended credit creating the debt. Finally, Green Tree fails to meet the definition of creditor under the third test because Green Tree is not the person "to whom the debt is owed".

The complaint alleged that the person or entity "to whom the debt is owed" is not Green Tree Servicing, LLC because Green Tree Servicing, LLC is only the servicing agent for the true creditor. (Compl. ¶37) The Complaint alleged that the true entity "to whom the debt is owed" i.e., the "creditor" is Fannie Mae. (Compl. ¶38). For the purposes of a motion to dismiss these allegations must be accepted as true. As such, Green Tree does not meet the definition of "creditor" under §1692a(4) because they neither offered nor extended credit creating the debt nor is the debt owed to them.

As such this Court did not make an error of law or fact in its holding that Green Tree is not the Plaintiff's creditor.

    b. <u>Defendant's new arguments to include Green Tree within the definition of creditor fail as a matter of law.</u>

In support of their argument that the court erred when it determined that Green Tree was not the Plaintiff's creditor, PHD advances entirely new arguments and also cites to new authority that both predated the motion to dismiss and were not presented to this Court in the motion to dismiss. This is not proper for a motion to reconsider. See <u>Resorts Int'l v. Greate Bay Hotel</u>

8

& Casino, 830 F. Supp. at 831 (D.N.J. 1992); see also NL Indus. v. Commercial Union Ins. Co. 935 F. Supp. at 517 (D.N.J. 1996). PHD did not raise these arguments or cite to these cases in their motion to dismiss the case; therefore, these new arguments and cases are not a proper ground for reconsideration of this Court's previous decision because they were never presented to this Court in the course of making its previous decision. See Prall v. Bocchini, Civ. No. 10-1228 JBS, 2012 WL 5465161, at *3 (D.N.J. Nov. 7, 2012) (explaining that a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue). As such this Court should not consider the new arguments advanced and cases cited by PHD in their motion for reconsideration. Nonetheless, Plaintiff will address Defendant's new argument as well as their new authority.

The new argument that Defendant advances in its motion for reconsideration is that because Plaintiff can't show that the assignment of servicing rights of the debt to Green Tree was solely for the purpose of facilitating collection of such debt for another that the Complaint does not allege facts that establish that Green Tree is a "debt collector" rather than a "creditor." As shown below this argument is incorrect, a misreading of 15

9

U.S.C. §1692a(4), and further proves this Court's previous decision was correct.

This new argument advanced by PHD fails because as properly alleged in the complaint Green Tree is not the entity "<u>to whom the debt is owed</u>" and as such Green Tree does not meet the definition of "creditor" under 15 U.S.C. §1692a(4). It does not matter whether or not the assignment of the <u>servicing rights</u> of the loan to Green Tree was <u>solely</u> for the purpose of collecting the debt for another. <u>The fact that even part of the servicing of the loan was for the purpose of collecting the debt for another entity proves that Green Tree is not the entity "to whom the debt is owed" and therefore does not meet the definition of "creditor" under 15 U.S.C. §1692a(4)</u>. Defendant makes a big to do about Green Tree not having obtained assignment or transfer of the servicing rights <u>solely</u> for the purpose of collecting the debt for another but this argument is completely meritless. Green Tree does not meet the definition of creditor to begin with because as stated earlier they neither offered nor extended credit creating the debt nor is the debt owed to Green Tree, the debt is owed to Fannie Mae. It makes no difference for what purpose(s) Green Tree services the loan because if they are not the owner of the loan/debt, i.e. the person "to whom a debt is owed" they do not meet the definition of 'creditor' pursuant 15 U.S.C. §1692a(4)

regardless of the services or lack thereof they provide while servicing the mortgage loan for Fannie Mae.

