

1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
www.flastergreenberg.com

**KENNETH S. GOODKIND, ESQUIRE**
Member of the NJ, NY & PA Bar
Direct Dial   (856) 661-2273
E-Mail:ken.goodkind@flastergreenberg.com
PLEASE RESPOND TO CHERRY HILL

August 10, 2015

<u>*Via Electronic Filing*</u>
Hon. Esther Salas, U.S.D.J.
M. L. King, Jr. Courthouse
Room 5076
40 Walnut Street
Newark NJ  07102

Re:  ***Jerry K. Wong v. Phelan, Hallinan & Diamond, P.C., et al.***
**Case No. 2:14-cv-03252-ES-JAD**
**Phelan's Request to Supplement Motion to Dismiss**

Dear Judge Salas:

This firm represents defendant Phelan Hallinan & Diamond, P.C., now known as Phelan Hallinan Diamond & Jones, PC. ("Phelan"). Pursuant to our firm's telephone call on August 5, 2015 with your law clerk, Melinda Koster, Esq., and pursuant to Local Civil Rule 7.1(d)(3), I write to request leave to file a limited reply brief in further support of Phelan's Motion for Reconsideration of the Court's Opinion and Order dated June 25, 2015 (ECF No. 27).

Phelan's proposed reply brief, attached hereto as Exhibit A, focuses only on points raised in plaintiff's responding brief (ECF No. 31) that are directly relevant to the matter before the Court and necessary to correct false or misleading statements contained in plaintiff's brief. Specifically, Phelan's proposed reply addresses plaintiff's misrepresentation of the scope of the Third Circuit's dispositive holding in *Jensen v. Pressler & Pressler,* No. 14-2808, 2015 WL 3953754 (3d Cir. June 30, 2015). The importance of Jensen warrants Phelan's reply, which Phelan respectfully requests leave to file.

Respectfully,

FLASTER/GREENBERG P.C.

/s/ *Kenneth S. Goodkind*

Kenneth S. Goodkind

cc:     Ryan L. Gentile, Esquire (via ECF)
        Martin C. Bryce, Jr., Esq. (via ECF)

5109096 v1

# EXHIBIT A

FLASTER GREENBERG, PC
By:     Kenneth S. Goodkind, Esq (ID. No. 030631978)
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Telephone: 856-661-2273
Facsimile: 856-661-1919
E-mail: ken.goodkind@flastergreenberg.com
Attorneys for Defendant Phelan Hallinan Diamond & Jones, PC
f/k/a Phelan Hallinan & Diamond, PC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY K. WONG, on behalf of himself and all others similarly situated<br><br>                    Plaintiff<br><br>v.<br><br>PHELAN HALLINAN & DIAMOND, PC and GREEN TREE SERVING, LLC<br><br>                    Defendants | Case No. 2:14-cv-03252-ES |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION OF DEFENDANT PHELAN HALLINAN DIAMOND & JONES, PC  FOR RECONSIDERATION OF JUNE 25, 2015 ORDER BASED ON JUNE 30, 2015 THIRD CIRCUIT OPINION HOLDING ONLY MATERIAL FDCPA VIOLATIONS ARE ACTIONABLE**

## PRELIMINARY STATEMENT

Defendant Phelan Hallinan Diamond & Jones, PC (incorrectly referred to by Plaintiff as Phelan, Hallinan & Diamond, P.C.;"PHD") respectfully submits this reply brief in further support of its Motion for Reconsideration of the Court's Opinion and Order dated June 25, 2015 (ECF No. 27) to focus solely on the determinative issue which plaintiff Wong buried at the end of his opposition (ECF No. 31) -- the Third Circuit's holding in *Jensen v. Pressler & Pressler,* No. 14-2808, 2015 WL 3953754 (3d Cir. June 30, 2015) that only "material" claims are actionable under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (the "FDCPA").[1]

As shown herein, law, logic and reality all point to plaintiff's claim being the antithesis of material; the alleged violation had no bearing on plaintiff's course of action or decision making. Plaintiff is complaining about PHD pointing him in the right direction to get any information he needed, down a path that plaintiff was comfortable with and to people he knew. Plaintiff's claim is hypertechnical and is based on something that caused him absolutely no harm.

### *JENSEN* IS AN INTERVENING, DISPOSITIVE DECISION BECAUSE THE THIRD CIRCUIT CLARIFIED THAT WHAT WONG COMPLAINS OF IS NOT A "MATERIAL" FALSE OR MISLEADING STATEMENT

As recognized in Plaintiff's brief, *Jensen* held that an FDCPA claim based on a false, deceptive or misleading statement is only viable if the statement was material, and *Jensen* is of course binding on all District Courts within the Circuit (ECF No. 31 at 12-13).

