**FLASTER GREENBERG, PC**
By:  Kenneth S. Goodkind, Esq (030631978)
1810 Chapel Avenue West
Cherry Hill, NJ  08002
Telephone: 856-661-2273
Facsimile: 856-661-1919
E-mail: ken.goodkind@flastergreenberg.com
Attorneys for Defendant Phelan, Hallinan & Diamond, PC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY K. WONG, on behalf of himself and all others similarly situated<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>PHELAN, HALLINAN & DIAMOND, PC; and GREEN TREE SERVING, LLC<br><br>　　　　　　　　　　Defendants | Case No. 1:14-cv-03252-RBK-AMD |

### AMENDED ANSWER OF PHELAN HALLINAN & DIAMOND, PC, WITH (I) DEFENSES AND (II) COUNTERCLAIM FOR ATTORNEY'S FEES FOR BAD FAITH FILING AND HARASSMENT UNDER 15 U.S.C. § 1692K(A)(3)

Defendant Phelan Hallinan Diamond & Jones, PC, formerly known as Phelan Hallinan & Diamond, P.C. ("Phelan"), by and through its attorneys, Flaster/Greenberg, P.C., as for and its Amended Answer to the Complaint, including Defenses and a Counterclaim, avers as follows:

### INTRODUCTION

1.　　Denied and denied as stated.  This paragraph contains no allegations of fact as to any conduct of Phelan and does not require a further response.  By way of further answer, Phelan has not engaged in any conduct which would entitle Plaintiff or any other person to redress as alleged in the Complaint.  As more fully set forth herein, Plaintiff and his counsel have

brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

2. Denied and denied as stated. This paragraph contains no allegations of fact as to any conduct of Phelan and does not require a further response. By way of further answer, Phelan has not violated the FDCPA. Rather, Plaintiff has violated FDCPA 1692k(a)(3) by bringing this case in bad faith and for the purpose of harassing Phelan. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

3. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

4. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

5. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

## JURISDICTION AND VENUE

6. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

7. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

## PARTIES

8. Denied and denied as stated. It is admitted that Mr. Wong is a natural person. Phelan lacks knowledge and information sufficient to form a belief as to where Mr. Wong resided at the time he filed the Complaint, as well as to where he currently resides.

5535036 v2

9. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

10. Admitted.

11. Denied and denied as stated.

12. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

13. Denied and denied as stated.

14. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

15. Denied; this allegation is not directed at Phelan.

16. Denied; this allegation is not directed at Phelan. Further, the allegation is a conclusion of law as to which no response is required. By was of further response, Green Tree was Plaintiff's creditor/lender as well as the mortgage servicer at all pertinent times. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

17. Denied; this allegation is not directed at Phelan. Further, the allegation is a conclusion of law as to which no response is required. By was of further response, Green Tree was Plaintiff's creditor/lender as well as the mortgage servicer at all pertinent times. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

5535036 v2

18. Denied; these allegations are not directed at Phelan. Further, the allegations are conclusions of law as to which no response is required. By way of further answer, Phelan had not engaged in any conduct for which liability has been asserted. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

## FACTS

19. Denied and denied as stated.

20. Denied and denied as stated.

21. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

22. This allegation is not directed at Phelan and thus a response is not required. To the extent a response is otherwise required, admitted.

23. Denied and denied as stated. This allegation is not directed at Phelan and thus a response is not required. Further, Exhibit B is a document of independent legal significance, the terms of which speak for themselves and thus do not require an answer. By way of further response, as Plaintiff knows from, among other things, the Complaint in his underlying Foreclosure case filed July 28, 2014, (1) his Mortgage was assigned to Green Tree on April 5, 2013, and (2) Green Tree was, and still is, the holder of his Mortgage Note, which was endorsed in blank. A copy of this Assignment, which was recorded September 18, 2013, is attached hereto as Exhibit 1.

