# Ballard Spahr
**LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Martin C. Bryce, Jr.
Tel: 215.864.8238
Fax: 215.864.8999
bryce@ballardspahr.com

May 25, 2016

*Via ECF*

Honorable Joseph A. Dickson, U.S.M.J.
Martin Luther King Building and United States Courthouse
District of New Jersey
50 Walnut Street, Room 2D
Newark, NJ  07101

Re:   Jerry Wong v. Green Tree Servicing LLC, Phelan, Hallinan & Diamond, P.C.
      Case No. 14-cv-3252: Request to Move for Summary Judgment

Dear Judge Dickson:

Pursuant to your directive at the scheduling conference on April 27, 2016, Defendants Green Tree Servicing LLC ("Green Tree") and Phelan Hallinan Diamond & Jones, PC ("Phelan Hallinan")[1] write jointly to request leave to move for summary judgment within the next twenty (20) days.

More specifically, Defendants believe summary judgment is warranted based on the following.  Plaintiff alleges that the statement in the November 27, 2013 notice (the "Notice") sent by Phelan Hallinan that Green Tree is the creditor of Plaintiff's mortgage loan violated Sections 1692e and 1692g of the Federal Fair Debt Collection Practices Act ("FDCPA") because Plaintiff claims that the Federal National Mortgage Association ("Fannie Mae") is the creditor of that mortgage. [ECF No. 1 at ¶38].

Plaintiff's allegations are demonstrably and indisputably incorrect.  Specifically, at the time of the Notice, Green Tree already held the subject mortgage note (the "Note") and had been assigned the mortgage (the "Mortgage").  Indeed, Green Tree alleged this in its foreclosure action against Plaintiff (the "Foreclosure Action") filed on July 28, 2014.[2]  Additionally, the

---

[1] Green Tree and Phelan Hallinan are collectively referred to as "Defendants".

[2] The Foreclosure Action is styled *Green Tree Servicing LLC v. Jerry K. Wong, Mrs. Jerry K. Wong, Huong C. Quan, Mr. Quan*, Docket No.: F-030837-14 in the Superior Court of New Jersey, Chancery Division, Middlesex County, New Jersey

Atlanta  |  Baltimore  |  Bethesda  |  Delaware  |  Denver  |  Las Vegas  |  Los Angeles  |  New Jersey  |  New York  |  Philadelphia  |  Phoenix
Salt Lake City  |  San Diego  |  Washington, DC  |  www.ballardspahr.com

May 25, 2016
Page 2

Assignment of Mortgage to Green Tree was publicly recorded on September 18, 2013 in Book 1117, Page 867 in Middlesex County. Finally, in his Complaint in this Court, Plaintiff does not dispute that Green Tree holds the Note and/or the Mortgage nor does he allege that Fannie Mae holds the Note and/or Mortgage. We submit that Plaintiff has no basis for disputing the foregoing.

As holder of the Note and assignee of the Mortgage, Green Tree, *not* Fannie Mae, is the creditor under New Jersey law and is the proper plaintiff in the Foreclosure Action. Accordingly, the Notice properly identified Green Tree as the creditor.

To the extent that Plaintiff could argue that Fannie Mae, not Green Tree, was his creditor, that argument is unsupported by the indisputable relevant documentary evidence, does not require discovery and can be argued in his opposition, if any, to summary judgment.

Since uncontroverted and incontrovertible facts establish that Green Tree was Plaintiff's creditor at all relevant times and there cannot be any dispute as to the dispositive facts that Green Tree holds the Note and Mortgage, we respectfully request that the Court grant leave for Defendants to move for summary judgment.

While the Court is considering this request, and should the Court grant leave, Defendants request that the Court stay all discovery deadlines. Specifically, if the Court allows Defendants to move for summary judgment and then grants summary judgment, discovery would be moot. Accordingly, staying and/or extending the discovery deadlines spares the parties from incurring unnecessary discovery costs.

Finally, we note that Defendants' request to move for summary judgment within twenty days should not preclude their ability to seek summary judgment in the event that the Court does not grant the motion for summary judgment. Defendants specifically reserve the right to renew their summary judgment motion at the close of discovery in that event.

We thank you again for your continued consideration of this matter.

Respectfully yours

/s/ Martin C. Bryce                         /s/ Kenneth S. Goodkind
Martin C. Bryce                             Kenneth S. Goodkind