Defendant's reliance on <u>Bijeau-Seitz v. Atl. Coast Mortgage Servs., Inc</u>., No. Civ 12-6372 RBK/AMD, 2013 WL 3285979 (D.N.J. June 28, 2013) is misplaced. First the facts of <u>Bijeau-Seitz</u> are completely different to the facts of the case before this Court. In <u>Bijeau-Seitz</u> the defendant argued they actually owned the debt and were therefore a creditor and not a debt collector. In this matter Green Tree does not own the debt, Fannie Mae does, and as a result Green Tree is not the creditor and <u>Bijeau Seitz</u> is irrelevant to the case before this Court. Second, the argument advanced by the defendant in <u>Bijeau-Seitz</u>, the exact same argument that PHD relies so heavily on, was previously rejected by the Third Circuit in <u>F.T.C. v. Check Investors, Inc</u>., 502 F.3d 159 (3d Cir. 2007). In <u>F.T.C. v. Check Investors</u> the Third Circuit held that one attempting to collect a debt is a "debt collector" under the FDCPA if the debt in question was in default when acquired. The Court held that it did not matter if the entity actually owns the debt, if the debt was acquired when in default then the entity is a debt collector and not a creditor and is subject to the FDCPA.

As such this Court did not make an error of law or fact in its holding that Green Tree is not the Plaintiff's creditor.

## POINT III
## THIS COURT DID NOT ERR IN HOLDING THAT GREEN TREE IS A DEBT COLLECTOR

This court correctly held in its decision that:

"[A}s to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." *FTC v. Check Investors, Inc*., 502 F.3d at 173. "[O]ne attempting to collect a debt is a 'debt collector' under the FDCPA if the debt in question was in default when acquired," and "[c]onversely…an entity is a creditor if the debt it is attempting to collect was not in default when it was acquired." Id. (citing *Pollice*, 225 F.3d at 403-404) (ECF Doc. No. 27 pg. 9)

Therefore this Court did not error in its finding that Green Tree is a debt collector because as the Court noted in its opinion the well pleaded facts show that Green Tree began servicing the mortgage loan after the debt was in default and also meets the definition of debt collector.

As such this Court did not make an error of law or fact in its holding that Green Tree is not the Plaintiff's creditor and is a debt collector.

## POINT IV
## THIS COURT CORRECTLY HELD THAT PLAINTIFF STATED A CLAIM FOR RELIEF UNDER 15 U.S.C. §1692e

a. <u>The issue of materiality was previously analyzed by the Court.</u>

The Third Circuit in <u>Jensen v. Pressler & Pressler and Midland Funding, LLC</u>, 14-2808, 2015 WL 3953754, —F.3d— (3rd Cir., June 30, 2015) held that in order to state a claim for false, deceptive or misleading statements under 15 U.S.C. §1692e the statement must be material. While

the Jensen decision is now binding on all District Courts within the Third Circuit, it is respectfully submitted that the Third Circuit's decision in Jensen is not an intervening change in controlling law that has any effect on this Court's decision denying the Defendant's motion to dismiss. The issue of "materiality" and specifically the Jensen case itself were both issues that were already presented to this Court in the motion to dismiss.

      The issue of "materiality" was already an issue that was presented to this Court in the Defendant's motion to dismiss (ECF No. 18-1 at p. 10) and the Plaintiff's responding brief (ECF No. 21-1 at pgs. 28-32). The District Court's reasoning in Jensen on the issue of materiality, which was cited by the Defendant in their motion to dismiss, was simply affirmed by the Third Circuit. By citing the Third Circuit's decision in Jensen, the Defendant is simply repeating the same argument regarding materiality that was already presented before this Court and citing the same case in support. Therefore, the Defendant is simply repeating the same cases and arguments regarding materiality that were previously analyzed by this Court. As such, their motion for reconsideration should be denied.

  b. <u>The Third Circuit's holding in Jensen only applies to claims under 15 U.S.C. §1692e</u>

      The issue in Jensen as stated by the Court was if "false, deceptive, or misleading statements must be material to be actionable under 15 U.S.C.