---

[1] PHD incorporates by reference its entire opening brief and all arguments therein, which Plaintiff has also failed to rebut. But since *Jensen* overrides the other issues and is dispositive, judicial economy and efficiency are best served by limiting this brief to addressing Plaintiff's misrepresentations of the holdings in *Jensen*.

### A. *Jensen* Constitutes an Intervening Change that Affects the Analysis which Resulted in the Denial of PHD's Motion to Dismiss

PHD is not "simply repeating the same argument that was presented before the Court" (ECF No. 31 at 13); rather, PHD is addressing new, binding authority on materiality – an issue not previously addressed at the Third Circuit – and which this Court must now follow. Because the Third Circuit affirmed the District Court's decision in *Jensen* after PHD filed it Motion to Dismiss briefs, *Jensen* constitutes the "intervening change in controlling law" that renders it appropriate for the Court to grant PHD's Motion for Reconsideration and dismiss this litigation.

While the issue of "materiality" was discussed in PHD's Motion to Dismiss filed on September 30, 2014 (ECF No. 18), since that time, in clarifying this legal issue, the Third Circuit specifically adopted the holdings in other Circuits that a

> statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor; in other words, it must be *material* when viewed through the least sophisticated debtor's eyes.

*Jensen*, 2015 WL 3953754 at *5. The Circuit held that a statement could not be material if it would not mislead an unsophisticated consumer, and thus does not violate the FDCPA <u>even if it is *false* in some technical sense</u>. *Id.* at *5-6 (emphasis added).

The Third Circuit found the seminal case addressing "materiality" in the context of the FDCPA to be the Seventh Circuit's decision in *Hahn v. Triumph P'Ships LLC*, 557 F.3d 755 (7th Cir. 2009; Easterbrook, C.J.), which it cited with approval in *Jensen* at *5. *Hahn* held that:

> [The FDCPA] is *designed to provide information that helps consumers to choose intelligently*, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). (citations omitted). This is the upshot of our conclusion in *Wahl* that, "if a statement would not mislead the unsophisticated consumer, it does not violate the Act -- *even if it is false in some technical sense.*" A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.

*Id.*, 557 F.3d at 757-58. (emphasis added) (citation omitted). *Hahn* provided an example of how the FDCPA could be abused if "materiality" was not factored into the analysis. Absent materiality, an FDCPA plaintiff would be entitled to statutory damages if the debt collector told the consumer they would be receiving "light blue letters" from now on and the next letter sent was gray. *Id.* at 757. *Hahn* recognized that the color of the letter was no more important to the FDCPA than the issue before it on appeal, which was whether the terms "interest" or "principal" were appropriately used to describe a correct balance in a letter. *Id.*

Likewise, here, whether Plaintiff knew that Green Tree, his servicer, was identified as his creditor instead of the subsequent mortgage investor/owner, Federal National Mortgage Association ("FNMA"), in the November 27, 2013 Validation Letter could not have misled, confused or deceived the least sophisticated debtor and, accordingly, is simply not material. The Complaint alleges that "Upon information and belief, with respect to the Mortgage Loan, the 'creditor to whom the debt is owed' is [FNMA]..." (ECF No. 1 ¶ 38). Thus, Plaintiff had to resort to pleading "upon information and belief" because he did not know or recognize FNMA as being his investor or creditor. Since Plaintiff did not know that FNMA had purchased his mortgage as an investor after the loan closed to begin it, and never dealt with FNMA, not naming FNMA could not have affected his knowledge or thinking in any "material" way, as further discussed below.

    **B.**    *Jensen and* **the Materiality Standard Are Not Limited Solely to Claims Under § 1692e of the FDCPA**

Plaintiff's argument (at ECF No. 31, pp. 13-14) that materiality applies only to FDCPA § 1692e draws illogical and unprincipled lines, and is simply wrong. The Complaint alleges violations of §1692e as well as §1692g (ECF No. 1 ¶¶ 47, 49), and *Jensen* applies equally to both. Indeed, the Third Circuit concluded in *Jensen* that materiality is subsumed in the least

5109078 v5

sophisticated debtor standard applicable throughout the FDCPA, and cited the broader holding in *Hahn*, 557 F.3d at 757 that "Materiality is an ordinary element of any federal claim based on a false or misleading statement." (emphasis added). *Jensen* at *2.