24. Further, Plaintiff knew from the June 4, 2013 Notices of Default and Intent to Foreclose sent by Green Tree that Green Tree was his servicer as well as his lender (i.e., creditor). A copy of one such June 4, 2013 Notice is attached hereto as Exhibit 2. As more fully

set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan. Denied and denied as stated. This allegation is not directed at Phelan and thus a response is not required. By way of further response, Green Tree was the owner of the Mortgage and the Note, and as such was not collecting Plaintiff's debt for another entity. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

25. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

26. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

27. Denied and denied as stated. These allegations are not directed at Phelan and constitute conclusions of law; thus no response is required. By way of further response, see prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

28. Denied and denied as stated. These allegations are not directed at Phelan and constitute conclusions of law; thus no response is required.

29. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

30. Denied and denied as stated, although Phelan admits Exhibit C was sent on or about the date alleged.

31. Denied and denied as stated. Phelan cannot respond further because the allegation is too vague and unclear as to its intended meaning.

32. Denied and denied as stated. Phelan cannot respond further because the allegation is too vague and unclear as to its intended meaning.

33. Denied and denied as stated. Exhibit C is a document of independent legal significance, the terms of which speak for themselves and thus do not require an answer.

34. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

35. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

36. Denied and denied as stated. Exhibit C is a document of independent legal significance, the terms of which speak for themselves and thus do not require an answer. By way of further answer, Exhibit C accurately identifies Green Tree as Plaintiff's creditor. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

37. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, see prior paragraphs hereof, which are incorporated by reference; Green Tree is Plaintiff's creditor, is the holder of his Mortgage Note and is entitled to collect payment of it for its own account. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

5535036 v2

38.     Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, Plaintiff knew that Green Tree was his creditor, and the allegation that his creditor was FNMA is made falsely, fraudulently and in bad faith, for the purpose of harassing Phelan. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

39.     Denied and denied as stated as to Phelan. The allegations appear to be conclusions of law as to which no response is required, but in all events Phelan cannot respond further because the allegation is too vague and unclear as to its intended meaning. By way of further answer, see prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

40.     Admitted.

41.     Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, Exhibit C is accurate, and Phelan did not use any false, deceptive or misleading means in connection with debt collection activities. Moreover, Plaintiff knows that Exhibit C is accurate. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

42.     Denied and denied as stated. Exhibit C is a document of independent legal significance, the terms of which speak for themselves and the allegations are conclusions of law; thus no response is required. By way of further answer, Exhibit C is not false and does contain

the name of Plaintiff's creditor. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

43. Denied and denied as stated. Exhibit C and any other written communications are documents of independent legal significance, the terms of which speak for themselves and thus do not require an answer. By way of further answer, Phelan provided the name of Plaintiff's creditor, Green Tree, in Exhibit C. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

## COUNT 1

44. Phelan incorporates by reference all other paragraphs of this pleading as if set forth at length.

45. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, Phelan did not violate the FDCPA.

46. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

47. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, Exhibit C and other alleged communications accurately identify Green Tree as the creditor. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought

5535036 v2

this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

48. Denied and denied as stated. The allegations are conclusions of law as to which no response is required.

49. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, Phelan did not violate the FDCPA. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

50. Denied and denied as stated. Exhibit C and any other written communications are documents of independent legal significance, the terms of which speak for themselves and thus do not require an answer. By way of further answer, see prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

51. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, Phelan did not violate the FDCPA and has no liability to Plaintiff. To the contrary, Plaintiff is liable to Phelan under FDCPA § 1692k(a)(3) for proceeding in bad faith and for the purpose of harassment of Phelan. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

5535036 v2

## CLASS ALLEGATIONS

52. Denied and denied as stated. This paragraph contains no allegations of fact as to any conduct of Phelan and does not require a further response.