13

§1692e." The holding in Jensen was that false, deceptive, or misleading statements must be material to be actionable under 15 U.S.C. §1692e. The materiality standard is not applicable to all FDCPA claims as Defendant states in their motion for reconsideration. As a result of Jensen, the materiality standard is applicable only to claims brought under §1692e arising from statements that are alleged to be false, deceptive, or misleading.

   c. The alleged violation is material

When evaluating the Plaintiff's claim under §1692e in its Opinion, this Court recognized that "the statute explicitly requires debt collectors to disclose the name of the creditor to whom the debt is owed" and cited to cases that held a false statement of the creditor to whom the debt is owed is a false statement that is material (ECF No. 27 pg 11). Specifically, two cases cited by this Court in its §1692e analysis, Bourff v. Rubin Lublin, LLC 674 F.3d 1238 (11th Cir. 2012) and Wallace v. Washington Mutual Bank, 683 F.3d 323 (6th Cir. 2012) both held that a false statement of the creditor to whom the debt is owed is material and satisfies the materiality standard. Tellingly, the Defendant did not cite to a single case in their motion to dismiss and does not cite to a single case in their motion for reconsideration which states that failing to state the name of the creditor to whom the debt is owed is immaterial, especially when the FDCPA specifically requires it.

In <u>Bourff v. Rubin Lublin, LLC</u>, 674 F. 3d at 1241, the 11th Circuit Court of Appeals stated, "**The identity of the "creditor" in these notices is a serious matter**." (emphasis added) and held that the Plaintiff stated a claim under §1692e by alleging the defendant named the servicer of the loan instead of Fannie Mae who actually owned the debt. In <u>Wallace v. Washington Mutual Bank,</u> 683 F.3d 323, 327-328 (6th Cir. 2012) the sixth circuit court of appeals held that **correct identification of the debt collector and the owner of the debt is material.** These cases show that stating the incorrect creditor is a false, deceptive, and/or misleading statement that is also material and meets the materiality standard set forth in <u>Jensen</u>.

Further support for the holding that failing to identify the creditor is a material violation can be found in <u>Lee v. Forster & Garbus LLP</u> 12-cv-420, 2013 WL 776740, *2 (E.D.N.Y., March 1, 2013), which was cited in Plaintiff's responding brief (ECF No. 21-1 at pgs. 29-30) In <u>Lee</u> the Court held that the correct identity of the "creditor" was material for purposes of §1692e and that "**failing to identify the creditor…was not immaterial as a matter of law**. (emphasis added)

By requiring that the name of the creditor be disclosed, Congress made a determination that the information is material. If Congress determines that an item of information is material, a court cannot decide

otherwise. All conduct specifically prohibited or disclosures specifically required by the FDCPA are "material." See <u>Mark v. J. C. Christensen & Assoc., Inc</u>., 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009); <u>Warren v. Sessoms & Rogers, P.A</u>., 676 F.3d 365, 374 (4th Cir. 2012) (violations of 1692e(11) are always "material").

Congress made a determination that the consumer had a right to know to whom the debt was owed. A debt collector may not completely omit or falsely state the information that the statute specifically requires them to disclose and then argue that the information is not material. In passing the FDCPA Congress at 15 U.S.C. §1692g(a)(2) specifically required debt collectors to indentify to the consumer the identity of the "creditor to whom the debt was owed." It cannot as a matter of law be that a false statement of the name of the creditor constitutes a "harmless mistake" or is "immaterial" when the very information is required by the FDCPA to be provided.

Therefore it is respectfully submitted that the alleged violation in the Complaint is a material one that is actionable under 15 U.S.C. §1692e.

d. <u>Defendant's Exhibits B, C, and D are factually distinguishable and actually show that this Court's previous decision was correct</u>

As a preliminary matter PHD did not cite to the cases they attach as Exhibits B, C, and D to their motion for reconsideration in their motion to dismiss. These cases were never previously presented to the Court and all

predate the original motion. Therefore, these cases are not a proper ground for reconsideration of this Court's previous decision.