Plaintiff's position is completely at odds with (a) the Third Circuit's own words in *Jensen*, (b) the authorities cited in *Jensen*, and (c) numerous District and Circuit Court decisions. Various courts have applied the materiality standard to other FDCPA sections in addition to § 1692e. *See, e.g., Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("We have consistently held that whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether the least sophisticated debtor would likely be misled by a communication.") (internal quotations omitted); *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162, 1170 (9th Cir. 2006) (least sophisticated debtor standard applied to § 1692c); *Maguire v. Citicorp Retail Services*, 147 F.3d 232, 236-238 (2nd Cir. 1998) ("[i]n evaluating potential violations of the FDCPA [and § 1692a, specifically], the court must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice"); *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, No. 14-1958, 2015 WL 3798140, at *10-11 (D.D.C. June 18, 2015) (applying least sophisticated debtor standard and materiality to claims under §§ 1692e and 1692f).

Further, and very much on point here, *Scheuer v. Jefferson Capital Systems, LLC*, 43 F. Supp. 3d 772 (E.D.Mich. 2014) dismissed with prejudice a FDCPA claim that a debt collector's letter to a debtor contained false statements, including that the collector was the current creditor, holding that in order to prevail under §§ 1692e and 1692g(a) a plaintiff must show that (i) the [defendant's] allegedly-false statements would have deceived or misled the "least sophisticated debtor" and (ii) the alleged misstatements were material.. *Id.* at 779, 783. *Scheuer* found that the

alleged mischaracterization of the collector as the "current creditor" would not have deceived the least sophisticated debtor because the distinction made in § 1692a(6)(F)(iii) would only "be apparent -- if at all -- to a sophisticated attorney well-versed in nuances of consumer protection law." *Id.* at 780. *Scheuer* thus teaches that claims which only sophisticated lawyers can think up, based on issues that would never occur to, be raised by or have a material effect on a least sophisticated debtor, are not actionable. *Jensen* dispels any notion that the FDCPA can be used by opportunistic lawyers to create immaterial claims like the claim asserted here.

Further, the claim there failed because the plaintiff failed to explain how the alleged misstatements would impair an unsophisticated debtor's ability to respond to the letter at issue. *Id.* at 783. Likewise, here, Plaintiff has wholly failed to allege that the challenged statements as to Green Tree and/or FNMA could possibly have impaired his ability to respond to the Validation Letter which provided him with clear information as to how to raise questions. *Scheuer* was followed in *Janetos v. Fulton Friedman & Gullace, LLP*, No. 12 C 1473, 2015 WL 1744118, (N.D. Ill. April 13, 2015), which found "no reason to limit [the materiality principle] to § 1692e claims, only" and held that (i) materiality is also an element of a claim under § 1692g and (ii) the unsophisticated consumer standard[2] applied to claims brought under both §§ 1692e and 1692g. *Id.* at *8.

The cases confirm that materiality and the least sophisticated debtor standard apply to the FDCPA as a whole, and not just to § 1692e. The issue presented for decision in *Jensen* arose only under § 1692e, but the Third Circuit's language and reasoning is directed at the entire FDCPA. The FDCPA – and not just § 1692e:

---

[2] *Janetos* is from the Seventh Circuit, which employs an unsophisticated debtor standard, but relies on *Scheuer*, a case from the Sixth Circuit which, like this Circuit, uses the more demanding least sophisticated debtor test.

> is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).

*Hahn, supra*, 557 F.3d at 757–58. In plain terms, Plaintiff's attempt to split hairs as to which FDCPA sections are covered by the holding in *Jensen* is legally flawed.

### C.  The Alleged Violation is Not Material

As noted, in holding that only material FDCPA violations are actionable, the Third Circuit found that requiring materiality is a corollary to and "subsumed within the well-established 'least sophisticated debtor' standard that governs FDCPA claims." *Jensen*, at *1, 3. If a statement is not material, it cannot mislead or deceive even the least sophisticated debtor: "A debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material." *Id.* at *6

The Circuit has previously noted that "although the 'least sophisticated debtor' standard is a low standard, it 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)). In the same vein, , the Third Circuit has stated that:

> Although established to ease the lot of the naïve, the standard does not go so far as to provide solace to the willfully blind or non-observant. Even the least sophisticated debtor is bound to read collection notices in their entirety. (citations omitted). *Rulings that ignore these rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to 'insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'* (citation omitted).

*Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008) (emphasis added).

Plaintiff's reliance on *Bourff v. Rubin Lublin, LLC*, 674 F.2d 1238 (11th Cir. 2012) and *Wallace v. Washington Mutual Bank*, 683 F.3d 323 (6th Cir. 2012) --- cited in *Jensen* -- for a limited proposition that the identity of the "creditor" is a "serious matter" (ECF No. 31 at 15), ignores the fact that in this case, Green Tree was properly identified as a "creditor" because the Complaint does not allege that the assignment to Green Tree of servicing rights was "***solely*** for the purpose of facilitating collection of such debt for another." (*See* PHD's Motion to Dismiss, ECF No. 29-1 at 6-8).