53. Denied and denied as stated. This paragraph contains no allegations of fact as to any conduct of Phelan and appear to be conclusions of law; thus no response is required. By way of further answer, Phelan did not send any documents which listed Green Tree as the creditor when it was not. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

54. Denied and denied as stated as to Phelan. Phelan cannot respond further because the allegation is too vague and unclear as to its intended meaning. By way of further answer, there are no such class members. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan. Denied and denied as stated. This paragraph contains no allegations of fact as to any conduct of Phelan and does not require a further response.

55. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, there is no issue: Phelan did not violate the FDCPA. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

56. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. In all events, Phelan lacks knowledge and information sufficient to form a belief as to the truth of the allegations. By way of further answer, there is no class holding claims against Phelan. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

57. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. In all events, Phelan lacks knowledge and information sufficient to form a belief as to the truth of the allegations. By way of further answer, there is no class for Plaintiff to protect. In all events, by reason of their bad faith and harassment, Plaintiff and his counsel are particularly unsuitable to represent anyone. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

58. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, see prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

59. Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, there are no class or individual claims. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein,

Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

60.     Denied and denied as stated. The allegations are conclusions of law as to which no response is required. By way of further answer, there are no class or individual claims. See prior paragraphs hereof, which are incorporated by reference. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

### DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

A.     The Complaint fails to state a claim upon which relief can be granted.

B.     The Complaint is frivolous, the material allegations are false and fraudulent, and has been asserted in bad faith and for improper purposes, including harassment of Phelan.

C.     In the alternative, assuming *arguendo* that the Complaint is otherwise viable, the conduct complained of did not materially affect Plaintiff.

D.     In the alternative, assuming *arguendo* that the Complaint is otherwise viable, Plaintiff has not suffered an ascertainable loss.

E.     In the alternative, assuming *arguendo* that the Complaint is otherwise viable, if Plaintiff has suffered any injuries, damages or losses, they are less than the benefits he has procured, and the Complaint is thus barred by the doctrine of set off.

F.     In the alternative, assuming *arguendo* that the Complaint is otherwise viable, if Plaintiff has incurred any legally cognizable damages, they are not the result of any actions of Phelan; they would be the result of the actions of Plaintiff and his counsel, or other parties.

G.     The Complaint is barred by public policy.

H.     In the alternative, assuming *arguendo* that the Complaint is otherwise viable, Plaintiff has failed to mitigate his damages, if any.

I. The Complaint is barred by Plaintiff's fraud and misrepresentation.

J. The Complaint is barred by Plaintiff's unclean hands.

K. In the alternative, assuming *arguendo* that the Complaint is otherwise viable, Plaintiff's claims are barred and/or offset by his negligence and/or that of his attorneys.

L. In the alternative, assuming *arguendo* that the Complaint is otherwise viable, Phelan has not breached any legal duty owed to Plaintiff.

M. In the alternative, assuming *arguendo* that the Complaint is otherwise viable, Plaintiff's claims are negated by virtue of the bona fide error defense embodied in FDCPA §1692k(c), which provides that Phelan is notliable for an unintentional violation resulting from a bona fide error because Phelan maintains procedures reasonably adapted to avoid any such error.

N. As Phelan's investigation is ongoing, Phelan expressly reserves the right to assert claims against any party hereto, as well as to assert additional defenses, and/or to supplement, alter or modify this pleading upon completion of appropriate investigation and discovery.

## COUNTERCLAIM

1. Phelan incorporates by reference all other paragraphs of this pleading as though fully see forth herein.

## COUNT ONE – LIABILITY UNDER FDCPA § 1692K(A)(3)

2. As more fully set forth herein, Plaintiff and his counsel have brought this action in bad faith, knowing that the claims asserted are false and fraudulent, for improper purposes, including harassment of Phelan.

3. FDCPA § 1692k(a)(3) provides in pertinent part:

**Civil liability**

**(a) Amount of damages. ...**

(3) …On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

4.   By virtue of the foregoing, Plaintiff and his counsel are liable to Phelan for the attorney's fees incurred in connection with this litigation.