In <u>Guevara v Client Servs., Inc</u>., No. CIV 11-3736 SRC, 2011 WL 5082251 (D.N.J. Oct. 26, 2011) the plaintiff asserted violations of §1692e because the defendant did not furnish an account number for the debt. In <u>Frias vs MRS Associates, Inc</u>., No. CIV. 11-2816 WHW WL 5599984 (D.N.J. Nov. 16, 2011) the plaintiff asserted violations of §1692g(a) because the defendant failed to disclose its relationship to the debt. In the case before this Court the Plaintiff's argument is that PHD failed to state the name of the creditor which §1692g(a)(2) specifically requires. Therefore, the facts of <u>Guevara</u> and <u>Frias</u> are completely different from the matter before this Court and in no way show that this Court made an error in its previous decision.

In <u>Sosa v. Client Servs., Inc</u>. No. CIV. 11-03021 WHW, 2011 WL 5599937 (D.N.J. Nov. 16, 2011) the court held that in order to prevail on a §1692g(a)(2) claim "a Plaintiff needs to demonstrate that the challenged letter failed to effectively communicate or misled them as to the identity the current creditor." In the case before this Court the Plaintiff did allege that the letter from Defendant did not communicate the identity of the current creditor. This Court held that this allegation of not stating the current creditor to whom the debt was owed in the initial communication stated a

claim under both 15 U.S.C. §1692e(10) and 15 U.S.C. §1692g(a)(2). The Sosa case provides further support that this Court's decision denying the motion to dismiss was correct.

### POINT V
### THIS COURT CORRECTLY HELD THAT PLAINTIFF STATED A CLAIM FOR RELIEF UNDER 15 U.S.C. §1692g

In its Opinion denying PHD's motion to dismiss this Court recognized that the FDCPA explicitly requires debt collectors to disclose "the name of the creditor to whom the debt is owed" and further held that because Plaintiff alleged that Phelan completely failed to include the name of the current creditor, FNMA, in the communication letter plaintiff stated a claim for relief under 15 U.S.C. §1692g.

The Defendant has failed to show an intervening change in controlling law to challenge this Courts decision with regard to Plaintiff's §1692g claim because "materiality" only applies to the claim under 15 U.S.C. §1692e. In addition, the Defendant has failed to show the availability of new evidence or that this Court made a clear error of law or fact. In their motion for reconsideration the Defendant raises no argument at all that this Court made an error in its 15 U.S.C. §1692g analysis or that the cases cited by this Court in its decision were incorrect or wrong in any way.

The cases cited by this Court in its 15 U.S.C. §1692g analysis, <u>DeVito v. Zucker, Goldberg & Ackerman, LLC</u> 908 F. Supp. 2d 564 (D.N.J. 2012), <u>Wheeler v Codilis & Assocs., P.C.</u>, 2012 U.S. Dist. LEXIS 175848 (N.D. Ill. 2013), <u>Schneider v. TSYS Total Debt Mgmt., Inc.</u>, No. 06-345, 2006 WL 1982499, at *1 (E.D. Wis. July 13, 2006) and <u>Sparkman v Zwicker & Assocs., P.C.</u>, 374 F. Supp 2d 293 (E.D.N.Y. 2005) all hold that failing to include the name of the creditor in the initial communication is sufficient to state a claim for relief under 15 U.S.C. §1692g(a)(2). Defendant has not shown in any way in their motion for reconsideration that this Court was either incorrect in their analysis of 15 U.S.C. §1692g(a)(2) or made an error of fact or law. As such their motion for reconsideration should be denied.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion for reconsideration.

Dated:	Floral Park, New York
	August 1, 2015

					/s/ Ryan Gentile
			By:_____
				Ryan Gentile, Esq.
				110 Jericho Turnpike-Suite 100
				Floral Park, NY 11001
				Tel: (201) 873-7675
				Fax: (212) 675-4367
				rlg@lawgmf.com