The cases relied on by Plaintiff also ignore the fact that Plaintiff only could only claim "upon information and belief" that FNMA is the "creditor." The naming of Green Tree rather than the subsequent mortgage investor/owner, FNMA, in the Validation Letter could not have mislead, confused, or deceived the least sophisticated debtor because it had no effect on Plaintiff's thinking or actions. The circumstances in *Wallace* are vastly different than here. In *Wallace* the plaintiff alleged that (i) identifying Washington Mutual as the holder of the note actually caused her confusion and delay in trying to contact the proper party concerning payment on her loan and resolution of the problem; (ii) she called Washington Mutual, the purported owner of the mortgage, to try to obtain information about her home loan; and (iii) her daughter ultimately contacted an attorney, as well as the Ohio Attorney General's Office, in an attempt to stop the sale of plaintiff's home and have the loan reinstated. *Wallace*, 683 F.3d at 327.

Likewise, the circumstance were different in *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp.2d 482 (E.D.N.Y. 2013), the letter at issue was alleged to be misleading because it provided the name of the creditor, followed by an odd abbreviation and the name of the original creditor, and did not explain why both the current creditor and the original creditor were named in the letter. *Id.* at 487-88 (ECF No. 31 at 15). Plaintiff misrepresents *Warren v. Sessoms &*

*Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012), and *Mark v. J.C. Christensen & Associates, Inc.*, No. CIV 09-100 ADM/SRN, 2009 WL 2407700, at *4 (D. Minn. Aug. 4, 2009) as being relevant here, but neither case held that violations of § 1692e are "always" material. (ECF No. 31 at 16).

In *Warren* the allegation was that the collector failed to abide by a required disclosure, but the plaintiff's allegations did not involve a false representation "or any affirmative representation for that matter." 676 F.3d at 374. Because there was no statement in issue in *Warren*, there was no further implied limit of materiality. *Id.* Similarly distinguishable, in *Mark*, it was alleged that a debt collector left answering machine messages that failed to meaningfully disclose the identity of the caller and that the call was from a debt collector regarding a debt. 2009 WL 2407700, at *4. The opinion noted the FDCPA specifically lists the failure to disclose that the communication is from a debt collector is false, deceptive, or misleading and violates § 1692e. *Id.*

Here, there are no such allegations that the Plaintiff, or a least sophisticated consumer, was confused, deceived, or misled as to any material matter based on the Validation Letter, nor is there an allegation that the Validation Letter failed to disclosure that it was from a debt collector. The Complaint shows that Plaintiff did not know that FNMA, whom his counsel now expediently point to as being Plaintiff's "creditor", had any involvement with his loan. It is simply disingenuous for Plaintiff to even suggest that a least sophisticated debtor who does not know who the loan investor is, and who always dealt with the servicer, could be effected at all, much less in a materially adverse way, by having the servicer and agent of the investor identified as his creditor, to facilitate his obtaining information concerning his mortgage debt.

Finally, as discussed *supra*, *Jensen*'s materiality analysis is not limited to §1692e, and indeed applies to §1692g, the other basis for the Complaint. While the cases cited by Plaintiff (ECF No. 31 at 19) found that failing to include the name of the creditor to whom the debt was owed (whereas here, Green Tree was properly named as a creditor) could state a claim in those cases, none of the cases were decided under a materiality analysis, which is the perspective from which this Court must now approach the issue. *See, e.g., Devito v. Zucker, Goldberg & Ackerman, LLC*, 908 F. Supp.2d 564, 573 (D.N.J. 2012); *Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp.2d 293 (E.D.N.Y. 2005); *Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-345, 2006 WL 1982499, at *1 (E.D.Wis. July 13, 2006).

## CONCLUSION

For the reasons herein, as well as those in PHD's prior submissions, it is respectfully submitted that *Jensen* requires Plaintiff to allege a material violation of the FDCPA. Because Plaintiff cannot show that the creditor identification information provided to him was material to his ability to respond to the foreclosure or to otherwise protect his FDCPA rights, PHD respectfully submits that the Court should grant PHD's Motion for Reconsideration and dismiss this litigation with prejudice.

**FLASTER/GREENBERG P.C.**
By: Kenneth S. Goodkind, Esquire
ken.goodkind@flastergreenberg.com
Attorneys for Defendant
Phelan Hallinan Diamond & Jones, PC
f/k/a Phelan Hallinan & Diamond, PC

Dated: August 10, 2015

By: */s/ Kenneth S. Goodkind*
    Kenneth S. Goodkind, Esquire