## RESERVATION OF RIGHTS

Phelan expressly reserves all rights to seek sanctions and to assert claims for reimbursement of attorney's fees and costs under FRCP 11, the Court's inherent powers and otherwise, and for other and further relief.

**WHEREFORE**, Phelan demands that:

A.   The Complaint be dismissed with prejudice as to Phelan; and

B.   Phelan be awarded its costs, including attorney's fees, and such other and further relief as to the Court is just and equitable.

**FLASTER/GREENBERG P.C.**
Attorneys for Defendant Phelan Hallinan
Diamond & Jones, PC

Dated:  March 8, 2016

By: */s/ Kenneth S. Goodkind*
      Kenneth S. Goodkind, Esquire

# EXHIBIT 1

```
                RECORDED
            ELAINE M. FLYNN
            MIDDLESEX CTY CLER

            2013 SEP 18  AM 9: 26

            BOOK #_____
            PAGE #_____
            # OF PAGES_____
```

| | This space for Recorder's use | |
|---|---|---|
| <br>DocID# 17816607930424448 | Recording Requested By:<br>Bank of America<br>Prepared By:<br>Julia Cortez<br><br>101 S. Marengo Ave.<br>Pasadena, CA 91101 | When recorded mail to:<br>Green Tree Servicing LLC<br>7360 South Kyrene Rd<br>Attention: Conversions Team<br>T130<br>Tempe, AZ 85283 |

Property Address:
59 Fleetwood Rd
Woodbridge, NJ 07095-1905
Property Location:
Township of WOODBRIDGE
NJOv2-AM 23970461   4/6/2013

## 68585651   ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063 does hereby grant, sell, assign, transfer and convey unto GREEN TREE SERVICING, LLC whose address is 7360 S. KYRENE ROAD, TEMPE, AZ 85283 all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

| | |
|---|---|
| Original Lender: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"), AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. DBA AMERICA'S WHOLESALE LENDER |
| Borrower(s): | JERRY K WONG, AND HUONG C QUAN, HUSBAND AND WIFE |
| Date of Mortgage: | 4/30/2007 |
| Original Loan Amount: | $324,000.00 |

Recorded in Middlesex County, NJ on: 5/29/2007, book 12385, page 0267 and instrument number 200705290835

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
APR 05 2013

BANK OF AMERICA, N.A.

By: _____
Martha R. Gallardo
Assistant Vice President

State of California
County of Los Angeles

On APR 05 2013 before me, Rhonda E. Kaley, Notary Public, personally appeared Martha R. Gallardo, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Rhonda E Kaley_

Notary Public: Rhonda E. Kaley
My Commission Expires: Sept. 29, 2013

(Seal)

RHONDA E. KALEY
Commission # 1863505
Notary Public - California
Los Angeles County
My Comm. Expires Sep 29, 2013

B01117P-868

# EXHIBIT 2

# green tree

## NEW JERSEY NOTICE OF DEFAULT AND INTENT TO FORECLOSE

Green Tree Servicing LLC
1400 Turbine Drive
Rapid City, SD 57703
(800) 643-0202

Certified Mail Receipt No. 7012 3460 0000 1416 1486

Date of Notice: June 4, 2013

JERRY K. WONG
76 BURLINGTON RD
CLIFTON, NJ 07012

RE:

Credit Transaction:   Loan Secured by Real Property at: 59 FLEETWOOD RD, WOODBRIDGE, NJ 07095
Original principal amount: $324,000.00
Origination date: 4/30/2007

Dear JERRY K. WONG:

You are now in default on the above-referenced credit transaction. You have the right to correct this default by 7/6/2013 (Date to Cure).

**YOU HAVE NOT MADE MONTHLY MORTGAGE PAYMENTS** for the following months and the following amounts are now past due: Monthly Principal and Interest Payments due from January 1, 2013 through June 1, 2013 $11,655.24 Other charges (explain/itemize): Late Charges $ 97.13, NSF Fee: $ 0.00, Escrow/Other: $5,708.82, Insurance: $ 0.00, Taxes advanced: $ 0.00. TOTAL AMOUNT PAST DUE: $17,461.19. If you cure the default, you may continue with the contract as though you did not default.

Cure of default: Before **7/6/2013** you may cure the default by paying the reinstatement amount of **$17,461.19** plus any other charges, including advances pursuant to the terms of your Note and Mortgage which become due and payable on or before the Date to Cure (or the next business day thereafter, if the Date to Cure falls on a weekend or holiday). If you want to pay by mail, send a certified check, money order or cashier's check. DO NOT SEND CASH. Payment must be received in our office at the servicer address listed below by the Date to Cure.

Creditor's Rights: If you do not cure the default by the Date to Cure, the lender may take steps to terminate your ownership of the property by accelerating the mortgage payments and commencing a foreclosure suit in a court of competent jurisdiction. If the mortgage is foreclosed, the mortgaged property will be sold by the Sheriff or other officer authorized by law and the proceeds of the sale applied to the mortgage debt. You may also be sued personally for all sums due under the Note or other instrument evidencing your personal obligation to repay the loan as provided by law.

If you have not cured the default by the Date to Cure and foreclosure proceedings have begun, you have the right to cure the default up to the entry of Final Judgment or Order of Redemption, provided you pay all payments necessary to bring the loan current, including late and other charges due, plus attorney's fees and costs permitted by New Jersey Court Rules in connection with the foreclosure and perform any other obligations required under the Note and Mortgage. You may have the right, pursuant to the mortgage documents, to transfer the real estate to another person subject to the security interest, and, if so the transferor may have the right to cure the default and assume the mortgage.

New Jersey Mortgage Notice of Default, 02-02-2013                                                                                                       NTC-017

Please review your mortgage or deed of trust for any right you may have to reinstate your loan after acceleration but prior to the earlier of (a) five days before the sale of the property under any power of sale in the Security Instrument or (b) entry of a judgment enforcing the Security Instrument, by paying the Creditor all sums then due as if no acceleration had occurred. You may also have the right to assert in the foreclosure proceeding the non-existence of a default or any other defense available to you.

If you disagree with our assertion that the Mortgage is in default or if you disagree with the correctness of the amount required to cure the default as stated in the letter, you may contact:

Name of Representative of the Lender: Rita J.
Telephone Number of Representative of the Lender: 1-800-643-0202, Ext. 85034

Servicer: Green Tree Servicing LLC
Servicer's Address: 3012 Business Park Circle, Suite 100, Goodlettsville, Tennessee 37072

Lender: Green Tree Servicing LLC
Lender Address: 7360 South Kyrene Rd, Tempe, AZ 85283

You may be able to obtain financial assistance for curing the default from programs operated by the state or federal government or nonprofit organizations, if any, as identified by the Commissioner of Banking of the State of New Jersey, whose telephone number is 1-609-292-3420. See attached list.

You are advised to seek counsel from an attorney of your own choosing concerning your residential mortgage default situation. If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral Service in the county where the property is located. If you are unable to afford an attorney, you may communicate with the Legal Services Office in the county where the property is located. See attached list.

**Attention Servicemembers and dependents:** The Federal Servicemembers' Civil Relief Act ("SCRA") and certain state laws provide important protections for you, including prohibiting foreclosure or repossession under most circumstances. If you are currently in the military service, or have been within the last twelve (12) months, **AND** joined after signing the Note and Security Instrument now in default, please notify Green Tree immediately. When contacting Green Tree as to your military service, you must provide positive proof as to your military status. If you do not provide this information, it will be assumed that you are not entitled to protection under the above-mentioned Act.

*Unless you notify us in writing within thirty (30) days after receipt of this letter that the debt, or any part of it, is disputed; we will assume that the debt is valid. If you notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon written request within thirty (30) days, we will provide you with the name and address of the original lender if different from the current lender.*

Sincerely,

Green Tree
1-800-643-0202
8:00 a.m. to 6:00 p.m. Mountain Time


This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.